UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-24889-GRAHAM/McALILEY

GUSTAVO ABELLA,
        Plaintiff,

v.

TOWN OF MIAMI LAKES, et al.,
        Defendants.
_____/

### OFFICER JUAN RODRIGUEZ'S
### PARTIAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Officer Juan Rodriguez, pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby files this partial Answer and asserts the following defenses to the Complaint [ECF No. 1]. Any allegation not expressly admitted below is denied.

### ANSWER

1. Officer Rodriguez admits that Plaintiff Gustavo Abella purports to bring a civil rights action. To the extent the remaining allegations in Paragraph 1 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

2. To the extent the allegations in Paragraph 2 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other sub-

ject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

3.  Officer Rodriguez admits that Plaintiff purports to bring an action pursuant to 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitution, and the laws of the State of Florida, but denies that Plaintiff has adequately pled any cause of action or is entitled to recover any damages from him.

4.  Officer Rodriguez admits that Plaintiff purports to bring an action under the Constitution and laws of the United States, particularly the First and Fourteenth Amendments to the U.S. Constitution, but denies that Plaintiff is entitled to any relief through this action.

5.  Officer Rodriguez does not contest that this Court has jurisdiction over this action.

6.  Officer Rodriguez admits that venue is proper.

7.  Without knowledge, and therefore denied.

8.  Admitted.

9.  Without knowledge, and therefore denied.

10. Without knowledge, and therefore denied.

11. Officer Rodriguez admits that, at all relevant times, he was an officer in the Miami-Dade Police Department and was assigned to the Town of Miami Lakes. To the extent the remaining allegations in Paragraph 11 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

12. Officer Rodriguez admits that, at all relevant times, he was an officer in the Miami-

Dade Police Department and was assigned to the Town of Miami Lakes. He also admits that Plaintiff purports to sue him in his official and individual capacities.

13.   Admitted.

14.   To the extent the allegations in Paragraph 14 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

15.   To the extent the allegations in Paragraph 15 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

16.   Without knowledge, and therefore denied.

17.   To the extent the allegations in Paragraph 17 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

18.   To the extent the allegations in Paragraph 18 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise

out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

19. To the extent the allegations in Paragraph 19 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

20. To the extent the allegations in Paragraph 20 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

21. To the extent the allegations in Paragraph 21 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

22. Without knowledge, and therefore denied.

23. Without knowledge, and therefore denied.

24. To the extent the allegations in Paragraph 24 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

25. Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 14].

26. To the extent the allegations in Paragraph 26 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 14].

32. Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 14].

33. Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 14].

34. Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 14].

35. Without knowledge, and therefore denied.

36. Without knowledge, and therefore denied.

37. To the extent the allegations in Paragraph 37 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

38. Without knowledge, and therefore denied.

39. Without knowledge, and therefore denied.

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

40. Without knowledge, and therefore denied.

41. Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 14].

42. To the extent the allegations in Paragraph 42 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

43. Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 14].

44. Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 14].

45. Without knowledge, and therefore denied.

46. To the extent the allegations in Paragraph 46 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

47. To the extent the allegations in Paragraph 47 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

48. Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 14].

49. Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 14].

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

50. Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 14].

51. Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 14].

52. To the extent the allegations in Paragraph 52 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

## Count I

53. Officer Rodriguez offers no response to the allegations contained in Paragraph 53, because the allegations in this paragraph are not directed towards Officer Rodriguez.

54. To the extent the allegations in Paragraph 54 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

55. To the extent the allegations in Paragraph 55 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other sub-

ject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

### Count II

56. Officer Rodriguez realleges and incorporates his responses to Paragraphs 1-52.

57. To the extent the allegations in Paragraph 57 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14].

58. To the extent the allegations in Paragraph 58 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14].

59. Officer Rodriguez admits that, at all relevant times, he was an officer in the Miami-Dade Police Department and was assigned to the Town of Miami Lakes. He denies the remainder of the allegations in Paragraph 59.

60. Denied.

61. Denied.

62. Denied.

63. To the extent the allegations in Paragraph 63 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14].

64. To the extent the allegations in Paragraph 64 arise out of the encounter between

8

the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14].

