## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-24889-GRAHAM/McALILEY

GUSTAVO ABELLA,
    Plaintiff,

    v.

TOWN OF MIAMI LAKES, et al.,
    Defendants

_____/

```
FILED BY_____D.C.

  FEB 11 2019

   ANGELA E. NOBLE
  CLERK U.S. DIST. CT.
  S. D. OF FLA. - MIAMI
```

## PLAINTIFF'S FIRST AMENDED COMPLAINT

## INTRODUCTION

This is a Civil Rights action on behalf of Plaintiff GUSTAVO ABELLA, (hereinafter "MR. ABELLA"), civic activist, against the TOWN OF MIAMI LAKES, former MAYOR MICHAEL PIZZI, TOWN MANAGER ALEX REY, MIAMI DADE COUNTY, and MIAMI DADE POLICE OFFICER JUAN F. RODRIGUEZ (OFFICER RODRIGUEZ), whom throughout 2016-2018 acting under the color of the Law have violated MR. ABELLA's First Amendment Rights and retaliated against MR. ABELLA as a result of exercising his First Amendment Rights because he had exhibited political signs mentioning and criticizing Town Manager ALEX REY and MICHAEL PIZZI and also for reporting OFFICER RODRIGUEZ's unlawful Misconduct and Petition to redress for grievances.

1

1.  This action for declaratory and monetary damages is brought pursuant to 42 U.S.C. Section 1983, the First and Fourteenth Amendments to the United States Constitution, and under the Laws of the State of Florida against the TOWN OF MIAMI LAKES, former MAYOR MICHAEL PIZZI, TOWN MANAGER ALEX REY, MIAMI DADE COUNTY, and OFFICER RODRIGUEZ.

## JURISDICTION AND VENUE

2.  This action arises under the Constitution and laws of the United States, particularly the First and Fourteenth Amendments to the United States Constitution.

3.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343, as a case arising under the laws of the United States and under 42 U.S.C. 1983, AS A CASE SEEKING TO ENFORCE RIGHTS AND PRIVILEDGES SECURED BY THE LAWS OF THE United States and on the supplemental jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. Section 1367.

4.  Venue is proper in this district because it is where the events complained of occurred.

## THE PARTIES

5. Plaintiff, MR. ABELLA, is an individual and a resident of Miami Dade County, Florida. MR. ABELLA is a citizen of the United States and a qualified and legally registered Florida Voter.

6. Defendant TOWN OF MIAMI LAKES is located in Miami Dade County, Florida.

7. Defendant TOWN MANAGER ALEX REY, was at all times relevant to this Complaint duly appointed and acting as Town Manager for the Town of Miami Lakes, acting under color of law to wit, under color of statutes, ordinances, regulations, policies customs and usages of the State of Florida. Defendant TOWN MANAGER ALEX REY is being sued in his Official and Individual capacities.

8. Defendant Former TOWN MAYOR MICHAEL PIZZI was at all times relevant to this complaint and acting as Town Mayor for the Town of Miami Lakes, acting under color of law to wit, under color of statutes, ordinances, regulations, policies customs and usages of the State of Florida. Defendant Former MAYOR MICHAEL PIZZI is being sued in his Official and Individual capacities.

9. Defendant OFFICER RODRIGUEZ was at all times relevant to this complaint duly appointed and acting as Miami Dade Police Officer assigned to the Town of Miami Lakes, acting under color of law to wit, under color of

statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Miami Dade County Police Department.

10.  Defendant OFFICER RODRIGUEZ was the Community Service Officer for the Town of Miami Lakes during the relevant time period at issue.  Defendant OFFICER RODRIGUEZ is being sued in his official and individual capacity as a police officer with the Miami Dade County Police Department.

11.  Defendant MIAMI DADE COUNTY was at all times relevant to this complaint.  They have had knowledge of all the incidents raised from the Defendant OFFICER RODRIGUEZ's misconduct, abuse of power, retaliation and harassment and all the complaints that have been filed and reported to Defendants TOWN OF MIAMI LAKES and to MIAMI DADE County.

12.  Defendant MIAMI DADE COUNTY was aware of Defendant OFFICER RODRIGUEZ's attitude and behavior regarding the pattern of violation of civil rights detailed in the case Abella v. Nancy Simon, et al., Case No. 11-20152-CIV-ALTONAGA-BROWN that to this date Defendant OFFICER RODRIGUEZ continue to display against Plaintiff MR. ABELLA in retaliation for exercising his rights under the First Amendment.

13.  At all material times, and in all of their acts described hereto, Defendants were acting under color of state law and color of their authority as public officials and public employees.  At all times, Defendants were

4

engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights, as more specifically described below.

## STATEMENT OF FACTS

14. On February 12, 2016 at 9:38 a.m., Plaintiff's wife, Mrs. Miriam Abella, sent an email to: TOWN MANAGER, ALEX REY, MIAMI DADE POLICE Director J.D. PATTERSON, and MIAMI DADE POLICE INTERNAL AFFAIRS, pleading and requesting that they take the proper procedure to stop this new campaign that DEFENDANT OFFICER RODRIGUEZ has once again started, harassing and intimidating MR. ABELLA.  Mrs. Abella referenced in this email the misconduct and history of the widespread and abuse of DEFENDANT OFFICER RODRIGUEZ and referenced a prior case that involved DEFENDANT OFFICER RODRIGUEZ, Southern District Court, Case No. 11-20152-CV-ALTONAGA /SIMONTON.  Civil Rights.

15. On March 22, 2016 MR. ABELLA sent an email to Town of Miami Lakes former Mayor MICHAEL PIZZI, TOWN MANAGER ALEX REY and Town Councilmembers, seeking accountability and to resolve and correct the unlawful behavior that continues to be done to MR.  ABELLA and his family by DEFENDANT OFFICER RODRIGUEZ and TOWN OF MIAMI LAKES.  To this day no response has been received from Defendant TOWN OF MIAMI LAKES nor has a change of conduct has been display by DEFENDANT OFFICER RODRIGUEZ.

