## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-24889-GRAHAM/McALILEY

**GUSTAVO ABELLA,**
              **Plaintiff,**

    **v.**

**TOWN OF MIAMI LAKES, et al.,**
              **Defendants.**

_____/

### OFFICER JUAN RODRIGUEZ'S PARTIAL ANSWER
### AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT

Defendant Officer Juan Rodriguez, pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby files this partial Answer and asserts the following defenses to the Amended Complaint [ECF No. 26] (hereinafter the "complaint"). Any allegation not expressly admitted below is denied.

### ANSWER

1.     Officer Rodriguez admits that Plaintiff purports to bring an action pursuant to 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitution, and the laws of the State of Florida, but denies that Plaintiff has adequately pled any cause of action or is entitled to recover any damages from him.

2.     Officer Rodriguez admits that Plaintiff purports to bring an action under the Constitution and laws of the United States, particularly the First and Fourteenth Amendments to the U.S. Constitution, but denies that Plaintiff is entitled to any relief through this action.

3.     Officer Rodriguez does not contest that this Court has jurisdiction over this action.

4.     Officer Rodriguez admits that venue is proper.

5.     Without knowledge, and therefore denied.

6.      Admitted.

7.      Without knowledge, and therefore denied.

8.      Without knowledge, and therefore denied.

9.      Officer Rodriguez admits that, at all relevant times, he was an officer in the Miami-Dade Police Department and was assigned to the Town of Miami Lakes. To the extent the remaining allegations in Paragraph 9 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31].

10.     Officer Rodriguez admits that, at all relevant times, he was an officer in the Miami-Dade Police Department and was assigned to the Town of Miami Lakes. He also admits that Plaintiff purports to sue him in his official and individual capacities.

11.     To the extent the allegations in Paragraph 11 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

12.     Officer Rodriguez admits that he was named as a Defendant in *Abella v. Simon*, No. 11-cv-20152-CMA. To the extent the allegations in Paragraph 12 otherwise refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

directed towards Officer Rodriguez.

13.     To the extent the allegations in Paragraph 13 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

14.     Officer Rodriguez admits that he was named as a Defendant in *Abella v. Simon*, No. 11-cv-20152-CMA. To the extent the allegations in Paragraph 14 otherwise refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

15.     To the extent the allegations in Paragraph 15 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

16.     To the extent the allegations in Paragraph 16 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL: (305) 375-5151

knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

17.     Officer Rodriguez offers no response to the allegations contained in Paragraph 17, because the allegations in this paragraph are not directed towards Officer Rodriguez.

18.     Officer Rodriguez offers no response to the allegations contained in Paragraph 18, because the allegations in this paragraph are not directed towards Officer Rodriguez.

19.     To the extent the allegations in Paragraph 19 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

20.     To the extent the allegations in Paragraph 20 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

21.     To the extent the allegations in Paragraph 21 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the

4

allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

22.     Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 31].

23.     To the extent the allegations in Paragraph 23 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 31].

29.     Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 31].

30.     Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 31].

31.     Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 31].

32.     Without knowledge, and therefore denied.

33.     To the extent the allegations in Paragraph 33 refer to Officer Rodriguez, he has

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

34.    Without knowledge, and therefore denied.

35.    Without knowledge, and therefore denied.

36.    Without knowledge, and therefore denied.

37.    Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 31].

38.    To the extent the allegations in Paragraph 38 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

39.    Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 31].

40.    Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 31].

41.    Without knowledge, and therefore denied.

42.    To the extent the allegations in Paragraph 42 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

43.     To the extent the allegations in Paragraph 43 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

44.     Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 31].

45.     Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 31].

46.     Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 31].

47.     Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 31].

48.     To the extent the allegations in Paragraph 48 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

**Count I**

49.    Officer Rodriguez realleges and incorporates his responses to Paragraphs 1-48.

50.    To the extent the allegations in Paragraph 50 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

51.    Officer Rodriguez offers no response to the allegations contained in Paragraph 51, because the allegations in this paragraph are not directed towards Officer Rodriguez.

52.    To the extent the allegations in Paragraph 52 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

53.    Officer Rodriguez offers no response to the allegations contained in Paragraph 53, because the allegations in this paragraph are not directed towards Officer Rodriguez.

