UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-24889-GRAHAM/McALILEY

**GUSTAVO ABELLA,**
    **Plaintiff,**

 v.

**TOWN OF MIAMI LAKES, et al.,**
    **Defendants.**
_____/

### OFFICER JUAN RODRIGUEZ'S MOTION TO STAY DISCOVERY AND FOR PARTIAL RELIEF FROM THE COURT'S NOTICE SETTING TELEPHONIC STATUS CONFERENCE

Defendant Officer Juan Rodriguez hereby moves for this Court to stay all discovery as to him in this action pending the Court's resolution of his entitlement to qualified immunity and absolute immunity, as raised in his Motion to Dismiss the Plaintiff's Amended Complaint [ECF No. 31]. To that end, he also moves for the Court to grant him relief from the portions of its Notice Setting Telephonic Status Conference [ECF No. 17] ordering him to report on the progress of discovery in the case, the approximate time at which the case will be ready for trial or final pretrial conference, and the status of any potential settlement.

As discussed in his motion, Officer Rodriguez has invoked qualified immunity from the overwhelming majority of the Plaintiff's First Amendment retaliation claim. *See generally* [ECF No. 31] at 10-19. He argues that the Plaintiff has not plausibly alleged that his conduct violated any First Amendment right, nor has the Plaintiff shown that that right was clearly established at the time of the conduct. Officer Rodriguez additionally has invoked absolute immunity from any First Amendment claim arising from testimony he gave as a witness in Defendant Alex Rey's injunction proceeding against the Plaintiff. *See id.* at 9. This Court has not yet ruled on Officer Rodriguez's motion, which became ripe on February 21, 2019.

1

Requiring Officer Rodriguez to engage in discovery at this time would contravene settled Supreme Court and Eleventh Circuit precedent recognizing his absolute entitlement to be free from the burdens of discovery until any asserted immunity defense is resolved. Both qualified and absolute immunity protect a municipal officer not just from liability, but also from bearing the burdens of ***litigation*** altogether—including discovery. *See, e.g.*, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *Weissman v. Nat'l Ass'n of Sec. Dealers, Inc.*, 500 F.3d 1293, 1307 (11th Cir. 2007) ("Because absolute immunity exists to shield officials from the distractions of litigation arising from the performance of their official functions, its protections are effectively lost if not applied vigorously to prevent a case from advancing to pretrial discovery . . . ." (cleaned up)); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) ("The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, ***including pre-trial discovery***." (emphasis added)); *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is ***entitled to dismissal before the commencement of discovery***." (emphasis added) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc))); *accord Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("[W]e repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.").

The Eleventh Circuit recently reaffirmed the prohibition against subjecting officers who invoke qualified immunity to any form of discovery until the immunity question is fully resolved. In *Howe v. City of Enterprise*, 861 F.3d 1300 (11th Cir. 2017), it vacated a district court's order directing the parties to confer and discuss settlement and to develop a Federal Rule of Civil Procedure 26(f) discovery plan, because the district court hadn't yet ruled on the defendants' motion to dismiss on immunity grounds. The court held that the district court's order was inconsistent

with two longstanding decisions in which it reasoned that district courts "effectively den[y] immunity" when they require officers "to further defend from liability while the immunity issue remain[s] pending." *Id.* at 1302 (citing *Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996), and *Collins v. Sch. Bd. of Dade Cty.*, 981 F.2d 1203, 1204-06 (11th Cir. 1993)). The court ordered the district court on remand to decide any motion to dismiss invoking qualified immunity before forcing the officers to further litigate the plaintiff's claims. *Id.* at 1303.

The Eleventh Circuit has twice since adhered to *Howe* in vacating district court orders deferring rulings on officers' qualified immunity defenses until after the close of discovery, instructing the courts to affirmatively rule on the defenses first. *See R.F.J. v. Fla. Dep't of Children & Families*, 743 F. App'x 377, 379 (11th Cir. 2018) ("Qualified immunity is not a last exit before liability. . . . Otherwise, parties could be required to expend significant time, money, and energy, only to go 90 miles down the road of a dead-end drive."); *Joseph v. Gee*, 708 F. App'x 642, 643 (11th Cir. 2018).

The portion of this Court's Notice ordering the parties to report on the status of potential settlement—to the extent it is requiring Officer Rodriguez "to confer and discuss settlement before the court rule[s] on the [] motion to dismiss on immunity grounds"—is inconsistent with *Howe* and the cases upon which it relies. 861 F.3d at 1302. The portion of the Court's Notice ordering the parties to report on the progress of discovery and the approximate time at which the case will be ready for trial and/or final pretrial conference before the Court rules on the motion to dismiss on immunity grounds is likewise inconsistent with *Howe* "and other decisions which establish that immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted." *Id.*

Accordingly, Officer Rodriguez respectfully requests that this Court (1) stay discovery in this action as to him pending the resolution of his motion to dismiss on qualified and absolute immunity grounds; (2) modify its Notice Setting Telephonic Status Conference to relieve him

of the obligation at this time to report on the progress of discovery and the status of any potential settlement, or to predict a time for trial or final pretrial conference; and (3) grant any other relief the Court deems just and proper.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), undersigned counsel certifies that he has conferred with the Plaintiff and all counsel for co-Defendants in a good-faith effort to resolve the issues raised in this motion. The undersigned has been unable to resolve the issues with the Plaintiff, but counsel for co-Defendants have represented that they do not object to the relief sought.

Dated: February 28, 2019.                        Respectfully submitted,

ABIGAIL PRICE-WILLIAMS
MIAMI-DADE COUNTY ATTORNEY
Stephen P. Clark Center
111 N.W. First Street, Suite 2810
Miami, Florida 33128
(305) 375-5151

By:   /s/ Zach Vosseler
Zach Vosseler
Assistant County Attorney
Florida Bar No. 1008856
zach@miamidade.gov

*Counsel for Defendants Miami-Dade County and Officer Juan Rodriguez*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this day, February 28, 2019, on all counsel or parties of record in the manner indicated on the Service List below.

  /s/ Zach Vosseler
Zach Vosseler
Assistant County Attorney

## SERVICE LIST

*Abella v. Town of Miami Lakes*
No. 18-cv-24889-GRAHAM/McALILEY

Gustavo Abella
7400 Miami Lakes Drive, Apt. D108
Miami Lakes, Florida 33014
(305) 305-6622
gusabella4@gmail.com

*Plaintiff, pro se*

**Service via e-mail***

Eric P. Hockman
ehockman@wsh-law.com
Eric S. Kay
ekay@wsh-law.com
WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.
2525 Ponce de Leon Boulevard, Suite 700
Coral Gables, Florida 33134
(305) 854-0800

*Counsel for Defendants Town of Miami Lakes and Alex Rey*

**Service via CM/ECF**

David S. Henry
dhenry@kelleykronenberg.com
Jordan M. Greenberg
jgreenberg@kelleykronenberg.com
KELLEY KRONENBERG
8201 Peters Road, Suite 4000
Fort Lauderdale, Florida 33324
(954) 370-9970

*Counsel for Defendant Michael Pizzi*

**Service via CM/ECF**

---

\* Although the Plaintiff consented to receive Notices of Electronic Filing [ECF No. 8], he represented to Defendants' counsel that he has not yet been able to receive any filings via CM/ECF. Until he can resolve his issues with the system, he has consented to receive filings via e-mail.