UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-24889-GRAHAM/McALILEY

GUSTAVO ABELLA,
    Plaintiff,

v.

TOWN OF MIAMI LAKES, et al.,
    Defendants
_____/



FILED BY _____ D.C.
MAR 11 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**PLAINTIFF'S RESPONSE IN OPPOSITION TO ALL DEFENDANTS's MOTION TO STAY DISCOVERY AND FOR PARTIAL RELIEF FROM THE COURT's NOTICE SETTING TELEPHONIC STATUS CONFERENCE**

    Plaintiff GUSTAVO ABELLA (MR. ABELLA) hereby submit this Response in Opposition to Defendants OFFICER JUAN F. RODRIGUEZ's (OFFICER RODRIGUEZ) [ECF 40], TOWN OF MIAMI LAKES MANAGER ALEX REY's [ECF 41], TOWN OF MIAMI LAKES FORMER MAYOR MICHAEL PIZZI's [ECF 42] Motion to Stay Discovery and For Partial Relief from the Court's Notice Setting Telephonic Status Conference and in support states the following:

    Defendants' Motion to Stay Discovery based on pending Motion to Dismiss for Qualified Immunity should be denied because all Defendants had the knowledge of the abuse of power, intimidation, retaliation, violation of civil rights against MR. ABELLA as a result for MR. ABELLA petitioned to redress of

1

grievances against Defendant OFFICER RODRIGUEZ and none of them stopped him.

Defendants' Qualified Immunity should be denied. All Defendants, acting under color of law acted with malice and retaliated against MR. ABELLA and violated MR. ABELLA's first amendments for MR. ABELLA exercising his First Amendment rights guaranteed under the United States Constitution.

Defendants's Motion to Stay Discovery is an effort to prevent MR. ABELLA from obtaining discovery necessary to move forward with his claims for Violation of Civil Rights, Harassment, Retaliation, etc.

Defendants have acted maliciously restricting and depriving MR. ABELLA to exercise his First Amendment rights either by expressing himself and/or by displaying a political sign in back of his vehicle, by petition to redress of grievances against Defendant OFFICER RODRIGUEZ.

A Motion to Stay Discovery must be viewed within the context of the overall purpose of discovery under the Federal Rules of Civil Procedure. "to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts and, therefore, embody a fair and just result." S.D. v. St. Johns County School District, 2009 WL 3231654 at *1 (M.D. Fla. 2009). For this reason, a party seeking to stay discovery bears the burden of showing both: (1) good cause and (2) reasonableness. Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Judge Corrigan has elucidated the dangers of motions to stay discovery:

> Such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems. As a result, a request to stay discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case.

Id. (citations omitted).

## **QUALIFIED IMMUNITY**

1. <u>MIAMI DADE POLICE OFFICER JUAN F. RODRIGUEZ</u>

    a) Defendant Officer Rodriguez is not entitled to Qualified Immunity because acting under color of law ordered MR. ABELLA to remove a political sign that was placed in back of MR. ABELLA's vehicle and threaten him with a Citation if the sign was not removed. Defendant OFFICER RODRIGUEZ violated MR. ABELLA's First Amendment rights and/or retaliated against MR. ABELLA as a result of MR. ABELLA exercising his First Amendment rights.

    b) Defendant Officer Rodriguez is not entitled to Absolute Immunity because MR. ABELLA has not stated any claim at all of the testimony that Defendant OFFICER RODRIGUEZ could have said at the Hearing for Permanent Injunction where he appeared as a witness to Town of Miami Lakes MANAGER ALEX REY. MR. ABELLA is claiming the fact that Defendant OFFICER RODRIGUEZ was brought as a witness where both Defendants had conspired before to "order MR. ABELLA to remove the political sign against TOWN MANAGER ALEX REY" that was placed in back of MR. ABELLA's vehicle.

