UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-24889-GRAHAM/McALILEY

**GUSTAVO ABELLA,**
       **Plaintiff,**

       v.

**TOWN OF MIAMI LAKES, et al.,**
       **Defendants.**
_____/

### OFFICER JUAN RODRIGUEZ'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO STAY DISCOVERY AND FOR PARTIAL RELIEF FROM THE COURT'S NOTICE SETTING TELEPHONIC STATUS CONFERENCE

Defendant Officer Juan Rodriguez has moved for this Court to stay all discovery as to him in this action and for partial relief from the Court's Notice Setting Telephonic Status Conference pending the Court's resolution of his entitlement to qualified immunity and absolute immunity, as raised in his Partial Motion to Dismiss the Amended Complaint [ECF No. 31]. *See* Officer Juan Rodriguez's Motion to Stay Discovery and for Partial Relief from the Court's Notice Setting Telephonic Status Conference [ECF No. 40].

Co-Defendants Alex Rey and Michael Pizzi filed motions requesting the same or similar relief [ECF Nos. 41 & 42]. On March 11, 2019, Plaintiff Gustavo Abella filed a combined response to Defendants' motions [ECF No. 46]. That response consists of repeated allegations from his Amended Complaint and new legal arguments that go to the substance of his claims, rather than to the subject of any Defendant's stay motion.[1] Other than that, he cites a generic legal

---

[1] One point bears brief mention. Abella argues—inconsistently with his pleading—that Officer Rodriguez testified on Alex Rey's behalf at his injunction proceeding because "both Defendants had conspired before to order [Abella] to remove the political sign against [Rey] that was placed in the back of [Abella]'s vehicle." Pl.'s Resp. 3 (cleaned up). Notwithstanding the fact that a response to a motion to stay discovery is not the proper vehicle to include an improper sur-reply to an already-briefed motion to dismiss, Abella's own allegations make this newly described sequence of events impossible. In the Amended Complaint, he alleged that Officer Rodriguez testified at the injunction proceeding on May 12, 2016. Am. Compl. ¶ 26. He then alleged that on May 17, *five days later*, Officer Rodriguez ordered him to remove a sign critical of Rey from his car. *Id.* ¶¶ 24-27. It is not possible for Officer

1

standard governing motions to stay discovery. Pl.'s Resp. 2-3.

No part of Abella's response is germane to Officer Rodriguez's motion. Supreme Court and Eleventh Circuit case law do not grant a district court discretion to decide whether to stay discovery in a situation like this one—where a government officer has sought the stay pending resolution of immunity defenses he raised in a motion to dismiss. *See* Officer Rodriguez's Motion 2-3. In such circumstances, the officer is unequivocally entitled to a stay. *E.g.*, *Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11th Cir. 2017) (citing *Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996), and *Collins v. Sch. Bd. of Dade Cty.*, 981 F.2d 1203, 1204-06 (11th Cir. 1993)).

Accordingly, Officer Rodriguez respectfully requests that this Court (1) stay discovery in this action as to him pending the resolution of his motion to dismiss on qualified and absolute immunity grounds; (2) modify its Notice Setting Telephonic Status Conference to relieve him of the obligation at this time to report on the progress of discovery and the status of any potential settlement, or to predict a time for trial or final pretrial conference; and (3) grant any other relief the Court deems just and proper.

Dated: March 18, 2019.

Respectfully submitted,

ABIGAIL PRICE-WILLIAMS
MIAMI-DADE COUNTY ATTORNEY
Stephen P. Clark Center
111 N.W. First Street, Suite 2810
Miami, Florida 33128
(305) 375-5151

By:   /s/ Zach Vosseler
     Zach Vosseler
     Assistant County Attorney
     Florida Bar No. 1008856
     zach@miamidade.gov

*Counsel for Defendants Miami-Dade County and Officer Juan Rodriguez*

---

Rodriguez to have "conspired" with Rey ***prior to*** May 12, 2016, for the purpose of retaliating against Abella for displaying a sign that did not exist until May 17.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this day, March 18, 2019, on all counsel or parties of record in the manner indicated on the Service List below.

                                                   */s/ Zach Vosseler*
                                                   Zach Vosseler
                                                   Assistant County Attorney

## SERVICE LIST

*Abella v. Town of Miami Lakes*
**No. 18-cv-24889-GRAHAM/McALILEY**

Gustavo Abella
7400 Miami Lakes Drive, Apt. D108
Miami Lakes, Florida 33014
(305) 305-6622
gusabella4@gmail.com

*Plaintiff, pro se*

**Service via e-mail***

Eric P. Hockman
ehockman@wsh-law.com
Eric S. Kay
ekay@wsh-law.com
Weiss Serota Helfman Cole & Bierman, P.L.
2525 Ponce de Leon Boulevard, Suite 700
Coral Gables, Florida 33134
(305) 854-0800

*Counsel for Defendants Town of Miami Lakes and Alex Rey*

**Service via CM/ECF**

David S. Henry
dhenry@kelleykronenberg.com
Jordan M. Greenberg
jgreenberg@kelleykronenberg.com
Kelley Kronenberg
8201 Peters Road, Suite 4000
Fort Lauderdale, Florida 33324
(954) 370-9970

*Counsel for Defendant Michael Pizzi*

**Service via CM/ECF**

---

\*   Although the Plaintiff consented to receive Notices of Electronic Filing [ECF No. 8], he represented to Defendants' counsel that he has not yet been able to receive any filings via CM/ECF. Until he can resolve his issues with the system, he has consented to receive filings via e-mail.