UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-24889-GRAHAM/McALILEY

**GUSTAVO ABELLA,**
        **Plaintiff,**

v.

**TOWN OF MIAMI LAKES, et al.,**
        **Defendants.**
_____/

### OFFICER JUAN RODRIGUEZ'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT

Defendant Officer Juan Rodriguez, pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby files this amended Answer and asserts the following defenses to the Amended Complaint [ECF No. 26]. Any allegation not expressly admitted below is denied.

### INTRODUCTION

On April 29, 2019, this Court entered an Order [ECF No. 59] granting in part and denying in part Officer Rodriguez's Partial Motion to Dismiss the Amended Complaint [ECF No. 31]. The Court granted the motion to dismiss the sole count against Officer Rodriguez—Count II, alleging retaliation in violation of the First Amendment—except to the extent the claim arises from a finite number of encounters between the Plaintiff and Officer Rodriguez:

> Encounter 1 (June 8, 2016): Officer Rodriguez "followed and stalked and intimidated" Abella. [Am. Compl.] ¶ 28.
>
> Encounter 2 (June 26, 2016): Officer Rodriguez "was waiting for [Abella] to exit his home." *Id.* ¶ 29.
>
> Encounter 3 (September 13, 2016): Officer Rodriguez "appeared outside" Abella's residence and "followed, harassed, stalked, and intimidated" him "all the way to [his] bank." *Id.* ¶ 30.
>
> Encounter 4 (September 15, 2016): Officer Rodriguez "followed, intimidated and harassed" Abella "through Miami Lakes and onto the Palmetto Expressway." *Id.* ¶ 31.
>
> Encounter 5 (sometime between September and October 2016): Abella left his

house with magnets on his car supporting the campaign of a candidate for Miami Lakes Town Council, and Officer Rodriguez "followed, harassed and intimidated" him and "ma[de] hand gestures at" him. *Id.* ¶ 33.

Encounter 6 (December 6, 2016): Officer Rodriguez "followed, harassed and shouted" at Abella. *Id.* ¶ 37.

Encounter 7 (January 10, 2018): Officer Rodriguez "appeared and followed and harassed" Abella "making hand gestures." *Id.* ¶ 39.

Encounter 8 (January 11, 2018): Officer Rodriguez "followed, stalked and harassed" Abella. *Id.* ¶ 40.

Encounter 9 (February 6, 2018): Officer Rodriguez "appeared" outside Abella's residence and followed him to his bank. *Id.* ¶ 44.

Encounter 10 (March 1, 2018): Officer Rodriguez followed Abella until he pulled into his home. *Id.* ¶ 45.

Encounter 11 (March 7, 2018): Officer Rodriguez "followed and then drove parallel to [Abella's] car on the driver's side intimidating and harassing" his daughter "with disrespectable hand gesture[s]" as she drove the car. *Id.* ¶ 46.

Encounter 12 (October 4, 2018): Officer Rodriguez "appeared" and "harass[ed]," "threaten[ed]," and "intimidate[d]" Abella. *Id.* ¶ 47.

Order of Apr. 29, 2019 [ECF No. 59] at 12-13 ("Apr. 29 Order"). The Court "denie[d] Officer Rodriguez's motion to dismiss with respect to the encounters listed above," but "grant[ed] his motion as to ***all other conclusory claims***," which is to say, all claims based on anything other than that enumerated list of encounters.[1] *Id.* at 14 (emphasis added). With all that in mind, Officer Rodriguez answers the Amended Complaint.

## ANSWER

1.    Officer Rodriguez admits that the Plaintiff purports to bring an action pursuant to 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitution, and the laws of the State of Florida, but denies that Plaintiff has adequately pled any cause of action or is entitled to recover any damages from him.

2.    Officer Rodriguez admits that the Plaintiff purports to bring an action under the Constitution and laws of the United States, particularly the First and Fourteenth Amendments

---

[1] As well as the encounter of May 17, 2016 (as alleged in Paragraphs 24-27 of the Amended Complaint), which was not a subject of Officer Rodriguez's Motion to Dismiss. *See* [ECF No. 31] at 1, 2 & n.1.

2

to the U.S. Constitution, but denies that Plaintiff is entitled to any relief through this action.

