UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-24889-GRAHAM/McALILEY

**GUSTAVO ABELLA,**
    **Plaintiff,**

  v.

**TOWN OF MIAMI LAKES, et al.,**
    **Defendants.**
_____/

**JUAN RODRIGUEZ'S RESPONSE IN OPPOSITION TO
<u>PLAINTIFF'S MOTION TO STRIKE</u>**

  Defendant Juan Rodriguez files this response in opposition to Plaintiff Gustavo Abella's Motion to Strike Defendant Juan Rodriguez's Amended Answers and Affirmative Defenses and to Deny Qualified Immunity [ECF No. 68].

  On April 29, 2019, this Court entered an Order [ECF No. 59] granting in part and denying in part Officer Rodriguez's Partial Motion to Dismiss the Amended Complaint [ECF No. 31]. The Court granted the motion to dismiss the sole claim against Officer Rodriguez—Count II, alleging retaliation in violation of the First Amendment—except to the extent the claim arises from a finite number of encounters between Abella and Officer Rodriguez:

> Encounter 1 (June 8, 2016): Officer Rodriguez "followed and stalked and intimidated" Abella. [Am. Compl.] ¶ 28.
>
> Encounter 2 (June 26, 2016): Officer Rodriguez "was waiting for [Abella] to exit his home." *Id.* ¶ 29.
>
> Encounter 3 (September 13, 2016): Officer Rodriguez "appeared outside" Abella's residence and "followed, harassed, stalked, and intimidated" him "all the way to [his] bank." *Id.* ¶ 30.
>
> Encounter 4 (September 15, 2016): Officer Rodriguez "followed, intimidated and harassed" Abella "through Miami Lakes and onto the Palmetto Expressway." *Id.* ¶ 31.
>
> Encounter 5 (sometime between September and October 2016): Abella left his house with magnets on his car supporting the campaign of a candidate for Miami Lakes Town Council, and Officer Rodriguez "followed, harassed and intimidated"

1

him and "ma[de] hand gestures at" him. *Id.* ¶ 33.

Encounter 6 (December 6, 2016): Officer Rodriguez "followed, harassed and shouted" at Abella. *Id.* ¶ 37.

Encounter 7 (January 10, 2018): Officer Rodriguez "appeared and followed and harassed" Abella "making hand gestures." *Id.* ¶ 39.

Encounter 8 (January 11, 2018): Officer Rodriguez "followed, stalked and harassed" Abella. *Id.* ¶ 40.

Encounter 9 (February 6, 2018): Officer Rodriguez "appeared" outside Abella's residence and followed him to his bank. *Id.* ¶ 44.

Encounter 10 (March 1, 2018): Officer Rodriguez followed Abella until he pulled into his home. *Id.* ¶ 45.

Encounter 11 (March 7, 2018): Officer Rodriguez "followed and then drove parallel to [Abella's] car on the driver's side intimidating and harassing" his daughter "with disrespectable hand gesture[s]" as she drove the car. *Id.* ¶ 46.

Encounter 12 (October 4, 2018): Officer Rodriguez "appeared" and "harass[ed]," "threaten[ed]," and "intimidate[d]" Abella. *Id.* ¶ 47.

Order [ECF No. 59] at 12-13. The Court "denie[d] Officer Rodriguez's motion to dismiss with respect to the encounters listed above," but "grant[ed] his motion as to ***all other conclusory claims***," which is to say all claims based on anything other than that enumerated list of encounters.[1] *Id.* at 14 (emphasis added).

Following those instructions, Officer Rodriguez filed his Amended Answer and Affirmative Defenses [ECF No. 61]. In compliance with Rule 8(b), he admitted and denied the Amended Complaint's allegations as appropriate. And in compliance with Rule 8(c), he stated several affirmative defenses.

The instant motion reveals that Abella is not satisfied with Officer Rodriguez following the Court's instructions and properly shouldering his burden under Rule 8. Abella seeks to strike the document in its entirety because, in essence, he believes his bare allegations—without any supporting evidence—entitle him to *judgment*. He is mistaken.

As a general matter, the motion should be denied for failure to comply with Local Rule

---

[1] As well as the encounter of May 17, 2016 (as alleged in Paragraphs 24-27 of the Amended Complaint), which was not a subject of Officer Rodriguez's Motion to Dismiss. *See* [ECF No. 31] at 1, 2 & n.1.

7.1(a), which provides that "Every motion when filed **shall** incorporate a memorandum of law citing supporting authorities . . . ." S.D. Fla. L.R. 7.1(a) (emphasis added). In violation of this clear rule, Abella's motion contains not a single supporting authority—not even an identification of the Federal Rule that governs motions to strike. Instead, the eight pages contain recapitulations and regurgitations of the allegations of the Amended Complaint. That Abella is proceeding here *pro se* does not excuse his failure to comply with applicable procedural rules, including the Local Rules. *See Moton v. Cowart*, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011); *Hodges v. Harrison*, — F. Supp. 3d —, —, 2019 WL 1468560, at *2 (S.D. Fla. Feb. 8, 2019). In fact, this Court informed Abella during the Scheduling Conference held on May 8, 2019, that he should review the Local Rules. His failure to include a memorandum of law or cite one authority supporting his claims evinces that he has not done so; and that failure should be fatal to his motion.

