UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-24889-GRAHAM/McALILEY

**GUSTAVO ABELLA,**
        **Plaintiff,**

v.

**TOWN OF MIAMI LAKES, et al.,**
        **Defendants.**
_____/

### DEFENDANT JUAN RODRIGUEZ'S *EXPEDITED* MOTION TO CONTINUE ALL DEADLINES BY THIRTY DAYS OR, ALTERNATIVELY, TO STRIKE BELATEDLY DISCLOSED DAMAGES

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Defendant Miami-Dade Police Officer Juan Rodriguez respectfully moves for an order continuing all deadlines in this matter by thirty days. Officer Rodriguez served discovery requests on Plaintiff Gustavo Abella on May 31, 2019. After *two* separate extensions of time to comply with his discovery obligations (totaling 24 days), Abella served his responses on July 25th. In those responses, Abella claims *for the first time* that he suffered both physical and mental injuries as a result of Officer Rodriguez's alleged conduct. Abella did not mention either physical or mental injuries in his pleadings, nor did he include them as damages categories in his initial disclosures.

Under Local Rule 7.2(d)(2), Officer Rodriguez designates this as an *Expedited Motion* because, per the Scheduling Order [ECF No. 63], the Court's deadline for the parties to exchange expert disclosures is ***tomorrow***, July 31, 2019,[1] but the unfair surprise of Abella's revelation prejudices Officer Rodriguez, who was not on notice of claims of either physical or mental injuries until six days before that deadline.

---

[1] In an attempt to resolve these percolating issues, the undersigned offered to Plaintiff's counsel (and Plaintiff's counsel agreed) to informally extend the expert disclosure deadline and rebuttal deadline to August 16th and August 30th, respectively. However, out of respect for the Scheduling Order and in the interest of preserving Officer Rodriguez's rights, he seeks a formal extension of deadlines.

The following good cause supports this motion.

1. In this lawsuit, Abella alleges that Officer Rodriguez engaged in retaliatory conduct in violation of his First Amendment rights.

2. The Amended Complaint limits Officer Rodriguez's conduct to several claimed encounters during which Officer Rodriguez allegedly "followed," "stalked," "intimidated," or "harassed" Abella, or "made rude hand gestures at him." *See* [ECF No. 26].

3. The Amended Complaint contains no allegations of physical contact between Abella and Officer Rodriguez.

4. The Amended Complaint contains no allegations of emotional distress.

5. Officer Rodriguez moved to dismiss both the Complaint and the Amended Complaint on the basis of qualified immunity, so he was not required to participate in discovery pending the Court's resolution of the motion to dismiss on that basis. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11th Cir. 2017) (explaining that district courts "effectively den[y] immunity" when they require officers "to further defend from liability while immunity issue remain[s] pending," including by forcing participation in discovery).

6. Apart from that, under Fed. R. Civ. P. 26(d)(1), no party could have sought discovery prior to the parties' Rule 26(f) conferral, which occurred shortly before the parties filed the Joint Status Report on March 22, 2019 [ECF No. 53].

7. This Court entered a scheduling order on May 8, 2019 [ECF No. 63], setting the discovery deadline as September 13, 2019; setting the deadline to disclose expert information as July 31, 2019; setting the deadline to file motions for summary judgment as September 20, 2019; and setting the case for trial during the two-week period beginning November 25, 2019.

8. Abella, who at the time was proceeding *pro se*, served his initial disclosures on Officer Rodriguez on May 28th.

9. Although Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a party to disclose "a computation of each category of damages claimed," Abella claimed $7 million in a single category: "all the damages that Defendant Officer Juan F. Rodriguez caused." *See* Pl.'s Initial Disclosures 5, attached as ***Exhibit 1***.

10. Officer Rodriguez served a set of discovery requests on Abella on May 31st.

11. Among those requests were Interrogatory Nos. 12 and 13, which required Abella to state whether he was seeking damages for physical or mental/psychological/emotional injuries. *See* Def.'s First Set of Interrogs. 19-20, attached as ***Exhibit 2***.

12. Abella did not respond to Officer Rodriguez's requests by the date they were due—July 1, 2019.

13. On the morning of July 2nd, before the undersigned could contact Abella to discuss the missed response deadline, attorney Eric Boos of Shook Hardy & Bacon L.L.P. filed a Notice of Appearance on Abella's behalf [ECF No. 77].