65. To the extent the allegations in Paragraph 65 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14].

66. To the extent the allegations in Paragraph 66 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14].

67. To the extent the allegations in Paragraph 67 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14].

### Count III

68. Officer Rodriguez realleges and incorporates his responses to Paragraphs 1-52.

69. Officer Rodriguez offers no response to the allegations contained in Paragraph 69, because the allegations in this paragraph are not directed towards Officer Rodriguez.

70. To the extent the allegations in Paragraph 70 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient

to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

71. Officer Rodriguez offers no response to the allegations contained in Paragraph 71, because the allegations in this paragraph are not directed towards Officer Rodriguez.

72. To the extent the allegations in Paragraph 72 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

73. To the extent the allegations in Paragraph 73 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

**Count IV**

74. Officer Rodriguez realleges and incorporates his responses to Paragraphs 1-52.

75. Officer Rodriguez offers no response to the allegations contained in Paragraph 75, because the allegations in this paragraph are not directed towards Officer Rodriguez.

76. To the extent the allegations in Paragraph 76 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise

out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

77. To the extent the allegations in Paragraph 77 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

78. To the extent the allegations in Paragraph 78 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

79. Officer Rodriguez offers no response to the allegations contained in Paragraph 79, because the allegations in this paragraph are not directed towards Officer Rodriguez.

80. Officer Rodriguez offers no response to the allegations contained in Paragraph 80, because the allegations in this paragraph are not directed towards Officer Rodriguez.

81. To the extent the allegations in Paragraph 81 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 14]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowl-

edge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

82. Officer Rodriguez offers no response to the allegations contained in Paragraph 82, because the allegations in this paragraph are not directed towards Officer Rodriguez.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted in that the facts alleged do not establish any cause of action.

2. Plaintiff's damages, if any, were the result, either in whole or in part, of the negligence or wrongdoing of Plaintiff. Therefore, Plaintiff's claims are barred or reducible to the full extent thereof.

3. Plaintiff's damages, if any, are barred or reducible in each instance that Plaintiff failed to mitigate damages.

4. Officer Rodriguez has qualified immunity in connection with the facts alleged in the Complaint because he did not violate Plaintiff's constitutional rights.

5. Officer Rodriguez has qualified immunity in connection with the facts alleged in the Complaint because he did not act in violation of clearly established law.

6. Officer Rodriguez did not act with malice or ill will towards Plaintiff.

7. To the extent that Plaintiff suffered any injuries as a result of facts alleged in the Amended Complaint, Officer Rodriguez is not the proximate cause of those injuries.

8. Officer Rodriguez is entitled to a setoff for all insurance or other proceeds received by Plaintiff for any alleged injuries or damages, as well as for the costs incurred by Officer Rodriguez in this federal proceeding.

9. Officer Rodriguez reserves the right to assert additional defenses as appropriate.

13

WHEREFORE, Defendant Officer Juan F. Rodriguez respectfully requests that this Court dismiss the claims against him with prejudice and/or enter judgment in his favor; that the Court award him attorney's fees, litigation expenses, and costs, in accordance with applicable federal and state law; and that the Court award Defendant such other relief as the Court deems proper, equitable, and just.

Officer Rodriguez demands a trial by jury on all issues so triable.

Dated: February 4, 2019.

Respectfully submitted,

ABIGAIL PRICE-WILLIAMS
MIAMI-DADE COUNTY ATTORNEY
Stephen P. Clark Center
111 N.W. First Street, Suite 2810
Miami, Florida 33128

By: /s/ Zach Vosseler
Zach Vosseler
Assistant County Attorney
Florida Bar No. 1008856
(305) 375-5151
zach@miamidade.gov

*Counsel for Defendant Juan Rodriguez*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this day, February 4, 2019, on all counsel or parties of record in the manner indicated on the Service List below.

                                                */s/ Zach Vosseler*
                                                Zach Vosseler
                                                Assistant County Attorney

## SERVICE LIST

*Abella v. Town of Miami Lakes*
**No. 18-cv-24889-GRAHAM/McALILEY**

Gustavo Abella
7400 Miami Lakes Drive, Apt. D108
Miami Lakes, Florida 33014
(305) 305-6622
gusabella4@gmail.com

*Plaintiff, pro se*

**Service via CM/ECF, per Consent by Pro Se Litigant (Non-Prisoner) to Receive Notices of Electronic Filing** [ECF No. 8]