16. On April 12, 2016 at 7:30 a.m. MR. ABELLA sent an email filing grievances seeking help assistance and accountability to TOWN OF MIAMI LAKES MANAGER, ALEX REY, TOWN OF MIAMI LAKES former MAYOR MICHAEL PIZZI, and Town Councilmembers asking and requesting that all MR. ABELLA's evidence be reviewed and investigated as to how and why MR. ABELLA and his family continue to be punished and retaliated against by DEFENDANT OFFICER RODRIGUEZ for MR. ABELLA engaging in a conduct protected by the First amendment and for filing grievances against DEFENDANT OFFICER RODRIGUEZ and TOWN OF MIAMI LAKES.

17. On April 12, 2016 at 4:39 p.m., in response to MR. ABELLA's email from earlier, Town of MIAMI LAKES Former MAYOR MICHAEL PIZZI sent an email  to TOWN MANAGER ALEX REY stating "Alex: He's at it again.  FYI.  Get an injunction, or I'll get one for you.  Mike."

18. Former TOWN OF MIAMI LAKES MAYOR MICHAEL PIZZI's email to TOWN MANAGER ALEX REY resulted in violating and depriving MR. ABELLA of his First Amendment Rights to Petition for Redress of Grievances to TOWN OF MIAMI LAKES and ended with MR. ABELLA being punished indefinitely for exercising his First Amendment Rights.

19. TOWN MANAGER ALEX REY and Defendant TOWN OF MIAMI LAKES deliberately ignored the grievances filed against DEFENDANT OFFICER RODRIGUEZ because TOWN MANAGER ALEX REY knew

and had knowledge that MR. ABELLA had gathered and obtained sufficient clear evidence that with a unobstructed investigation would prove that TOWN MANAGER ALEX REY personally participated in the constitutional violations acting under color of law, abused his power and personally is/was involved and implicated in the campaign with DEFENDANT OFFICER RODRIGUEZ to silence MR. ABELLA for having engaged in a conduct protected by the First Amendment of exhibiting political sign on his vehicle, filing grievances, and had deprived and obstructed MR. ABELLA of his rights to petition for redress of grievances to Defendant TOWN OF MIAMI LAKES.

20. Throughout 2016-2018 MR. ABELLA filed numerous complaints through email to Defendant TOWN OF MIAMI LAKES and MIAMI DADE POLICE DEPARTMENT, pleading to investigate DEFENDANT OFFICER RODRIGUEZ's continue unlawful misconduct of harassing, stalking, intimidating and threatening MR. ABELLA. Defendant TOWN OF MIAMI LAKES is and has been aware of the Constitutional violation but did not do a thing to correct the misconduct and unlawful actions of DEFENDANT OFFICER RODRIGUEZ and failed to provide adequate training and deliberately ignored the grievances against DEFENDANT OFFICER RODRIGUEZ.

21. On April 27, 2016, MR. ABELLA sent an email to the Town of Miami Lakes Police Department seeking and pleading to DEFENDANT OFFICER RODRIGUEZ to undo and correct all his unlawful misconduct of abuse and retaliation against MR. ABELLA. From 2016-2018

DEFENDANT OFFICER RODRIGUEZ acting under color of law was putting pressure on MR. ABELLA not to come forward with the evidence that GUSTAVO ABELLA had obtained that implicated DEFENDANT OFFICER RODRIGUEZ, TOWN MANAGER ALEX REY, and the TOWN OF MIAMI LAKES of having orchestrated a situation against GUSTAVO ABELLA, Miami Dade Circuit Court Case # 2008-19978-CA-01, that resulted in MR. ABELLA and Mrs. Abella getting hit with a Summary Judgement of over $100,000.00 for the malicious corrupt act orchestrated by DEFENDANT OFFICER RODRIGUEZ, TOWN MANAGER ALEX REY and TOWN OF MIAMI LAKES in retaliation against MR. ABELLA as a result of MR. ABELLA exercising his First Amendment Rights.

22. On April 28, 2016, the following day as DEFENDANT OFFICER RODRIGUEZ was approaching MR. ABELLA, DEFENDANT OFFICER RODRIGUEZ stared directly at MR. ABELLA and stated "MONEY" to MR. ABELLA.

23. On May 12, 2016, TOWN MANAGER ALEX REY along with DEFENDANT OFFICER RODRIGUEZ acting under the color of law did as former TOWN MAYOR MICHAEL PIZZI has asked him to do; TOWN MANAGER ALEX REY filed and obtained the Injunction Order against MR. ABELLA, accompanied by DEFENDANT OFFICER RODRIGUEZ as his witness, both were sworn under Oath under Penalty of Perjury and falsely accused MR. ABELLA out of retaliation for MR. ABELLA having engaged in a conduct protected by the First Amendment and filing Grievances and Right of Speech and to Petition for Redress of Grievances to

8

the Town of Miami Lakes resulting in MR. ABELLA, a resident of the Town of Miami Lakes for over 20 years being punished out of retaliation and cannot go freely near or within 400 feet of the TOWN OF MIAMI LAKES Police Department, Town Hall and certain stores on Main Street and remains in effect indefinitely. (Miami Dade County Court Case #2016-011400-FC-04, Petitioner TOWN MANAGER ALEX REY, Respondent: GUSTAVO ABELLA, Witness: DEFENDANT OFFICER RODRIGUEZ).

24. On May 17, 2016 at 3:30 p.m., DEFENDANT OFFICER RODRIGUEZ appeared outside MR. ABELLA's residence and followed MR. ABELLA as he was exiting his Condominium Complex, harassing and intimidating MR. ABELLA as he was exhibiting and displaying a political sign on his vehicle that read: "Town of Miami Lakes TOWN MANAGER ALEX REY is Corrupt. You TUBE: Justice 4 MEnU".

25. The same day, May 17, 2016 at 5:00 p.m., as MR. ABELLA was parked across the street of his residence displaying the political sign on his vehicle for the community to read the sign that read "Town of Miami Lakes TOWN MANAGER ALEX REY is Corrupt. You Tube: Justice4MEnU" DEFENDANT OFFICER RODRIGUEZ drove by and told MR. ABELLA to remove the political sign off his car or he would be given a citation. Also, DEFENDANT OFFICER RODRIGUEZ told MR. ABELLA to stop the flyer complaint or end up being arrested; acting under color of law DEFENDANT OFFICER RODRIGUEZ deprived MR. ABELLA of his First Amendment right.

26.  The same day May 17, 2016 at 5:25 p.m. OFFICER   RODRIGUEZ, acting under color of law, out of retaliation for MR. ABELLA exercising his First Amendment rights returned with numerous Police Officers to deprive and deter MR. ABELLA of his right to exhibit and display his political sign.