54.    To the extent the allegations in Paragraph 54 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

55.     To the extent the allegations in Paragraph 55 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

56.     Officer Rodriguez admits that he was named as a Defendant in *Abella v. Simon*, No. 11-cv-20152-CMA. To the extent the allegations in Paragraph 56 otherwise refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

57.     To the extent the allegations in Paragraph 57 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

58.     To the extent the allegations in Paragraph 58 arise out of the encounter between

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

59.      To the extent the allegations in Paragraph 59 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

60.      To the extent the allegations in Paragraph 60 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

61.      To the extent the allegations in Paragraph 61 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other sub-

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

ject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

### Count II

62.     Officer Rodriguez realleges and incorporates his responses to Paragraphs 1-48.

63.     Officer Rodriguez admits that that Plaintiff purports to sue him in his official and individual capacities. To the extent the other allegations in Paragraph 63 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

64.     To the extent the allegations in Paragraph 64 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31].

65.     Officer Rodriguez admits that, at all relevant times, he was an officer in the Miami-Dade Police Department and was assigned to the Town of Miami Lakes. To the extent the other allegations in Paragraph 65 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31].

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 31].

71.    Officer Rodriguez has moved to dismiss the complaint in part on the basis of the allegations in this paragraph. *See* [ECF No. 31]

72.    To the extent the allegations in Paragraph 72 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31].

73.    To the extent the allegations in Paragraph 73 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31].

74.    To the extent the allegations in Paragraph 74 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31].

75.    To the extent the allegations in Paragraph 75 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31].

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

### Count III

76.     Officer Rodriguez realleges and incorporates his responses to Paragraphs 1-48.

77.     Officer Rodriguez offers no response to the allegations contained in Paragraph 77, because the allegations in this paragraph are not directed towards Officer Rodriguez.

78.     Officer Rodriguez offers no response to the allegations contained in Paragraph 78, because the allegations in this paragraph are not directed towards Officer Rodriguez.

79.     To the extent the allegations in Paragraph 79 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

80.     To the extent the allegations in Paragraph 80 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

81.     Officer Rodriguez offers no response to the allegations contained in Paragraph 81, because the allegations in this paragraph are not directed towards Officer Rodriguez.

82.     To the extent the allegations in Paragraph 82 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

83.    To the extent the allegations in Paragraph 83 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

84.    Officer Rodriguez offers no response to the allegations contained in Paragraph 84, because the allegations in this paragraph are not directed towards Officer Rodriguez.

85.    To the extent the allegations in Paragraph 85 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

86.    Officer Rodriguez admits that he was named as a Defendant in *Abella v. Simon*, No. 11-cv-20152-CMA. To the extent the other allegations in Paragraph 86 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

87.    Officer Rodriguez offers no response to the allegations contained in Paragraph 87, because the allegations in this paragraph are not directed towards Officer Rodriguez.

88.    Officer Rodriguez offers no response to the allegations contained in Paragraph 88, because the allegations in this paragraph are not directed towards Officer Rodriguez.

89.    To the extent the allegations in Paragraph 89 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

90.    Officer Rodriguez offers no response to the allegations contained in Paragraph 90, because the allegations in this paragraph are not directed towards Officer Rodriguez.

91.    Officer Rodriguez offers no response to the allegations contained in Paragraph 91, because the allegations in this paragraph are not directed towards Officer Rodriguez.

92.    Officer Rodriguez offers no response to the allegations contained in Paragraph 92, because the allegations in this paragraph are not directed towards Officer Rodriguez.

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

## Count IV

93.     Officer Rodriguez realleges and incorporates his responses to Paragraphs 1-48.

94.     Officer Rodriguez offers no response to the allegations contained in Paragraph 94, because the allegations in this paragraph are not directed towards Officer Rodriguez.

95.     To the extent the allegations in Paragraph 95 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

96.     Officer Rodriguez offers no response to the allegations contained in Paragraph 94, because the allegations in this paragraph are not directed towards Officer Rodriguez.

97.     To the extent the allegations in Paragraph 97 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

98.     To the extent the allegations in Paragraph 98 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

99.     Officer Rodriguez offers no response to the allegations contained in Paragraph 99, because the allegations in this paragraph are not directed towards Officer Rodriguez.

100.     Officer Rodriguez offers no response to the allegations contained in Paragraph

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL: (305) 375-5151

100, because the allegations in this paragraph are not directed towards Officer Rodriguez.

101.    To the extent the allegations in Paragraph 101 refer to Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

102.    Officer Rodriguez offers no response to the allegations contained in Paragraph 102, because the allegations in this paragraph are not directed towards Officer Rodriguez.

103.    Officer Rodriguez offers no response to the allegations contained in Paragraph 103, because the allegations in this paragraph are not directed towards Officer Rodriguez.

104.    Officer Rodriguez offers no response to the allegations contained in Paragraph 104, because the allegations in this paragraph are not directed towards Officer Rodriguez.

105.    Officer Rodriguez offers no response to the allegations contained in Paragraph 105, because the allegations in this paragraph are not directed towards Officer Rodriguez.