2. <u>TOWN OF MIAMI LAKES MANAGER ALEX REY</u>

    a) Defendant Town of Miami Lakes Manager Alex Rey is not entitled to Qualified Immunity because acting under color of law wrongfully ordered Defendant OFFICER RODRIGUEZ to ask MR. ABELLA to remove a political sign that was placed in back of MR. ABELLA's vehicle and threatened him with a Citation if the sign was not removed. This is a political speech protected by the First Amendment rights under the United States Constitution. Defendant Town of Miami Lakes Manager Alex Rey violated MR. ABELLA's First Amendment rights and/or retaliated against MR. ABELLA as a result of MR. ABELLA exercising his First Amendment rights.

    b) Defendant Town of Miami Lakes Manager Alex Rey is not entitled to Qualified Immunity because acting under color of law wrongfully retaliated against MR. ABELLA for having a political sign in back of his vehicle against him and acted under Defendant Town of Miami Lakes Mayor Michael Pizzi's wrongfully threat to get an Injunction against MR. ABELLA or he would get one for him.

    c) Defendant Town of Miami Lakes Manager Alex Rey is not entitled to Qualified Immunity because acting under color of law wrongfully conspired to have MR. ABELLA arrested when MR. ABELLA was exercising his First Amendment right at an early voting precinct volunteering for a candidate running for office. Defendant TOWN MANAGER ALEX REY maliciously, provocative and pretending to be the victim went to where MR. ABELLA was to have him arrested.

d) Defendant Town of Miami Lakes Manager Alex Rey is not entitled to Qualified Immunity because acting under color of law and authorized by the Town of Miami Lakes to implement the Interlocal Agreement between the TOWN OF MIAMI LAKES and MIAMI DADE COUNTY opted to ignore the petition to redress for grievances against a MIAMI DADE COUNTY employee, Defendant OFFICER RODRIGUEZ, who acting the color of law began a new campaign of unlawful actions and the Town of Miami Lakes Manager deliberate indifference aggravated more the situation by ignoring the unbecoming attitude and behavior of a Police Officer that was assigned to the Town of Miami Lakes.

e) Defendant Town of Miami Lakes Manager Alex Rey opted to ignore and to implement the Articles already stipulated in the Interlocal Agreement and gave preference to Defendant OFFICER RODRIGUEZ to continue with his violation of civil rights, harassment and retaliation for MR. ABELLA exercising his First Amendment rights guaranteed under the United States Constitution.

f) Defendant Town of Miami Lakes Manager Alex Rey is not entitle to Qualified Immunity because he conspired with Defendants Town of Miami Lakes Former MAYOR MICHAEL PIZZI and OFFICER RODRIGUEZ to wrong MR. ABELLA in every way possible to suppress him from exercising his First Amendment rights as a result of displaying a political sign against the Town Manager Alex Rey and petition to redress of grievances against Defendant OFFICER RODRIGUEZ.

3. <u>TOWN OF MIAMI LAKES FORMER MAYOR MICHAEL PIZZI</u>
   a) Defendant Town of Miami Lakes Mayor Michael Pizzi is not entitled to Qualified Immunity because acting under color of law and as Head of the Town of Miami Lakes as it is stated in the Town Charter could have opted to suggest the Town Manager Alex Rey to implement the Interlocal Agreement between the TOWN OF MIAMI LAKES and MIAMI DADE COUNTY but he opted to ignore the petition to redress for grievances against a MIAMI DADE COUNTY employee, Defendant OFFICER RODRIGUEZ, who acting the color of law began a new campaign of unlawful actions and the Town of Miami Lakes Former Mayor Michael Pizzi's indifference aggravated more the situation by ordering the Town Manager to get an Injunction against MR. ABELLA ignoring the unbecoming attitude and behavior of a Police Officer that was assigned to the Town of Miami Lakes.
   b) Defendant Town of Miami Lakes Former Mayor Michael Pizzi is not entitled to Qualified Immunity because he conspired with Defendants Town of Miami Lakes Manager Alex Rey and OFFICER RODRIGUEZ to wrong MR. ABELLA in every way possible to suppress him from exercising his First Amendment rights as a result of displaying a political sign against the Town Manager Alex Rey and petition to redress of grievances against Defendant OFFICER RODRIGUEZ.
   c) Defendant Town of Miami Lakes Former Michael Pizzi is not entitled to Qualified Immunity because MR. ABELLA is almost sure that it was Town of Miami Lakes former Mayor Michael Pizzi that one who conspired with Town Manager Alex Rey to go to the precinct where MR. ABELLA was to provoke and to have him arrested.