3. Officer Rodriguez does not contest that this Court has jurisdiction over this action.

4. Officer Rodriguez admits that venue is proper.

5. Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.[2]

6. The Court dismissed the Town of Miami Lakes from this action. *See* Apr. 29 Order [ECF No. 59] at 6-9. Officer Rodriguez admits that the Town of Miami Lakes is geographically located within Miami-Dade County, Florida.

7. The Court dismissed Alex Rey from this action. *See* Apr. 29 Order [ECF No. 59] at 14-17.

8. The Court dismissed Michael Pizzi from this action. *See* Apr. 29 Order [ECF No. 59] at 18-20.

9. Officer Rodriguez admits that, at all relevant times, he was an officer in the Miami-Dade Police Department and was assigned to the Town of Miami Lakes. To the extent the remaining allegations in this paragraph arise out of the encounters between the Plaintiff and Officer Rodriguez described in Paragraphs 24-31, 33, 37, 39-40, and 44-47 of the Amended Complaint, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, the Court has dismissed any claim brought on that basis. *See* Apr. 29 Order [ECF No. 59] at 11-14.

10. Officer Rodriguez admits that, at all relevant times, he was an officer in the Miami-Dade Police Department and was assigned to the Town of Miami Lakes. He also admits that Plaintiff purports to sue him in his individual capacity. The Court dismissed the claim asserted against Officer Rodriguez in his official capacity. *See* Apr. 29 Order [ECF No. 59] at 21.

---

[2] Throughout this Answer, the phrase "this paragraph" refers to the paragraph of the Amended Complaint to which the paragraph of the Answer corresponds.

11. The Court dismissed Miami-Dade County from this action. *See* Apr. 29 Order [ECF No. 59] at 20-22. To the extent the remaining allegations in this paragraph arise out of the encounters between the Plaintiff and Officer Rodriguez described in Paragraphs 24-31, 33, 37, 39-40, and 44-47 of the Amended Complaint, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, the Court has dismissed any claim brought on that basis. *See* Apr. 29 Order [ECF No. 59] at 11-14.

12. Officer Rodriguez admits that he was named as a Defendant in *Abella v. Simon*, No. 11-cv-20152-CMA. To the extent the remaining allegations in this paragraph arise out of the encounters between the Plaintiff and Officer Rodriguez described in Paragraphs 24-31, 33, 37, 39-40, and 44-47 of the Amended Complaint, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, the Court has dismissed any claim brought on that basis. *See* Apr. 29 Order [ECF No. 59] at 11-14.

13. To the extent the allegations in this paragraph arise out of the encounters between the Plaintiff and Officer Rodriguez described in Paragraphs 24-31, 33, 37, 39-40, and 44-47 of the Amended Complaint, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, the Court has dismissed any claim brought on that basis. *See* Apr. 29 Order [ECF No. 59] at 11-14.

14. Officer Rodriguez admits that he was named as a Defendant in *Abella v. Simon*, No. 11-cv-20152-CMA. To the extent the remaining allegations in this paragraph refer to any act or omission by Officer Rodriguez, the Court dismissed any claim arising out of such allegations. *See* Apr. 29 Order [ECF No. 59] at 11-14. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

15-16. To the extent the allegations in these paragraphs refer to any act or omission by Officer Rodriguez, the Court dismissed any claim arising out of such allegations. *See* Apr. 29

Order [ECF No. 59] at 11-14. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

17-18.   The allegations in these paragraphs pertain to claims and/or parties that have been dismissed. *See generally* Apr. 29 Order [ECF No. 59].

19.   The Court dismissed any claim against Officer Rodriguez arising out of the allegations in this paragraph. *See* Apr. 29 Order [ECF No. 59] at 11-14.

20.   To the extent the allegations in this paragraph arise out of the encounters between the Plaintiff and Officer Rodriguez described in Paragraphs 24-31, 33, 37, 39-40, and 44-47 of the Amended Complaint, they are denied. To the extent they arise out of any other act or omission by Officer Rodriguez, the Court has dismissed any claim brought on that basis. *See* Apr. 29 Order [ECF No. 59] at 11-14. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

21.   To the extent the allegations in this paragraph refer to any act or omission by Officer Rodriguez, the Court dismissed any claim arising out of such allegations. *See* Apr. 29 Order [ECF No. 59] at 11-14. To the extent they refer to any other subject or individual, Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

22-23.   The Court dismissed any claim against Officer Rodriguez arising out of the allegations in these paragraphs. *See* Apr. 29 Order [ECF No. 59] at 11-14.