Even if the Court excuses Abella's failure to append the required memorandum of law, the motion should still be denied. Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[S]triking a defense from a pleading is a drastic remedy generally disfavored by courts." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 680 (S.D. Fla. 2015). "For that reason, a motion to strike an affirmative defense is typically denied unless the defense (1) has no possible relation to the controversy, (2) may cause prejudice to one of the parties, or (3) fails to satisfy the general pleading requirements of Rule 8 . . . ." *Id.*

Abella's complaints about Officer Rodriguez's affirmative defenses do not meet any of the three prerequisites to striking. Nor could they, as the affirmative defenses comply with Rule 8(c), which requires Officer Rodriguez only to "give the plaintiff 'fair notice' of the nature of a defense and the grounds on which it rests.'" *Id.* at 682 (quoting *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013)); *see also Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988) ("The purpose of Rule 8(c) is simply to guarantee that the [plaintiff] has notice of any ad-

ditional issue that may be raised at trial so that he or she is prepared to properly litigate it."). The asserted defenses have given Abella the required fair notice. Abella may dispute whether Officer Rodriguez is entitled to prevail on the defenses he raised, but resolution of that dispute is premature at this stage—before the parties have exchanged initial disclosures, much less engaged in discovery on Abella's claims. *See Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962) ("[T]he courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." (footnote omitted)).[2]

As for Abella's attempt to strike Officer Rodriguez's factual denials, although Rule 12(f) permits a court to strike insufficient ***defenses***, it cannot be used to strike factual ***denials*** contained within a defendant's answer, unless the plaintiff affirmatively shows that those denials are "redundant, immaterial, impertinent, or scandalous." *See Eres v. Progressive Am. Ins. Co.*, No. 17-2354, 2018 WL 5084724, at *1 (M.D. Fla. Sept. 26, 2018) (denying motion to strike denials in defendant's answer where plaintiff "failed to cite a single case to support her desired use of Rule 12(f) to strike denials"). "Even assuming *arguendo* that Rule 12(f) is an appropriate vehicle to strike [Officer Rodriguez]'s denials, [Abella] has failed to establish that the denials constitute insufficient defenses or redundant, immaterial, impertinent, or scandalous matter." *Id.* Officer Rodriguez has fully complied with his burden under Rule 8(b), which requires him simply to "admit or deny the allegations asserted against [him] by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). Like he did with Officer Rodriguez's defenses, Abella takes issue with Officer Rodriguez's denials because he disputes the facts of the underlying incidents. Such disputes are not the proper subject of a motion to strike. *See Augustus*, 306 F.2d 868 ("A disputed question of fact cannot be decided on motion to strike. . . . Under such circumstances, the court may properly, and we think should, . . . leave the sufficiency of the allegations for determination on the merits."); *cf. Eres*, 2018 WL 5084724, at *2 ("Although Plaintiff and Defendant clearly have different interpretations of

---

[2] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

what occurred in the underlying tort action, the Court declines Plaintiff's invitation to tamper with Defendant's Answer. The parties' dispute is best resolved through discovery.").

Finally, the Court should reject Abella's proposal to deny Officer Rodriguez qualified immunity. An officer is entitled to raise the defense at successive stages of litigation. *See Behrens v. Pelletier*, 516 U.S. 299, 306 (1996). So although the Court ruled that Abella's allegations were sufficient to prevent a finding of qualified immunity at the motion to dismiss stage, that ruling does not foreclose Officer Rodriguez's ability to raise the defense both at summary judgment and at trial.

The Court should additionally refuse to deny qualified immunity because Abella's motion, by citing no precedent, necessarily fails to meet his burden to identify "existing precedent" that places the constitutional question of Officer Rodriguez's conduct "beyond debate," such that "***every*** 'reasonable official would have understood that what he is doing violates'" a specifically defined constitutional right. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (emphasis added) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)); *see also District of Columbia v. Wesby*, 138 S. Ct. 577, 589-90 (2018) (explaining that the legal rule a plaintiff claims is "clearly established" must have "a sufficiently clear foundation in then-existing precedent," such that it is considered "settled law" (cleaned up)); *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) ("The dispositive question is 'whether the violative nature of ***particular*** conduct is clearly established,'" a question that "'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" (quoting *al-Kidd*, 563 U.S. at 742, and *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam))).

The Court should not prejudice Officer Rodriguez by striking any factual denial or affirmative defense, or by depriving him of qualified immunity, without affording him the opportunity to conduct discovery to fairly defend against Abella's allegations.

The motion to strike should be denied.

Dated: May 16, 2019.

Respectfully submitted,

ABIGAIL PRICE-WILLIAMS
MIAMI-DADE COUNTY ATTORNEY
Stephen P. Clark Center
111 N.W. First Street, Suite 2810
Miami, Florida 33128

By:  /s/ Zach Vosseler
Zach Vosseler
Assistant County Attorney
Florida Bar No. 1008856
(305) 375-5151
zach@miamidade.gov

*Counsel for Defendant Officer Juan Rodriguez*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this day, May 16, 2019, on the Plaintiff via email at gusabella4@gmail.com.

 /s/ Zach Vosseler
Zach Vosseler
Assistant County Attorney