14. The undersigned immediately contacted counsel via email to inquire about the status of the overdue discovery responses. During a later telephone call, counsel informed that he would review Officer Rodriguez's discovery requests and "advise as to our anticipated timeframe for responding no later than" the following day—July 3rd.

15. Plaintiff's counsel did not advise the undersigned by July 3rd as stated.

16. When on July 8th the undersigned still had not received a response from Plaintiff's counsel, he e-mailed to re-inquire when to expect Abella's discovery responses. Plaintiff's counsel requested an additional fourteen days to respond, making the new deadline July 22, 2019. Given that counsel had newly appeared in the case, the undersigned did not object.

17.     On July 9th, a second lawyer, attorney Anne-Solenne Rolland of Lee Hernandez Landrum & Carlson APC, filed a Notice of Appearance on Abella's behalf [ECF No. 81].

18.     On July 22nd—the new deadline for serving Abella's discovery responses—Plaintiff's counsel contacted the undersigned via email, informing that Abella's discovery responses were still not finished. Counsel explained that Abella's mother had been in the hospital and that Abella and his wife had been taking turns staying with her. Counsel requested a *second* extension of time to comply—an additional seven days. Expressing a desire to appear before Magistrate Judge McAliley for a discovery hearing as soon as possible in the event the forthcoming responses were incomplete,[2] the undersigned agreed to an extension only until Thursday, July 25, at noon.

19.     Plaintiff's counsel served Abella's responses at 12:01 p.m. on July 25th.

20.     Abella objected and/or provided partial responses to 14 of Officer Rodriguez's 24 interrogatories.

21.     Of the interrogatories Abella *did* answer in full, he claimed (for the first time) that Officer Rodriguez's conduct has caused him both physical and mental injuries.

22.     Specifically, in response to Interrogatory No. 10, which asked him to "Describe in detail any injuries, problems, medical diagnoses, or conditions (physical or mental) that you have had since January 1, 2007," Abella stated, in part:

> With respect to injuries that Plaintiff asserts were caused by Officer Rodriguez'[s] harassment and retaliation, Plaintiff states that he was seen at the Memorial West Emergency Room sometime in mid-2017 for chest pains induced by stress caused by Officer Rodriguez' [sic] near-constant harassment.

Pl.'s Answers to Interrogs. 10-11, attached as *Exhibit 3*. (The response to Interrogatory No. 12[3]

---

[2] The undersigned anticipated that issues were certain to arise—and communicated as much to Plaintiff's counsel—given counsel's representation that little to no documents were likely to be produced by then.

[3] Interrogatory No. 12 asked: "Do you contend that you suffered physical injuries as a result of the events alleged in your Amended Complaint? If so, describe each physical injury for which you are claiming you suffered damages that you attribute to Officer Rodriguez, specifying the part of your body that was injured, the nature of the injury, the person or persons who caused the injury, the specific acts that caused the injury, and, as to any injuries you contend are permanent, specifying the nature of the permanent injuries and the effects on you that you claim are permanent." Def.'s First Set of Interrogs. 19.

cross-referenced the response to Interrogatory No. 10. *See id.* at 11.)

23. Then, in response to Interrogatory No. 13, in which Abella was asked, "Do you contend that you have suffered mental, emotional, or psychological harm as a result of the events alleged in your Amended Complaint? If so, and with regard to harm attributable to Officer Rodriguez, describe the specific nature of the psychological harm," Abella responded:

> As a result of the Encounters alleged in the First Amended Complaint, Plaintiff has suffered great fear, emotional distress, mental anguish, mental pain, and suffering. This strain has negatively impacted Plaintiff's relationships with his wife, daughter, and relatives. Furthermore, Officer Rodriguez' [*sic*] harassment has caused Plaintiff to fear the police and other governmental authority figures, causing him to hesitate or refrain from reporting various misconduct, crimes committed against him, his family, and his friends and neighbors. In addition, these injuries make it difficult for Plaintiff to sustain employment and to actively participate in the day-to-day activities that he previously enjoyed.

*Id.* at 12.

24. Should Officer Rodriguez wish to retain any experts on these brand-new damages claims, the Court-ordered deadline to exchange expert witness information pursuant to Fed. R. Civ. P. 26(a)(2) is ***tomorrow***.