27.  The same day May 17, 2016 at 6:50 p.m., as MR. ABELLA exited his home in his vehicle and went across the street to "Mc Donald's" OFFICER   RODRIGUEZ told MR. ABELLA that not only would he issue a Citation to MR. ABELLA if he did not remove the political sign but will have MR. ABELLA arrested.   As MR. ABELLA took out his phone DEFENDANT OFFICER RODRIGUEZ speed off.

28. On  June  8,  2016  at  2:00  p.m.,  DEFENDANT  OFFICER RODRIGUEZ followed and stalked and intimidated MR. ABELLA.

29. On  June  29,  2016  at  3:08  p.m.,  DEFENDANT  OFFICER RODRIGUEZ was waiting for MR. ABELLA to exit his home.

30.  On September 13, 2016 at 2:44 p.m., as MR. ABELLA left his home DEFENDANT OFFICER RODRIGUEZ appeared outside MR. ABELLA's residence and followed, harassed, stalked, and intimidated MR. ABELLA all the way to MR. ABELLA's bank.

31.  On September 15, 2016 at 2:44 as MR. ABELLA left his home DEFENDANT OFFICER RODRIGUEZ followed, intimidated and harassed MR. ABELLA through Miami Lakes and onto the Palmetto expressway.

32. On September 16, 2016 MR. ABELLA read an article in the Miami Laker Community Newspaper about the candidates' profile who were running for the Town of Miami Lakes Council, and a candidate, Mrs. Elizabeth Delgado, stated to MR. ABELLA that she was an Assistant State Attorney and as an Assistant Attorney General, she decided herself to protect the people of Florida by insuring "our" Constitution was followed and that the public was protected from violent criminals.

33. MR. ABELLA contacted Mrs. Elizabeth Delgado and shared with her how he and his family are being punished by the Town of Miami Lakes Government for voicing his constitutional rights and engaging in a conduct protected by the First Amendment. MR. ABELLA, in hopes for better honest Government for Miami Lakes asked Mrs. Delgado if he could volunteer to help her in her campaign and she said yes. MR. ABELLA was given T-Shirts and political magnetic signs and MR. ABELLA placed them on his car. Shortly after, as MR. ABELLA would leave his home with the political signs in support of Mrs. Delgado on his car DEFENDANT OFFICER RODRIGUEZ followed, harassed and intimidated MR. ABELLA making hand gestures at MR. ABELLA.

34. On October 27, 2016 at 10:00 a.m. MR. ABELLA went to help Mrs. Delgado for early voting at Precinct #352, located at Community Center at 15151 N.W. 82 Ave., Miami Lakes, FL 33016. Several Town of Miami Lakes Officials approached MR. ABELLA and advise him not to support Mrs. Delgado and MR. ABELLA ignored them.

35.  On October 27, 2016 at 11:00 a.m. Mrs. Delgado received a phone call and in a rush went to tell MR. ABELLA that she has just received a phone call from a very trusted source that TOWN MANAGER ALEX REY was in his way to this Precinct # 352 to have him arrested.  Mrs. Delgado looked very nervous, pale and shaking.  She looked fearful that something big was going to happen.  Mrs. Delgado stated to MR. ABELLA that it would be better for him to leave.

36.  On October 27, 2016 at 11:20 a.m. TOWN MANAGER ALEX REY arrived at Precinct # 352, Community Center located at 15151 N.W. 82 Ave., and circled the area where  MR. ABELLA had been standing since earlier holding the political signs for Mrs. Delgado, realizing and knowing what the TOWN MANAGER ALEX REY was up to Mrs. Delgado came quickly, she was very nervous and in fear, and she told MR. ABELLA that she did not want to see him getting arrested and advised MR. ABELLA to please leave and MR. ABELLA,immediately, out of fear of unjustly being arrested had no choice but to leave. Once again, Defendant TOWN OF MIAMI LAKES AND TOWN MANAGER ALEX REY abused their power acting under color of law and violated GUSTAVO ABELLA's rights of engaging in a conduct protected by the First Amendment.

37.  On December 6, 2016 at 2:10 p.m. as MR. ABELLA left his residence, Defendant OFFICER RODRIGUEZ appeared outside MR. ABELLA's residence and followed, harassed and shouted at MR.  ABELLA nearly causing a terrible automobile accident.

12

38. Throughout 2017 Defendant OFFICER RODRIGUEZ acting under the color of law continued to retaliate against MR. ABELLA and his family for MR. ABELLA filing grievances against him and engaging in conduct's protected by the First Amendment, and requesting and seeking help of the TOWN OF MIAMI LAKES and MIAMI DADE POLICE DEPARTMENT to resolve the misconduct and injustice that Defendant OFFICER RODRIGUEZ continued. Defendant TOWN OF MIAMI LAKES and the MIAMI DADE POLICE DEPARTMENT had continued to ignore MR. ABELLA's Petition for Redress, being fully aware of the Constitutional violation but did not do a thing to correct the misconduct and unlawful actions of Defendant OFFICER RODRIGUEZ and failed to provide adequate training and deliberately ignored the grievances against Defendant OFFICER RODRIGUEZ.

39. On January 10, 2018 at 9:22 a.m. as MR. ABELLA was leaving his residence Defendant OFFICER RODRIGUEZ appeared and followed and harassed MR. ABELLA to the bank making hand gestures.

40. On January 11, 2018 at 8:30 a.m. as MR. ABELLA was leaving his residence Defendant OFFICER RODRIGUEZ appeared and followed, stalked and harassed MR. ABELLA until MR. ABELLA exited Miami Lakes.

41. On January 17, 2018 at 8:47 a.m. -12:11 p.m. MR. ABELLA's vehicle was parked in his assigned parking space at his Condominium

Complex which has 200 parking spaces and about 40 visitor spaces and the TOWN OF MIAMI LAKES placed a Police car parked directly behind MR. ABELLA's vehicle in a private parking space for intimidation.

42.   The same day, January 17, 2018 at 12:09 p.m. MR. ABELLA sent an email to MIAMI DADE POLICE DEPARTMENT, Director JUAN J. PEREZ, to file a complaint against Defendant OFFICER RODRIGUEZ, seeking assistance and help to stop Defendant OFFICER RODRIGUEZ from continuing to harass, threaten, intimidate and violate MR. ABELLA's civil rights, and to this date no response and no change in Defendant OFFICER RODRIGUEZ's conduct.