**Count V**

106.    Officer Rodriguez realleges and incorporates his responses to Paragraphs 1-48.

107.    To the extent the allegations in Paragraph 107 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

108.    Officer Rodriguez offers no response to the allegations contained in Paragraph 108, because the allegations in this paragraph are not directed towards Officer Rodriguez.

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

109.    To the extent the allegations in Paragraph 109 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

110.    To the extent the allegations in Paragraph 110 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

111.    Officer Rodriguez admits that he was named as a Defendant in *Abella v. Simon*, No. 11-cv-20152-CMA. To the extent the other allegations in Paragraph 111 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

112.    To the extent the allegations in Paragraph 112 arise out of the encounter between

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

113.    To the extent the allegations in Paragraph 113 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

114.    To the extent the allegations in Paragraph 114 arise out of the encounter between the Plaintiff and Officer Rodriguez on May 17, 2016, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, he has moved to dismiss the complaint in part on the basis of the allegations. *See* [ECF No. 31]. To the extent they refer to any other subject or individual, Officer Rodriguez either (1) is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations; or (2) offers no response to the allegations, because the allegations are not directed towards Officer Rodriguez.

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted in that the facts alleged do not establish any cause of action.

2.     Plaintiff's damages, if any, were the result, either in whole or in part, of the negligence or wrongdoing of Plaintiff. Therefore, Plaintiff's claims are barred or reducible to the full extent thereof.

3.     Plaintiff's damages, if any, are barred or reducible in each instance that Plaintiff failed to mitigate damages.

4.     Officer Rodriguez has qualified immunity in connection with the facts alleged in the complaint because he did not violate Plaintiff's constitutional rights.

5.     Officer Rodriguez has qualified immunity in connection with the facts alleged in the complaint because he did not act in violation of clearly established law.

6.     Officer Rodriguez has absolute immunity in connection with the facts alleged in the complaint because they arise from testimony he gave in a judicial proceeding.

7.     Officer Rodriguez did not act with malice or ill will towards Plaintiff.

8.     To the extent that Plaintiff suffered any injuries as a result of facts alleged in the Amended Complaint, Officer Rodriguez is not the proximate cause of those injuries.

9.     Officer Rodriguez is entitled to a setoff for all insurance or other proceeds received by Plaintiff for any alleged injuries or damages, as well as for the costs incurred by Officer Rodriguez in this federal proceeding.

10.    Officer Rodriguez reserves the right to assert additional defenses as appropriate.

WHEREFORE, Defendant Officer Juan F. Rodriguez respectfully requests that this Court dismiss the claims against him with prejudice and/or enter judgment in his favor; that the Court award him attorney's fees, litigation expenses, and costs, in accordance with applicable federal

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

and state law; and that the Court award Defendant such other relief as the Court deems proper, equitable, and just.

Officer Rodriguez demands a trial by jury on all issues so triable.

Dated: February 14, 2019.

Respectfully submitted,

ABIGAIL PRICE-WILLIAMS
MIAMI-DADE COUNTY ATTORNEY
Stephen P. Clark Center
111 N.W. First Street, Suite 2810
Miami, Florida 33128

By:   _/s/ Zach Vosseler_____
    Zach Vosseler
    Assistant County Attorney
    Florida Bar No. 1008856
    (305) 375-5151
    zach@miamidade.gov

*Counsel for Defendant Officer Juan Rodriguez*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this day, February 14, 2019, on all counsel or parties of record in the manner indicated on the Service List below.

_/s/ Zach Vosseler_

Zach Vosseler
Assistant County Attorney

## SERVICE LIST

*Abella v. Town of Miami Lakes*
**No. 18-cv-24889-GRAHAM/McALILEY**

Gustavo Abella
7400 Miami Lakes Drive, Apt. D108
Miami Lakes, Florida 33014
(305) 305-6622
gusabella4@gmail.com

*Plaintiff, pro se*

**Service via e-mail**

Eric P. Hockman
ehockman@wsh-law.com
Eric S. Kay
ekay@wsh-law.com
WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.
2525 Ponce de Leon Boulevard, Suite 700
Coral Gables, Florida 33134
(305) 854-0800

*Counsel for Defendants Town of Miami Lakes and Alex Rey*

**Service via CM/ECF**

David S. Henry
dhenry@kelleykronenberg.com
Jordan M. Greenberg
jgreenberg@kelleykronenberg.com
KELLEY KRONENBERG
8201 Peters Road, Suite 4000
Fort Lauderdale, Florida 33324
(954) 370-9970

*Counsel for Defendant Michael Pizzi*

**Service via CM/ECF**

\* Though the Plaintiff consented to receive Notices of Electronic Filing [ECF No. 8], he represented to Defendants' counsel that he has not yet been able to receive any filings via CM/ECF. Until he can resolve his issues with the system, he has consented to receive filings via e-mail.

22