4. <u>TOWN OF MIAMI LAKES AND MIAMI DADE COUNTY</u>

As local governments they should be punished for ignoring the residents well-being in the hands of the Law Enforcement Officers like Defendant OFFICER RODRIGUEZ with very poor training and who believes that he is above the law and threaten residents, like MR. ABELLA, for exercising their First Amendment rights verbally, by displaying political signs against elected officials, Town's staff, and against anything that goes in detriment of the residents rights and for participating as volunteer in a political campaign. Both local governments have responsibilities over Defendant OFFICER RODRIGUEZ's illegal actions. Both local governments should be brought to justice and have consequences because is not the first time that this police officer in particular is name in a Federal Lawsuit even though the pattern of his illegal actions are the same in both Federal cases that MR. ABELLA has filed with this Honorable Court.

**RETALIATION**

The Eleventh Circuit "and the Supreme Court have long held that state officials may not retaliate against private citizens because of the exercise of their First Amendment rights." Bennet, 423 F.3d at 1255-56 (collecting cases). The Eleventh Circuit "has held since at least 1988 that it is 'settle law' that the government may not retaliate against citizens for the exercise of First Amendment rights...." Id. 1256 (citations omitted). All the Defendants "were on notice and had 'fair warning' that retaliating" against MR. ABELLA for his opposition to TOWN OF MIAMI LAKES MANAGER ALEX REY, petition to redress of grievances, would violate MR. ABELLA's constitutional rights, and they will be liable under section 1983.

**WHEREFORE,** based on the foregoing reasons, Plaintiff, MR. ABELLA, Respectfully requests and prays that this honorable Court enter an Order:

1. Denying Defendant OFFICER JUAN RODRIGUEZ's Motion for Stay Discovery based on Qualified and Absolute Immunity and Denying Motion for Partial Relief from the Court's Notice Setting Telephonic Status Conference.

2. Denying Defendants TOWN OF MIAMI LAKES MANAGER ALEX REY's AND FORMER MAYOR MICHAEL PIZZI's Motion to Stay Discovery based on Qualified Immunity and Denying their Motion for Partial Relief from the Court's Notice Setting Telephonic Status Conference.

Dated March 11th, 2019                    Respectfully submitted,

                                          _____
                                          GUSTAVO ABELLA

7400 MIAMI LAKES DR., D-108
MIAMI LAKES, FL 33014
CELL: 305-305-6622
Email: gusabella4@gmail.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY That an original and a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant TOWN OF MIAMI LAKES MAYOR MICHAEL PIZZI's Motion to Dismiss was served this day, March 11th, 2019 on all parties of record.

                                          _____
                                          GUSTAVO ABELLA

## CERTIFICATE OF SERVICE
Case No. 18-cv-24889-GRAHAM/McALILEY
United States District Court, Southern District of Florida

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by mail on March 11th, 2019 on the following counsel:

Erick P. Hockman
Eric S. Kay
2225 Ponce de Leon Blvd., Suite 700
Coral Gables, FL 33134
(305) 854-0800
ehockman@wsh-law.com
jmessa@wsh-law.com

**Eric Samuel Kay**
Weiss Serota Helfman Cole , Bierman, P.L.
2525 Ponce de Leon Blvd.
Suite 700
Coral Gables, FL 33134
(305) 854-0800
Email: ekay@wsh-law.com

**David Steven Henry**
Kelley Kronenberg
8201 Peters Road
Suite 4000
Fort Lauderdale, FL 33324
(954) 370-9970
Email: dhenry@kelleykronenberg.com

Zachary Vosseler
Assistant County Attorney
Stephen P. Clark Center
111 N.W. First Street, Suite 2810
Miami Florida 33128
(305) 375-5151
Zach@miamidade.gov