24-31.   Denied.

32.   Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

33. To the extent the allegations in this paragraph refer to Officer Rodriguez, they are denied. To the extent they refer to any other subject or individual, either (1) they pertain to claims and/or parties that have been dismissed, *see generally* Apr. 29 Order [ECF No. 59]; or (2) Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

34-36. The allegations in these paragraphs pertain to claims and/or parties that have been dismissed. *See generally* Apr. 29 Order [ECF No. 59].

37. Denied.

38. To the extent the allegations in this paragraph refer to any act or omission by Officer Rodriguez, the Court dismissed any claim arising out of such allegations. *See* Apr. 29 Order [ECF No. 59] at 11-14. To the extent they refer to any other subject or individual, either (1) they pertain to claims and/or parties that have been dismissed, *see generally* Apr. 29 Order [ECF No. 59]; or (2) Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

39-40. Denied.

41. The allegations in this paragraph pertain to claims and/or parties that have been dismissed. *See generally* Apr. 29 Order [ECF No. 59].

42-43. To the extent the allegations in this paragraph refer to any act or omission by Officer Rodriguez, the Court dismissed any claim arising out of such allegations. *See* Apr. 29 Order [ECF No. 59] at 11-14. To the extent they refer to any other subject or individual, either (1) they pertain to claims and/or parties that have been dismissed, *see generally* Apr. 29 Order [ECF No. 59]; or (2) Officer Rodriguez is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

44-47. Denied.

48. The Court dismissed any claim against Officer Rodriguez arising out of the allegations in this paragraph. *See* Apr. 29 Order [ECF No. 59] at 11-14. The other allegations in this paragraph pertain to claims and/or parties that have been dismissed. *See generally* Apr. 29 Order [ECF No. 59].

### Count I

49-61. The Court dismissed this claim. *See* Apr. 29 Order [ECF No. 59] at 6-9.

### Count II

62. Officer Rodriguez realleges and incorporates his responses to Paragraphs 1-48.

63. The Court dismissed the claim asserted against Officer Rodriguez in his official capacity. *See* Apr. 29 Order [ECF No. 59] at 21. Officer Rodriguez admits that that Plaintiff purports to sue him in his individual capacity. To the extent the remaining allegations in this paragraph arise out of the encounters between the Plaintiff and Officer Rodriguez described in Paragraphs 24-31, 33, 37, 39-40, and 44-47 of the Amended Complaint, they are denied. To the extent the allegations arise out of any other act or omission by Officer Rodriguez, the Court has dismissed any claim brought on that basis. *See* Apr. 29 Order [ECF No. 59] at 11-14.

64. To the extent the allegations in this paragraph arise out of the encounters between the Plaintiff and Officer Rodriguez described in Paragraphs 24-31, 33, 37, 39-40, and 44-47 of the Amended Complaint, they are denied. To the extent the allegations arise out of any other act or omission by Officer Rodriguez, the Court has dismissed any claim brought on that basis. *See* Apr. 29 Order [ECF No. 59] at 11-14.

65. Officer Rodriguez admits that, at all relevant times, he was an officer in the Miami-Dade Police Department and was assigned to the Town of Miami Lakes. To the extent the remaining allegations in this paragraph arise out of the encounters between the Plaintiff and Officer Rodriguez described in Paragraphs 24-31, 33, 37, 39-40, and 44-47 of the Amended Complaint, they are denied. To the extent the allegations arise out of any other act or omission by

Officer Rodriguez, the Court has dismissed any claim brought on that basis. *See* Apr. 29 Order [ECF No. 59] at 11-14.

66-69.  Denied.

70.  To the extent the allegations in this paragraph arise out of the encounters between the Plaintiff and Officer Rodriguez described in Paragraphs 24-31, 33, 37, 39-40, and 44-47 of the Amended Complaint, they are denied. To the extent the allegations arise out of any other act or omission by Officer Rodriguez, the Court has dismissed any claim brought on that basis. *See* Apr. 29 Order [ECF No. 59] at 11-14.