25. Moreover, during extended telephonic conferral, Plaintiff's counsel advised that they would object to both a mental and physical examination in accordance with Fed. R. Civ. P. 35. The discovery deadline in September 13, 2019. Consequently, Officer Rodriguez must now (1) hire qualified experts to examine Plaintiff under Rule 35, (2) litigate his entitlement to Rule 35 examinations, (3) schedule the examinations, and (4) permit the examiners time to produce reports in accordance with Rule 35.

26. The examiners will also want to review Abella's complete discovery responses, which, as of this writing, remain incomplete. The parties plan to appear before Magistrate Judge McAliley on Friday, August 2, to address the deficiencies those responses. *See* Notice of Hearing [ECF No. 84].

27. The undersigned is cognizant that this Court views extensions of time with extreme disfavor, *see* [ECF No. 22] at 1 ("**No additional extensions of time by either side will be considered throughout the remainder of the litigation.**" (emphasis in original)), which is why Officer Rodriguez has never requested one, even when other parties have. *See* [ECF No. 16] (motion for extension of time to respond to initial Complaint filed by former defendants Town of Miami Lakes and Alex Rey); [ECF No. 21] (motion for extension of time to respond to initial Complaint filed by former defendant Mike Pizzi).

28. That said, the Court did state in the Scheduling Order that "compelling circumstances" may justify modification of the schedule. [ECF No. 63] at 7-8. Compelling circumstances are present here.

29. It is unreasonable for Abella to have ambushed Officer Rodriguez with brand-new damages claims nearly two months after Officer Rodriguez requested discovery, leaving him with essentially no time (namely, six days) to retain expert witnesses to defend against those claims. It is especially unreasonable in light of (1) Abella's failure to comply with his obligation under Fed. R. Civ. P. 26(e)(1)(A) to supplement or correct his initial disclosure to provide for categories and calculations of physical and mental damages; (2) the fact that Abella has not been deposed (and could not be deposed before he responded to the interrogatories or produced documents); (3) the fact that Officer Rodriguez has not yet received Abella's medical records;[4] and (4) Abella's resistance to a number of Officer Rodriguez's discovery requests relating directly to damages—most notably objecting to interrogatories questioning his medical history and medications. *See* Pl.'s Answers to Interrogs. 10-11.

30. Accordingly, Officer Rodriguez seeks an order extending all deadlines in this matter by thirty days.

---

[4] The undersigned was informed this afternoon by Plaintiff's counsel that Abella has provided them a single medical record which, they state, likely reflects the only time Abella has seen a medical professional in the last ten years. The undersigned expects to receive a copy of that document within the next day.

31.     This request is made in good faith and not for purposes of delay. The relief will not prejudice any party, but the relief *will* affect the trial date.

32.     The undersigned conferred with Abella's counsel prior to filing this motion. Abella's counsel stated that they would not object to a 16-day extension of the expert disclosure and rebuttal expert disclosure deadlines (to August 16th and August 30th, respectively). Counsel otherwise opposes any relief.

33.     If the Court does not extend the deadlines, then Officer Rodriguez will have suffered prejudice because he will be unable to make use of experts under Rules 26 and 35 to defend against Abella's newly disclosed damages. Under these circumstances, the Court can alternatively cure the prejudice by striking Plaintiff's belatedly disclosed damages. *See* Fed. R. Civ. P. 37(c)(1) (a party is not allowed to use information that was not properly disclosed under Rule 26(a) unless the failure to disclose was substantially justified or harmless).

A proposed order accompanies this motion, attached as *Exhibit 4*.

WHEREFORE, Officer Rodriguez respectfully requests an order extending all deadlines in this action for thirty days or, in the alternative, striking Plaintiff's belatedly disclosed damages.

Dated: July 30, 2019.

Respectfully submitted,

ABIGAIL PRICE-WILLIAMS
MIAMI-DADE COUNTY ATTORNEY
Stephen P. Clark Center
111 N.W. First Street, Suite 2810
Miami, Florida 33128
(305) 375-5151

By:   /s/ Zach Vosseler
      Zach Vosseler
      Florida Bar No. 1008856
      zach@miamidade.gov

      Bernard Pastor
      Florida Bar No. 46852
      pastor@miamidade.gov
      Assistant County Attorneys

*Counsel for Defendant Juan Rodriguez*

## CERTIFICATE OF SERVICE

I certify that on this 30th day of July, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that a true and correct copy of the foregoing was served this day on all counsel of record via CM/ECF.

                                                       */s/ Zach Vosseler*
                                                       Zach Vosseler
                                                       Assistant County Attorney

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151