43.   Throughout 2018 MR. ABELLA's numerous times filed grievances complained and requested to MIAMI DADE POLICE DEPARTMENT and to the TOWN OF MIAMI LAKES to please review and investigate all the evidence that MR. ABELLA obtained that would clearly show as to why Defendant OFFICER RODRIGUEZ had continued to harass intimidate, stalk, follow, threaten, and continue acting under the color of law, deprived and violated MR. ABELLA of his First Amendment rights, and both Defendants TOWN OF MIAMI LAKES and  the MIAMI DADE POLICE DEPARTMENT were fully aware of the constitutional violations and failed to provide adequate training/re-train to Defendant  OFFICER RODRIGUEZ and deliberately indifference and failure to act resulted in repeated violations of MR. ABELLA's constitutional rights.

44. On February 6, 2018 at 9:30 a.m. Defendant OFFICER RODRIGUEZ appeared outside MR. ABELLA's residence and followed MR. ABELLA all the way to his bank.

45. On March 1, 2018 at 4:38 p.m. Defendant OFFICER RODRIGUEZ followed MR. ABELLA until MR. ABELLA pulled into his home.

46. On March 7, 2018 at 4:12 p.m. Defendant OFFICER RODRIGUEZ appeared outside MR. ABELLA's residence as MR. ABELLA and his daughter left to church. Defendant OFFICER RODRIGUEZ followed them and then drove parallel to MR. ABELLA's vehicle on the driver's side intimidating and harassing with disrespectable hand gesture as MR. ABELLA's daughter was driving.

47. On October 4, 2018 at 8:25 p.m. as MR. ABELLA exited his residence Defendant OFFICER RODRIGUEZ appeared and continued to harass, threaten, and intimidate MR. ABELLA.

48. Defendants TOWN MANAGER ALEX REY and OFFICER RODRIGUEZ are doing everything illegally possible, acting under the color of law that all the evidence that MR. ABELLA has obtained and has in his possession be not reviewed or investigated because it will clearly bring to light the injustice's that has been done including Miami Dade Court Case #2008-19978-CA-01, to MR. ABELLA for voicing his God given United States Constitutional Rights.

15

## COUNT I

(42 U.S.C. § 1983 against Defendant TOWN OF MIAMI LAKES for
Deliberate Indifference to First Amendment rights)

49.     MR. ABELLA repeat and reallege paragraphs 1 through 48,
and incorporates them by reference herein.

50.     Throughout 2016-2018 MR. ABELLA filed numerous
complaints through emails to Defendants TOWN OF MIAMI LAKES and
MIAMI DADE POLICE DEPT. pleading to investigate Defendant
OFFICER RODRIGUEZ's continuance unlawful misconduct, harassing,
stalking, intimidating, and threatening MR. ABELLA. Defendant TOWN
OF MIAMI LAKES is and has been aware of the Constitutional Violation
but did not do a thing to correct DEFENDANT OFFICER RODRIGUEZ's
misconduct and unlawful actions.

51.     Defendant TOWN OF MIAMI LAKES has maintained and
exhibits a deliberate indifference to the Constitutional rights of persons in
the TOWN OF MIAMI LAKES, which has resulted in the violation of MR.
ABELLA's civil rights.

52.     As a result of the policies and customs of TOWN OF MIAMI
LAKES, police officers assigned to the TOWN OF MIAMI LAKES,
including Defendant OFFICER RODRIGUEZ believed that their actions
would not be properly monitored, investigated, or sanctioned by superior
officers or judicial officials.

16

53.    The facts above indicate a deliberate indifference to civilian complaints and/or civil rights violations by Defendant Miami Dade County Police assigned to the TOWN OF MIAMI LAKES and that Defendants TOWN OF MIAMI LAKES TOWN MANAGER ALEX REY and former TOWN MAYOR MICHAEL PIZZI took no actions to prevent the continued violations of MR. ABELLA's civil rights by police officers assigned to the TOWN OF MIAMI LAKES.

54.    Defendant TOWN OF MIAMI LAKES had actual and constructive knowledge of MR. ABELLA's complaints against Defendant OFFICER RODRIGUEZ, who has been assigned to the TOWN OF MIAMI LAKES for several years already and who has displayed in the past the same unlawful misconduct and behavior toward MR. ABELLA.

55.    Defendant TOWN OF MIAMI LAKES deliberated indifference and failure to act against Defendant OFFICER RODRIGUEZ resulted in repeated violations of MR. ABELLA's constitutional rights.

56.    Defendant TOWN OF MIAMI LAKES at no moment have reprimanded, disciplined, Counsel, re-assign, re-trained Defendant OFFICER RODRIGUEZ knowing that he has been one of Police Officers in Miami Lakes who were Defendants in the Case # 11-20152-CIV-ALTONAGA/BROWN, in which some of the other Defendants took an early retirement or transfer to another Police Stations in Miami Dade.

57.   Defendant TOWN OF MIAMI LAKES incorporated in December of 2000 and has contracted the services of the MIAMI DADE POLICE DEPARTMENT (MDPD) for law enforcement since its inception. TOWN OF MIAMI LAKES POLICE's Official Website states in its Mission Statement the following:

"To promote a safe and secure environment, free from crime and the fear of crime.  Maintain order and provide for the safe and expeditious flow of traffic.  Practice our core values of integrity, respect, service, and fairness."

MR. ABELLA and his family live in a constant state of fear.  MR. ABELLA and his family feel unsafe in their home and while driving due to ongoing and systematic police intimidation inflicted upon them by Defendant OFFICER RODRIGUEZ, who is a MIAMI DADE POLICE assigned to the TOWN OF MIAMI LAKES.