71.  The Court dismissed any claim against Officer Rodriguez arising out of the allegations in this paragraph. *See* Apr. 29 Order [ECF No. 59] at 11-14.

72-75.  To the extent the allegations in this paragraph arise out of the encounters between the Plaintiff and Officer Rodriguez described in Paragraphs 24-31, 33, 37, 39-40, and 44-47 of the Amended Complaint, they are denied. To the extent the allegations arise out of any other act or omission by Officer Rodriguez, the Court has dismissed any claim brought on that basis. *See* Apr. 29 Order [ECF No. 59] at 11-14.

### Count III

76-92.  The Court dismissed this claim. *See* Apr. 29 Order [ECF No. 59] at 14-17.

### Count IV

93-105.  The Court dismissed this claim. *See* Apr. 29 Order [ECF No. 59] at 18-20.

### Count V

106-114.  The Court dismissed this claim. *See* Apr. 29 Order [ECF No. 59] at 20-21.

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

## DEFENSES AND AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim upon which relief can be granted in that the facts alleged do not establish any cause of action.

2. Plaintiff has failed to state a claim under 42 U.S.C. § 1983 upon which relief can be granted in that there are no ultimate facts which would allow Plaintiff to proceed against Officer Rodriguez, and, thus, Plaintiff's claim must be dismissed with prejudice, with costs and fees awarded to Officer Rodriguez.

3. Officer Rodriguez is entitled to qualified immunity because his actions were objectively reasonable and within the scope of his discretionary authority as a police officer.

4. Officer Rodriguez is entitled to qualified immunity because he did not violate Plaintiff's constitutional rights.

5. Officer Rodriguez is entitled to qualified immunity because his conduct did not adversely affect any protected speech by Plaintiff.

6. Officer Rodriguez is entitled to qualified immunity because Plaintiff cannot establish a causal connection between any protected speech and any alleged retaliatory conduct by Officer Rodriguez.

7. Officer Rodriguez is entitled to qualified immunity because, even if he did violate a constitutional right of Plaintiff's, the unlawfulness of his conduct was not "clearly established at the time," *i.e.*, at the time of his conduct, the law was not "'sufficiently clear that every reasonable official would understand that what he is doing' is unlawful." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012), and *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

8. Officer Rodriguez is immune from liability for the acts complained of because he acted in a good faith belief that his actions were reasonable and constitutional and at no time did he act in contravention of any clearly established right of the Plaintiff.

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

9. Plaintiff's damages, if any, were the result, either in whole or in part, of the negligence or wrongdoing of Plaintiff. Therefore, Plaintiff's claims are barred or reducible to the full extent thereof.

10. Plaintiff's damages, if any, are barred or reducible in each instance that Plaintiff failed to mitigate damages.

11. To the extent that Plaintiff suffered any injuries as a result of facts alleged in the Amended Complaint, Officer Rodriguez is not the proximate cause of those injuries.

12. Officer Rodriguez is entitled to a setoff for all insurance or other proceeds received by Plaintiff for any alleged injuries or damages, as well as for the costs incurred by Officer Rodriguez in this federal proceeding.

13. Officer Rodriguez reserves the right to assert additional defenses as appropriate.

**WHEREFORE,** Defendant Juan Rodriguez respectfully requests that this Court dismiss the claims against him with prejudice and/or enter judgment in his favor; that the Court award him attorney's fees, litigation expenses, and costs, in accordance with applicable federal and state law; and that the Court award Defendant such other relief as the Court deems proper, equitable, and just.

Officer Rodriguez demands a trial by jury on all issues so triable.

Dated: May 8, 2019.

Respectfully submitted,

ABIGAIL PRICE-WILLIAMS
MIAMI-DADE COUNTY ATTORNEY
Stephen P. Clark Center
111 N.W. First Street, Suite 2810
Miami, Florida 33128

By:  /s/ Zach Vosseler
Zach Vosseler
Assistant County Attorney
Florida Bar No. 1008856
(305) 375-5151
zach@miamidade.gov

*Counsel for Defendant Officer Juan Rodriguez*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this day, May 8, 2019, on all counsel of record via CM/ECF and on Plaintiff Gustavo Abella via email at gusabella4@gmail.com.

>                             /s/ *Zach Vosseler*
>                             Zach Vosseler
>                             Assistant County Attorney

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151