58.   Defendant TOWN OF MIAMI LAKES deliberately indifference violated MR. ABELLA's constitutional rights when it has been deprived of :

a)   A friendly and helpful service

b)   Obtaining an uniform level of service as any other resident of the TOWN OF MIAMI LAKES when it has been requested and petitioned a redress for grievances against DEFENDANT OFFICER RODRIGUEZ in his written communications to the TOWN OF MIAMI LAKES, its employees, elected officials and as it is a custom, policy and procedure stated in its Official Website in regards to the Quality of Life to the residents of the TOWN OF MIAMI LAKES stated as follows:

> "We provide our residents with friendly and helpful service through our departments, including the Office of the Town Manager, Office of the Town Clerk, Budget & Administration, Building Department, Community Development Department, Community & Leisure Services Department, Public Works Department and the Police Department.
>
> For residents, all of this means that one can enjoy a quality of life that is second to none - natural scenic beauty, a vibrant cultural environment, and lively nightlife.
>
> TOWN OF MIAMI LAKES's website also states:
>
> The Town of Miami Lakes is dedicated to Maintaining a Positive Town Identity & Sense of Community
>
> - Make Miami Lakes a highly desirable Town in which to live, work and play
> - Make Miami Lakes a "full service" community
> - Focus on strategic economic development
> - Commit to achieve uniform levels of service, beautification, and overall ambiance throughout the entire Town
> - Maintain a "Small Town" environment

59.     To the best of MR. ABELLA's knowledge Defendant TOWN OF MIAMI LAKES has taken no action in response to MR. ABELLA's repeated complaints to discipline, re-assign, re-train, counsel, or any other appropriate remedy to address the unlawful misconduct of Defendant OFFICER RODRIGUEZ or any other officer, staff member, or elected official named as a defendant in this action.

60.     Defendant TOWN OF MIAMI LAKES deliberately has failed to provide and require adequate training/re-training from the police officers

assigned to the Town of Miami Lakes and the deficiency and indifference of the services provided by some police officers like Defendant OFFICER RODRIGUEZ constitute a negligence having the knowledge of the Defendant OFFICER RODRIGUEZ's pattern of violation of civil rights against MR. ABELLA.

61.    Defendant TOWN OF MIAMI LAKES has had the knowledge that Defendant OFFICER RODRIGUEZ has been a Defendant in MR. ABELLA's past Federal Case because of similar acts of violation of civil rights and still has kept him assigned to this Municipality and has acted deliberately ignoring the Petition for Grievances against DEFENDANT OFFICER RODRIGUEZ.

## COUNT II
### Allegations against OFFICER JUAN F. RODRIGUEZ

(42 U.S.C. § 1983 against Defendant JUAN F. RODRIGUEZ, Individually for violation of the First Amendment)

62.    MR. ABELLA repeat and reallege paragraphs 1 through 48, and incorporates them by reference herein.

63.    This cause of action is brought by MR. ABELLA against Defendant OFFICER RODRIGUEZ in his individual and official capacity, for interfering with MR. ABELLA's constitutional right of free speech as guaranteed by the First amendment to the United States Constitution.

64.     The violation of MR. ABELLA First Amendment rights to free speech constitutes irreparable harm.

65.     At all times, Defendant OFFICER RODRIGUEZ was acting in the course and scope of his duties as a Miami Dade County Police Officer assigned to the TOWN OF MIAMI LAKES, Florida.

66.     While acting under color of law, in May 2016, Defendant OFFICER RODRIGUEZ personally deprived MR. ABELLA    of his First Amendment right to freedom of speech and political expression when Defendant OFFICER RODRIGUEZ drove by and told MR. ABELLA to remove a political sign off from his vehicle and threatened to issue a Citation if he did not comply with the order.

67.     By ordering MR. ABELLA to remove the sign from his vehicle under threat of citation, Defendant OFFICER RODRIGUEZ directly suppressed MR. ABELLA's freedom of speech in violation of the First Amendment to the United States Constitution.

68.     MR. ABELLA eventually removed the sign from his vehicle in hopes that Defendant OFFICER RODRIGUEZ would stop all his unlawful conduct toward MR. ABELLA.  MR. ABELLA was deprived to voice his opinion by displaying his political sign on his vehicle.  Defendant OFFICER RODRIGUEZ abused his position as Law Enforcement Officer and violated MR. ABELLA's secured First Amendment rights.

69.     Defendant OFFICER RODRIGUEZ's actions were taken to unlawfully silence MR.ABELLA's First Amendment right to express his political opinion.

70.     Defendant OFFICER RODRIGUEZ has repeatedly stalked and harassed MR. ABELLA by continually showing up outside MR. ABELLA's residence.

71.     Defendant OFFICER RODRIGUEZ conspired with Defendant TOWN MANAGER ALEX REY to stalk, harass and intimidate MR. ABELLA for having a political sign in his vehicle against TOWN MANAGER ALEX REY and threaten to issue a citation if it was not removed.

72.     Throughout 2016-2018 Defendant OFFICER RODRIGUEZ has continued repeatedly harassed and intimidated MR. ABELLA in retaliation for MR. ABELLA's conviction in the expression of his political opinions, and filing grievances against Defendant OFFICER RODRIGUEZ.

73.     Defendant OFFICER RODRIGUEZ's retaliatory actions did not reasonably advance a legitimate correctional goal.

74.     Defendant OFFICER RODRIGUEZ repeated unlawful retaliatory acts of harassment, stalking and intimidation establish a claim for punitive damages against Defendant OFFICER RODRIGUEZ for interference with MR. ABELLA's First Amendment rights.

75. Defendant OFFICER RODRIGUEZ's unlawful retaliatory actions caused MR. ABELLA harm and he is entitled to declaratory judgment, compensatory and punitive damages, and such other relief that the Court deems appropriate under 28 U.S.C. § 2202.

## COUNT III

### (Allegations Against TOWN OF MIAMI LAKES MANAGER ALEX REY)

(42 U.S.C. § 1983 Against Defendant TOWN MANAGER ALEX REY, Individually and in his Official Capacity for Policy to Retaliate against MR. ABELLA and to Suppress Speech)

76. MR. ABELLA repeat and reallege paragraphs 1 through 48, and incorporates them by reference herein.

77. This cause of action is brought by MR. ABELLA against Defendant TOWN MANAGER ALEX REY in his individual and official capacity, for interfering with MR. ABELLA's constitutional right of free speech as guaranteed as guaranteed by the First Amendment to the United States Constitution.

78. As per the Town of Miami Lakes Town Charter, some of the Defendant TOWN MANAGER ALEX REY's responsibilities are as follows:

"Section 3.3 Powers and Duties of the Town Manager.
The Manager shall:
(a) Be responsible for the hiring, supervision and removal of all Town employees;
(b) Direct and supervise the administration of all departments and offices but not Town boards or agencies, unless so directed by the Council from time to time;

23

(d) Ensure that all laws, provisions of this Charter and acts of the Council, subject to enforcement and/or administration by him/her or by employees subject to his/her direction and supervision, are faithfully executed;"

Defendant TOWN MANAGER ALEX REY was in charge, as it is stipulated in the Town of Miami Lakes Charter to Direct and Supervise the administration of "all" departments and offices.... this include the Police Department. TOWN MANAGER ALEX REY is also in charge that all the laws and provisions stipulated in the Town Charter are faithfully executed.

79.    Defendant TOWN MANAGER ALEX REY deliberately ignored the grievances filed against Defendant OFFICER RODRIGUEZ because Defendant TOWN MANAGER ALEX REY knew and has had knowledge that MR. ABELLA had gathered and obtained sufficient clear evidence that with a unobstructed investigation would prove that he, TOWN MANAGER ALEX REY, has personally participated in the constitutional violations acting under color of law, abused his power and personally is/was involved and implicated in the campaign with Defendant OFFICER RODRIGUEZ to silence MR. ABELLA for engaging in a conduct protected by the First Amendment and has deprived and obstructed MR. ABELLA of his rights to Petition for Redress Grievances to the TOWN OF MIAM LAKES.

80.    Defendant TOWN MANAGER ALEX REY has employed a policy of deliberate indifference to the repeated violations of MR. ABELLA's civil rights by Defendant OFFICER RODRIGUEZ.

81.    Defendant TOWN MANAGER ALEX REY has violated MR. ABELLA's First Amendment rights by personally participating in the ongoing harassment of MR. ABELLA and his family.

82.    Defendant TOWN MANAGER ALEX REY acting under color of law, out of retaliation for MR. ABELLA exercising his First Amendment rights manipulated Law Enforcement police officers; in this case, Defendant OFFICER RODRIGUEZ, to deprive and violate MR. ABELLA's First Amendment rights to free speech for MR. ABELLA exhibiting a political sign against Defendant TOWN MANAGER ALEX REY that was being displayed on his vehicle.

83.    Defendants TOWN MANAGER ALEX REY and  OFFICER RODRIGUEZ acting under color of law conspire to stalk, harass and intimidate MR. ABELLA and out of retaliation for MR. ABELLA exercising his First Amendment rights by displaying a political sign placed on his vehicle against TOWN MANAGER ALEX REY had a group of police officers that came along with Defendant OFFICER RODRIGUEZ to deprive and deter MR. ABELLA of his right to exercise his First Amendment rights.

84.    Defendant TOWN MANAGER ALEX REY repeatedly employed a policy of deliberate indifference to MR. ABELLA's complaints against Defendant OFFICER RODRIGUEZ.

85. Defendant TOWN MANAGER ALEX REY had knowledge that Defendant OFFICER RODRIGUEZ repeatedly acting under color of law continued harassing MR. ABELLA in retaliation for MR. ABELLA's expression of his First amendment rights and failed to take any action to stop Defendant OFFICER RODRIGUEZ's continued harassment, stalking and intimidation of MR. ABELLA.

86. Defendant TOWN MANAGER failed to take action in response to MR. ABELLA's complaints, emails and thereby acquiesced to the pattern of harassment inflicted upon MR. ABELLA by a police officer who has been assigned to the TOWN OF MIAMI LAKES and who had displayed the same attitude and behavior and was also a Defendant along with some other police officers in a previous Federal Case filed by MR. ABELLA. Case No. 11-20152-CIV-ALTONAGA-BROWN.

87. Defendant TOWN MANAGER ALEX REY personally violated MR. ABELLA's First Amendment rights when he conspired with others to show up at the Community Center located at 15151 N.W. 82 Ave., Miami Lakes, FL 33016 with the  intention and premeditation  to try to have MR. ABELLA arrested.  It was the Early Voting and MR. ABELLA was volunteering for Mrs. Elizabeth Delgado's Campaign running for one of the seat of the Councilmembers.  Mrs. Delgado received a phone call and in a rush went to tell MR. ABELLA that she has just received a phone call from a very trusted source stating that the TOWN MANAGER ALEX REY was in his way to this Precinct # 352 to have him arrested.  MR. ABELLA noticed a strong fear and nervousness in Mrs. Delgado appearance and she

looked very worried for him.  Mrs. Delgado insistently told MR. ABELLA to please leave to avoid this incident.  MR. ABELLA had no other choice but to leave the place when TOWN MANAGER ALEX REY in fact appeared at this location. (See Numerals 36-37)

88.     Defendant TOWN MANAGER ALEX REY abused his power and position acting under color of law and violated MR. ABELLA's rights of engaging in a conduct protected by the First Amendment.  Defendant TOWN MANAGER ALEX REY took action with premeditation trying to arrest MR. ABELLA in a place (Community Center, Early Voting) where MR. ABELLA had all the right to be freely as it is stipulated in the First Amendment rights of the United States Constitution.

89.     Defendant TOWN MANAGER ALEX REY acting under color of law conspired with Defendant OFFICER RODRIGUEZ to stalk, harass and intimidate MR. ABELLA for having a political sign in his vehicle against TOWN MANAGER ALEX REY and in retribution threat to issue a citation if the sign was not removed.

90.     Defendant TOWN MANAGER ALEX REY acting under color of law conspired with Defendant Former TOWN MAYOR MICHAEL PIZZI to file an Injunction in retribution for the petition for Redress of grievances filed against Defendant OFFICER RODRIGUEZ.

91.     Defendant TOWN MANAGER ALEX REY's retaliatory actions did not reasonably advance a legitimate correctional goal.

92.    Defendant TOWN MANAGER ALEX REY's unlawful retaliatory actions caused MR. ABELLA harm and he is entitled to declaratory judgment, compensatory and punitive damages, and such other relief that the Court deems appropriate under 28 U.S.C. § 2202.

## COUNT IV

Allegation Against Former Town of Miami Lakes Mayor Michael Pizzi

(42 U.S.C. 1983 Against Defendant Former MAYOR MICHAEL PIZZI, Individually and in his Official Capacity, for policy to retaliate against MR. GUSTAVO ABELLA and to Suppress Speech)

93.    MR. ABELLA repeat and reallege paragraph 1through 48, and incorporate them by reference herein.

94.    This cause of action is brought by MR. ABELLA against Defendant former TOWN MAYOR MICHAEL PIZZI in his individual and official capacity, for interfering with MR. ABELLA's constitutional right of free speech as guaranteed by the First Amendment to the United States Constitution.

95.    Defendant Former TOWN MAYOR MICHAEL PIZZI has employed a policy of deliberate indifference to the repeated violations of MR. ABELLA's civil rights by Defendant OFFICER RODRIGUEZ under TOWN OF MIAMI LAKES MAYOR MICHAEL PIZZI head of the Town government for all ceremonial purposes, for purposes of military law, and for service of process as it is stipulated in the Town of Miami Lakes Charter,

Article II. Town Council; Mayor, Section 2.2 Mayor and Vice-Mayor, (a) (iii):

The Mayor shall be recognized as head of the Town government for all ceremonial purposes, for purposes of military law, and for service of process.

96.     Defendant Former TOWN MAYOR MICHAEL PIZZI was acting as the Mayor of the Police Officers assigned to the TOWN OF MIAMI LAKES including Defendant OFFICER RODRIGUEZ.

97.     On March 22, 2016 MR. ABELLA sent an email to TOWN MAYOR MICHAEL PIZZI, TOWN MANAGER ALEX REY, and the Town Councilmembers seeking accountability and to resolve and correct the unlawful behavior that continued to be done to MR. ABELLA and his family by Defendant OFFICER RODRIGUEZ and Defendant TOWN OF MIAMI LAKES.  MR. ABELLA had no response from Defendant TOWN OF MIAMI LAKES and no change of misconduct by Defendant OFFICER RODRIGUEZ.

98.     On April 12, 2016 at 7:30 a.m. MR. ABELLA sent an email filing grievances seeking help, assistance and accountability to the TOWN MANAGER ALEX REY, TOWN MAYOR MICHAEL PIZZI and Town Councilmembers asking and requesting that all of MR. ABELLA's evidence be reviewed and investigated as to how and why MR. ABELLA and his family continue to be punished and retaliated against by Defendant OFFICER RODRIGUEZ for MR. ABELLA engaging in a conduct protected

by the First Amendment and for filing grievances against DEFENDANT OFFICER RODRIGUEZ and TOWN OF MIAM LAKES.

99.     On April 12, 2016 at 4:39 p.m. in response to MR. ABELLA's email from earlier that day, TOWN MAYOR MICHAEL PIZZI sent an email to TOWN MANAGER ALEX REY stating: "Alex: He's at it again. FYI. Get an injunction, or I'll get one for you. Mike."   Defendant Former TOWN MAYOR MICHAEL PIZZI's email to TOWN MANAGER ALEX REY resulted violating and depriving MR. ABELLA's First Amendment Rights to petition for redress of grievances to the TOWN OF MIAMI LAKES and in MR. ABELLA being punished for exercising his First Amendment Rights.

100.  Defendant Former TOWN OF MIAMI LAKES MAYOR MICHAEL PIZZI manipulated Defendant TOWN MANAGER ALEX REY and violated the Town of Miami Lakes Charter by giving an order or better said an ultimatum to the TOWN MANAGER ALEX REY stating "Get an Injunction or I'll get one for you", resulting in the violation of MR. ABELLA's exercise of his First Amendment rights to file a petition for grievances against Defendant OFFICER RODRIGUEZ.

101.  As a result of Defendant Former TOWN MAYOR MICHAEL PIZZI's email to Defendant TOWN MANAGER ALEX REY the same day, April 12, 2016 at 4:39 p.m., on May 12, 2016 Defendant TOWN MANAGER ALEX REY along with DEFENDANT OFFICER RODRIGUEZ did as Defendant Former TOWN MAYOR MICHAEL PIZZI

stated to do; Defendant TOWN MANAGER ALEX REY filed and obtained the Injunction Order accompanied by Defendant OFFICER RODRIGUEZ as his witness.  Both were sworn under oath, under penalty of perjury falsely accused MR. ABELLA out of retaliation for MR. ABELLA having engaged in a conduct protected by the First Amendment rights and for filing grievances against Defendant OFFICER RODRIGUEZ and display a sign against Defendant TOWN MANAGER ALEX REY.

102.  Defendant Former TOWN MAYOR MICHAEL PIZZI deprived and obstructed MR. ABELLA's First Amendment right to speech, political expression and right to petition for grievances and as a result MR. ABELLA was punished for Defendant former TOWN MAYOR MICHAEL PIZZI's abuse of power acting under color of law aware of the constitutional violations and personally participated in the constitutional violations.

103.  Defendant Former TOWN MAYOR MICHAEL PIZZI acting under color of law conspired with Defendant TOWN MANAGER ALEX REY to file an Injunction for the petition for Redress of grievances filed against Defendant OFFICER RODRIGUEZ.

104.  Defendant former TOWN MAYOR MICHAEL PIZZI's retaliatory actions did not reasonably advance a legitimate correctional goal.

105.  Defendant former TOWN MAYOR MICHAEL PIZZI's unlawful retaliatory actions caused MR. ABELLA harm and he is entitled to

declaratory judgment, compensatory and punitive damages, and such other relief that the Court deems appropriate under 28 U.S.C. § 2202.

## COUNT V

### Allegations Against MIAMI DADE COUNTY

(42 U.S.C. § 1983 Against Defendant MIAMI DADE COUNTY for Deliberate Indifference to First Amendment Rights)

106.   MR. ABELLA repeat and reallege paragraphs 1 through 48, and incorporate them by reference herein.

107.   Throughout 2016-2018 MR. ABELLA filed numerous complaints thru emails pleading to investigate DEFENDANT OFFICER RODRIGUEZ's continuance unlawful misconduct of harassing, stalking, intimidating, and threatening MR. ABELLA.   Defendant MIAMI DADE COUNTY did not do anything to correct DEFENDANT OFFICER RODRIGUEZ's abuse of power, retaliatory actions and misconduct display at all times in the Town of Miami Lakes.

108.   Defendant MIAMI DADE COUNTY has maintained and exhibits a deliberate indifference to the Constitutional rights which has resulted in the violation of MR. ABELLA's civil rights.

109.   Defendant MIAMI DADE POLICE states in their website the following:

**"Integrity**
Integrity is the hallmark of the Miami-Dade Police Department and we are
committed to the highest performance standards, ethical conduct and
truthfulness in all relationships. We hold ourselves accountable for our
actions and take pride in a professional level of service and fairness to all.

**Respect**
We treat all persons in a dignified and courteous manner, and exhibit
understanding of ethnic and cultural diversity, both in our professional and
personal endeavors.

**Service**
We provide quality service in a courteous, efficient and accessible manner.
We foster community and employee involvement through problem-solving
partnerships."

However, MR. ABELLA has been a victim whose rights have been
violated by DEFENDANT OFFICER RODRIGUEZ. MR. ABELLA has
petitioned to redress grievances the answer he has gotten back has been
retaliation from the same DEFENDANT OFFICER RODRIGUEZ.

110.   Defendant MIAMI DADE COUNTY was at all time relevant to
this complaint. They have had knowledge of all the incidents raised from
the Defendant Officer RODRIGUEZ's misconduct, abuse of power,
retaliation and harassment and all the complaints that have been filed and
reported locally and to the County.

111.   Defendant MIAMI DADE COUNTY was aware of Defendant
OFFICER RODRIGUEZ's unlawful conduct regarding the incidents in the
case Abella v. Nancy Simon, et al., Case No. 11-20152-CIV-ALTONAGA-
BROWN that to this date continue to display against the Plaintiff, MR.
ABELLA.

112.   Defendant MIAMI DADE COUNTY has been indifferent and has failed to correct, reprimand, discipline, counsel, re-assign, re-train and/or fire Defendant OFFICER RODRIGUEZ.

113.   Defendant MIAMI DADE COUNTY has been negligent in disciplining and/or retraining his Police Officers due to having perfect knowledge of this same kind of misconduct that Defendant OFFICER RODRIGUEZ displays and that it was also included in the Lawsuit filed by MR. ABELLA against Defendant OFFICER RODRIGUEZ and other MIAMI DADE Police Officers assigned to the TOWN OF MIAMI LAKES including the Former Town of Miami Lakes Town Commander, Major Bocanegra, who was the Supervisor and also a participant in the abuse and retaliation  of the unlawful acts done by him personally and by some other Miami Dade Police Officers for MR. ABELLA exercising his First Amendment Rights in the Town of Miami Lakes.  (Abella v. Nancy Simon, et al. Case No. 11-20152-CIV-ALTONAGA-BROWN)

114.   Defendant MIAMI DADE COUNTY deliberate indifference and failure to act resulted in repeated violations of MR. ABELLA's constitutional rights protected by the United States Constitution.

## DEMAND FOR JURY TRIAL

Plaintiff, MR. ABELLA, hereby demand a jury trial of all issues so triable.

**WHEREFORE**, Plaintiff, MR. ABELLA, respectfully requests this Court:

A. Enter a judgment in favor of Plaintiff, MR. ABELLA, against Defendants TOWN OF MIAMI LAKES, OFFICER JUAN F. RODRIGUEZ, TOWN MANAGER ALEX REY, Former TOWN MAYOR MICHAEL PIZZI and MIAMI DADE COUNTY.

B. Enter a declaratory judgment that the actions of Defendants, TOWN OF MIAMI LAKES, OFFICER JUAN F. RODRIGUEZ, TOWN MANAGER ALEX REY, Former TOWN MAYOR MICHAEL PIZZI and MIAMI DADE COUNTY, violated Plaintiff MR. ABELLA's rights secured by the First Amendment to the United States Constitution.

C. Award Plaintiff, MR. ABELLA appropriate Compensatory damages against Defendants TOWN OF MIAMI LAKES, OFFICER JUAN F. RODRIGUEZ, TOWN MANAGER ALEX REY, Former TOWN MAYOR MICHAEL PIZZI and MIAMI DADE COUNTY.

D. Award Plaintiff  MR. ABELLA punitive damages against Defendants TOWN OF MIAMI LAKES, OFFICER JUAN F. RODRIGUEZ, TOWN MANAGER ALEX REY, Former TOWN MAYOR MICHAEL PIZZI and MIAMI DADE COUNTY for knowing violation of MR. ABELLA's constitutional rights secured under the First Amendment to the United States Constitution;

E. Award Plaintiff MR. ABELLA putative damages against Defendants TOWN OF MIAMI LAKES, OFFICER JUAN F. RODRIGUEZ, TOWN MANAGER ALEX REY, Former TOWN MAYOR MICHAEL PIZZI and MIAMI DADE COUNTY for knowing violation of MR. ABELLA's

constitutional rights secured  under the First Amendment to the United States Constitution;

F.  Award Plaintiff MR. ABELLA any other and further relief as this Court deems just and proper under the circumstances.

Dated February 11th, 2019

Respectfully submitted,

GUSTAVO ABELLA

7400 Miami Lakes Dr., D-108
Miami Lakes, FL 33014
Cell: 305-305-6622
Email: gusabella4@gmail.com

## CERTIFICATE OF SERVICE

HEREBY CERTIFY that an original and a true and correct copy of the foregoing Plaintiff's First Amended Complaint was served this day, February 11th, 2019 on all  parties of record on this 11th day of February 2019.

GUSTAVO ABELLA

7400 Miami Lakes Dr., D-108
Miami Lakes, FL 33014
Cell: 305-305-6622
Email: gusabella4@gmail.com

## CERTIFICATE OF SERVICE
### Case No. 18-cv-24889-GRAHAM/McALILEY
### United States District Court, Southern District of Florida

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by mail on February 11th, 2019 on the following counsel:

Erick P. Hockman
Eric S. Kay
2225 Ponce de Leon Blvd., Suite 700
Coral Gables, FL  33134
(305) 854-0800
ehockman@wsh-law.com
jmessa@wsh-law.com

**Eric Samuel Kay**
Weiss Serota Helfman Cole , Bierman, P.L.
2525 Ponce de Leon Blvd.
Suite 700
Coral Gables, FL 33134
(305) 854-0800
Email: ekay@wsh-law.com

**David Steven Henry**
Kelley Kronenberg
8201 Peters Road
Suite 4000
Fort Lauderdale, FL 33324
(954) 370-9970
Email: dhenry@kelleykronenberg.com

Zachary Vosseler
Assistant County Attorney
Stephen P. Clark Center
111 N.W. First Street, Suite 2810
Miami Florida 33128
(305) 375-5151
Zach@miamidade.gov