UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-cv-24889-GRAHAM/McALILEY

GUSTAVO ABELLA,
                    Plaintiff,

        v.

TOWN OF MIAMI LAKES, et al.,
                    Defendants.
_____/

DEFENDANT JUAN RODRIGUEZ'S AMENDED *EXPEDITED* MOTION FOR AN
ORDER REQUIRING PLAINTIFF TO SUBMIT TO MENTAL EXAMINATION

     Pursuant to Rule 35 of the Federal Rules of Civil Procedure, Defendant Miami-Dade Police Officer Juan Rodriguez moves for an order requiring Plaintiff Gustavo Abella to submit to a mental examination to be conducted by a licensed clinical psychologist, Dr. Michael P. Brannon, Psy.D.[1] Officer Rodriguez also seeks, pursuant to Fed. R. Civ. P. 37(b)(2)(C), to recoup the reasonable expenses, including attorney's fees, incurred in preparing and drafting this motion, based on the Plaintiff's and his counsel's failure to comply with this Court's duly issued order.

## INTRODUCTION

     On August 5, 2019, this Court issued an Order Following Discovery Hearing on August 2, 2019 [ECF No. 89], memorializing its rulings from the August 2nd hearing (1) that the Plaintiff had placed both his physical and mental conditions "in controversy" under Rule 35, and (2) that there was good cause for Officer Rodriguez to seek to have Abella submit to Rule 35 examinations. Plaintiff's counsel has balked at those rulings and at this Court's unambiguous instructions that they cooperate with Officer Rodriguez's counsel in expeditiously scheduling

---

[1]   At the discovery hearing, the Court ruled that if the Plaintiff gave written notice to Officer Rodriguez, no later than August 5, 2019, that he withdraws his assertion that Officer Rodriguez's behavior was the cause of the chest pain he experienced in mid-2017, then Officer Rodriguez would not notice a Rule 35 examination of the Plaintiff by a cardiologist. [ECF No. 89] at 2 n.1. The Plaintiff did not give that notice, so Officer Rodriguez will proceed with preparing a motion scheduling a Rule 35 cardiology exam. That motion and corresponding proposed order is forthcoming and will be filed by this Court's deadline of Friday, August 9.

the Rule 35 exams because they "intend to object" to this Court's order.[2] No legal authority permits a party or his counsel to disobey a duly issued discovery order by a magistrate judge while they wait out the possibility of a district judge's reversal. In fact, the great weight of authority demands compliance unless and until an order is stayed or an appeal is successful.

Officer Rodriguez designates this as an ***Expedited Motion*** under Southern District of Florida Local Rule 7.2(d)(2) for three reasons. First, the close of discovery in this case is September 20, 2019. Second, as this Court recognized during the discovery hearing, Rule 35 examinations must be scheduled in the very near future to allow enough time for the examiners to prepare reports far enough in advance of that date that the parties can depose them if necessary. And third, the Court has already ruled that the "in controversy" and "good cause" requirements of Rule 35 are met, so all that is left to decide is whether the examiner is qualified and whether the time, place, and scope of the examination are reasonable.[3]

A ruling on this motion is requested by Monday, August 12, 2019.

## BACKGROUND

On May 8, 2019, Judge Graham entered an Order of Reference in which, under 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, he referred all discovery matters to this Court "to take all necessary and proper action as required by law." [ECF No. 66] at 1. The Order of Reference attached a document containing the discovery procedures that "apply to all civil cases assigned to United States District Court Judge Donald L. Graham." *Id.* at 2. Three of those procedures are relevant to this motion: (1) parties ***should not*** file written discovery motions; (2) counsel for the parties "**must** actually confer (in person or via

---

[2]   The original version of this motion stated that Plaintiff's counsel "refuse to provide so much as the dates that the Plaintiff is available because they 'intend to object' to this Court's order." Minutes before that motion was filed, as Officer Rodriguez was in the process of filing, Plaintiff's counsel sent an email, which, *inter alia*, provided a single date, August 23, but stated that they would produce the Plaintiff on that date ***only*** if Judge Graham affirmed this Court's order over their objection. *See* Email Correspondence, attached as ***Exhibit 1***, at 2.

[3]   The original version of this motion stated that these were "issues on which the Plaintiff has improperly refused to confer in good faith, thereby waiving any right to object to the relief sought under Local Rule 7.1(a)(3)." As their recent email did contain several objections to the scope of the examination, Officer Rodriguez notes that they object to the relief sought. *See* Ex. 1, at 1-2; Certificate of Good Faith Conference, *infra*.

telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes **_before_** seeking court intervention"; and (3) "[i]f, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, the moving party shall file a notice that briefly sets forth the nature of the dispute, without argument, and sets the matter on the discovery calendar for the following week." *Id.* (emphases in original).

On July 30, 2019, the undersigned participated in a telephonic conferral with one of the Plaintiff's two attorneys regarding several discovery issues that arose following service of the Plaintiff's responses to Officer Rodriguez's initial discovery requests. The undersigned expressed a desire to seek a Court order requiring the Plaintiff to submit to physical and mental examinations under Federal Rule of Civil Procedure 35. As grounds, the undersigned stated that the Plaintiff's answers to Interrogatories 10[4] and 12[5] had put his cardiac health "in controversy" and his answer to Interrogatory 13[6] had put his mental pain and suffering "in controversy," satisfy-

---

[4] **Interrogatory No. 10:** Describe in detail any injuries, problems, medical diagnoses, or conditions (physical or mental) that you have had since January 1, 2007.

**Response:** Plaintiff objects to this Interrogatory as irrelevant, outside the Relevant Time Period, and disproportionate to the needs of this case. With respect to injuries that Plaintiff asserts were caused by Officer Rodriguez' [*sic*] harassment and retaliation, Plaintiff states that he was seen at the Memorial West Emergency Room sometime in mid-2017 for chest pains induced by stress caused by Officer Rodriguez' [*sic*] near-constant harassment. Plaintiff has requested the relevant medical records related to this event and will supplement these interrogatories upon receiving them.

Pl.'s Answers to Interrogs. 10-11 [ECF No. 85-3].

[5] **Interrogatory No. 12:** Do you contend that you suffered physical injuries as a result of the events alleged in your Amended Complaint? If so, describe each physical injury for which you are claiming you suffered damages that you attribute to Officer Rodriguez, specifying the part of your body that was injured, the nature of the injury, the person or persons who caused the injury, the specific acts that caused the injury, and, as to any injuries you contend are permanent, specifying the nature of the permanent injuries and the effects on you that you claim are permanent.

**Response:** See response to Interrogatory No. 10, *supra.*

Pl.'s Answers to Interrogs. 11.

[6] **Interrogatory No. 13:** Do you contend that you have suffered mental, emotional or psychological harm as a result of the events alleged in your Amended Complaint? If so, and with regard to harm attributable to Officer Rodriguez, describe the specific nature of the psychological harm.

**Response:** As a result of the Encounters alleged in the First Amended Complaint, Plaintiff has suffered great fear, emotional distress, mental anguish, mental pain, and suffering. This strain has negatively impacted Plaintiff's relationships with his wife, daughter, and relatives. Furthermore, Officer Rodriguez' harassment has caused Plaintiff to fear the police and other governmental authority figures, causing him to hesitate or refrain from reporting various misconduct, crimes committed against him, his family, and his friends and neighbors. In addition, these injuries make it difficult for Plaintiff to sustain employment and to actively participate in the day-to-day activities that he previously enjoyed.

Pl.'s Answers to Interrogs. 12.

ing the requirement of Fed. R. Civ. P. 35(a)(1).

Plaintiff's counsel initially stated that they would object to a physical exam but would not object to a mental exam, but reversed course later in the conversation and stated that they would object to both. Therefore, unable to reach an agreement on the entitlement to Rule 35 exams, the undersigned filed a Notice of Hearing placing the matter on this Court's calendar for Friday, August 2, at 3:00 p.m. [ECF No. 84]. The Notice described the issue as follows:

> The parties dispute whether Defendant Officer Juan Rodriguez may file a motion under Federal Rule of Civil Procedure 35 to require Plaintiff Gustavo Abella to sit for independent medical examinations. Officer Rodriguez's position is that Abella's responses to Interrogatories 10, 12, and 13 have put his physical and/or mental condition at issue sufficient to justify the IMEs. Abella disagrees.

*Id.* at 1.

Later that evening, Plaintiff's counsel sent an email asking the undersigned to correct the Notice of Hearing to clarify that the Plaintiff did not object to Officer Rodriguez filing a motion for a Rule 35 exam, but rather objected to the examination itself. The following day, the undersigned responded, stating the belief that the notice sufficiently reflected the disagreement between the parties and that an amended notice was not required. The undersigned did offer to "make clear at the discovery hearing that the order we are seeking is a preliminary determination that Abella has placed his mental and/or physical conditions in controversy (satisfying Fed. R. Civ. P. 35(a)(1)) and that there is good cause to seek the IME (satisfying Fed. R. Civ. P. 35(a)(2)(A))."

At the hearing on August 2nd, this Court agreed with Officer Rodriguez. That conclusion is memorialized in its Order Following Discovery Hearing, in which it incorporated its reasoning stated at the hearing and ruled, in relevant part:

> Plaintiff, in his response to Interrogatory 10, has put his cardiac health in controversy. In particular, that interrogatory response puts in controversy whether the chest pain Plaintiff reports he experienced in mid-2017 was due to stress, or some other condition. Plaintiff's response to Interrogatory 13 plainly put in controversy the existence and extent of mental pain and suffering Defendant's alleged actions caused Plaintiff. These allegations go well beyond a "garden variety" claim of emotional distress. For the reasons stated at the hearing, I find there is good cause for Plaintiff to submit to Rule 35 examinations by a suitably licensed cardiologist and

4

psychologist.

[ECF No. 89] at 1-2. The Court instructed that the parties "*shall confer* regarding the details of the examination(s) and submit a proposed order to the Court, consistent with Rule 35(a)(2), no later than Friday, August 9, 2019," and cautioned that "[b]oth parties *must cooperate* in the scheduling of the examination(s), particularly in light of the upcoming close of discovery." *Id.* at 2 (emphases added).

Within an hour following the hearing, and in accordance with the Court's rulings, the undersigned sent the following email to Plaintiff's counsel:

> Please find attached the Curriculum Vitae of our proposed psychological examiner, Michael P. Brannon, Psy.D. He is available at any time Friday, August 16, through Tuesday, August 20, and Friday, August 23, through Sunday, August 25. His assistant told me that he prefers to reserve two days just in case, but often does not need more than one. She also informed that a session will typically last three to four hours.

> Please confer with Mr. Abella as to his availability. Consistent with Judge McAliley's wishes, the sooner we can submit the proposed order scheduling the exam the better, so that Dr. Brannon will be able to write his report in sufficient time.

> We will await to hear from you by Monday regarding the cardiac claim.

Email Correspondence, attached as *Exhibit 1*, at 4. (Dr. Brannon's CV is attached as *Exhibit 2*.)

Plaintiff's counsel and the undersigned then sent a series of emails back and forth regarding the undersigned's attempt to schedule a Rule 35 psychological exam. Plaintiff's counsel initially responded on Monday morning, stating, in part:

> To be clear, what you have requested is not an independent mental health exam. It is a mental exam conducted by your expert pursuant to Fed. R. Civ. P. 35. We intend to object to any mental or physical examinations of Mr. Abella in their entirety.

Ex. 1, at 4. The undersigned responded that afternoon, again requesting that Plaintiff's counsel provide dates the Plaintiff is available. *Id.* at 3. Plaintiff's counsel replied:

> As to the mental and physical examinations you requested outside of the express requirements of Rule 35, *I see no basis to make Mr. Abella available for any such examinations given that we intend to object to the portion of the Magistrate's Order requiring the examinations and an associated order regarding same.* Moreover, you continue to press for Mr. Abella's availability without having provided the sub-

stance of the order that is likely to prompt the most discussion, i.e. the "manner, conditions, and scope of the examination." I would recommend providing those to us sooner rather than later to facilitate agreement on any proposed order—or at a minimum to narrow the scope of any substantive disagreement we may have.

I am similarly unclear why I would "join a call to the [Magistrate] judge's chambers to resolve" an issue that we intend to bring before Judge Graham via formal objection pursuant to Rule 59. Judge McAliley has issued her order on these matters, and we will proceed accordingly. If you are aware of any authority in this district requiring a party to comply with a Magistrate's order while simultaneously objecting to that order, I am happy to review. ***Should the district court affirm the Magistrate's order in this regard, we will promptly provide Mr. Abella's availability for any required examinations.***

*Id.* at 3 (emphases added). The undersigned then forwarded details concerning the "manner, conditions, and scope," in the form of a document from Dr. Brannon's office titled "Forensic Psychological Evaluation Details," attached as ***Exhibit 3***, which provides a general scope of the evaluation he conducts in cases like this one. Ex. 1, at 2. In further effort to comply with the Court's conferral order, the email attached both a draft proposed Rule 35 motion and the draft order that accompanies this motion and concluded:

Please let us know by 10:00 tomorrow morning whether you continue to object to the Rule 35 exam and the specific basis for the objection. Notwithstanding your stated intention to appeal any order compelling a Rule 35 exam, we will expect the Plaintiff to comply with any operative order compelling a Rule 35 examination and will seek appropriate relief in the event of non-compliance.

*Id.* But despite having complied with all of Plaintiff's counsel's requests and provided information on the "manner, conditions, and scope of the examination," Plaintiff's counsel decided to arbitrarily move the goalposts again, rather than confer, responding, in part:

[W]e will comply with our obligations as we understand them ***in the time frame we deem appropriate.***

Email Correspondence II, attached as ***Exhibit 4***, at 1 (emphasis added). This response did not engender any faith on Officer Rodriguez's part that any specific objections would be forthcoming (certainly not by 10:00 a.m. the following morning), save whatever objections the Plaintiff intended to file at some point with Judge Graham between then and August 19th. *See* Fed. R. Civ. P. 72(a) (providing 14 days for an objecting party to serve and file objections after being served

with a magistrate judge's pretrial order).

Nearly a full day later—just after noon today—Plaintiff's counsel sent an email raising a host of objections, including to the posture of this issue and the proposed manner, conditions, and scope of the examination.[7] *See* Ex. 1, at 1-2. And while this email ostensibly provides a date during which the Plaintiff ***could*** appear for a mental examination, Plaintiff's counsel continue to condition their and the Plaintiff's compliance on Judge Graham affirming this Court's order. *See id.* at 2 ("To the extent that Judge Graham affirms the Magistrate's Order, Mr. Abella can be available on Friday, August 23 for a four-hour examination with Dr. Br[a]nn[o]n.").

It has become clear that an agreement will not be reached. This motion therefore follows.

## ARGUMENT

### I.   This Court Should Order the Plaintiff to Undergo the Mental Examination.

A district court may order a party to undergo an examination whenever the party's mental or physical condition is "in controversy" and the moving party shows "good cause" for the examination. Rule 35(a) provides:

(1)   *In General.* The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

(2)   *Motion and Notice; Contents of the Order.* The order:

(A)   may be made only on motion for good cause and on notice to all parties and the person to be examined; and

(B)   must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a). As many courts have noted, this rule is designed to create a "level playing field" by providing a defendant with reasonable opportunity to objectively evaluate and challenge a plaintiff's claim and testimony regarding his mental and emotional distress. *See Lerer v.*

---

[7]   The original version of this motion stated that Plaintiff's counsel "has not objected to the 'manner, conditions, and scope of the examination' proposed by Officer Rodriguez. Instead, they have simply ceased all conferral until such time as they 'deem appropriate.'" In the email they sent as Officer Rodriguez was preparing that motion, they finally raised objections.

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

*Ferno-Washington, Inc.*, No. 06-81031, 2007 WL 3513189, at *2 (S.D. Fla. Nov. 14, 2007); *Ali v. Wang Labs., Inc.*, 162 F.R.D. 165, 168 (M.D. Fla. 1995).

In its Order Following Discovery Hearing [ECF No. 89], this Court ruled that ***both*** the "in controversy" requirement of Rule 35(a)(1) and the "good cause" requirement of Rule 35(a)(2)(A) had been satisfied. *See* [ECF No. 89] at 1-2.

In specifying the manner, conditions, and scope of the examination in satisfaction of Rule 35(a)(2)(A), contrary to the Plaintiff's objection, *see* Ex. 1, at 1, Officer Rodriguez is under no obligation to provide the specific tests Dr. Brannon intends to conduct. It should go without saying that Dr. Brannon would not disclose a list of tests he would perform (1) because no two evaluations are exactly the same, as each would presumably evolve over the course of the evaluation based on the answers provided, and (2) because it would compromise the integrity of the evaluation if the subject were able to prepare ahead of time. Aside from that, courts in this Circuit ordering Rule 35 mental examinations—***including this Court***—do not require the minutiae the Plaintiff seeks and defer to the training and expertise of licensed, qualified mental health professionals. *See, e.g.*, Defendants' Motion for Independent Medical Examinations 2, *Gomez v. Lozano*, No. 09-22988 (S.D. Fla. Nov. 15, 2010), ECF No. 88 (describing the manner, conditions, and scope of a Rule 35 mental examination as "[t]he qualified expert listed above will conduct the examination requested in a professional manner in conformity with the issues in this case, based upon his professional training and experience, without unnecessary intrusion, but without limitation either, to evaluate Plaintiff's mental anguish/condition, which he has placed in controversy. . . . The examination will be limited to the mental anguish/condition concerning Plaintiff, as alleged in the [operative complaint] and in Plaintiff's discovery responses. The examination is expected to be non-invasive, and will include a review of medical records and a discussion of Plaintiff's medical history. If the expert feels it necessary to reach a diagnosis, the expert may order diagnostic testing be taken of Plaintiff"), *motion granted*, 2010 WL 5014100 (S.D.

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

Fla. Dec. 3, 2010) (McAliley, M.J.); *Person v. Lamberti*, No. 10-60335, 2010 WL 11602744, at *3 (S.D. Fla. Oct. 26, 2010) (McAliley, M.J.) (describing the manner, conditions, and scope of a Rule 35 examination as "a limited psychiatric evaluation of [the plaintiff] to determine the nature of the mental injuries claimed in the Complaint").[8]

Therefore, in accordance with Rule 35, Officer Rodriguez requests that the Court direct the Plaintiff to appear for a mental examination before:

> **Dr. Michael P. Brannon, Psy.D.**
> **11760 West Sample Road, #103**
> **Coral Springs, Florida 33065, on**
> **Monday, August 19, 2019, at 9:00 a.m.[9]**

Dr. Brannon will examine and evaluate the Plaintiff's relevant mental conditions in light of his expertise. *See* Exs. 2 & 3. Dr. Brannon expects the examination to last between three and four hours, assuming the Plaintiff is fully cooperative. *See* Ex. 2.

## II. Plaintiff's Counsel Erroneously Believe that Their Intention to File an Objection to this Court's Order Relieves Them of the Obligation to Comply.

In accordance with both Local Rule 7.1(a)(3) and this Court's Order Following Discovery Hearing, undersigned counsel attempted to confer with Plaintiff's counsel prior to filing this motion. Despite this Court's instructions that the parties "***shall confer*** regarding the details of the examination(s) and submit a proposed order to the Court, consistent with Rule 35(a)(2), no

---

[8]   *See also* Order Requiring Plaintiff to Submit to Mental Examination, *Casado v. Miami-Dade County*, No. 18-22491, ECF No. 72 (S.D. Fla. Nov. 30, 2018) (O'Sullivan, M.J., consent case) (ordering mental examination conducted by Dr. Brannon and describing the scope of the examination as "to evaluate [the plaintiff]'s psychological status and assess what emotional/psychological damage, if any, resulted from the relevant incident(s) alleged in the pleadings"); *Okwen v. Am. Mar. Officers Plans*, No. 15-60370, 2015 WL 5771808, at *4 (S.D. Fla. Oct. 2, 2015) (Valle, M.J.) ("[T]he scope of the mental examination shall be as follows: (1) the examination shall be conducted in the normal manner as all such examination are conducted and shall include, but not be limited to: the taking of a written and/or oral history, testing and examination; (2) all diagnostic testing shall be non-invasive; and (3) the examination will inquire as to all issues raised by the Amended Complaint and discovery responses in this case."); *Torrey v. Marion Cty. Sch. Bd.*, No. 12-0662, 2014 WL 457766, at *2 (M.D. Fla. Feb. 4, 2014) ("[The] scope of the examination shall be limited to accessing the nature, course, and potential prognosis of Plaintiff's cognitive, academic, neuropsychological, and psychological capabilities in relationship to her claim of lost business opportunity and interference with her ability to work.").

[9]   Officer Rodriguez has unilaterally selected this date and time, which was one of the days originally proposed to the Plaintiff, as a result of Plaintiff's counsel's conditioning the Plaintiff's appearance on Judge Graham overruling their objections to this Court's order. *See* Ex. 1, at 2. As the Court noted during the discovery hearing, the Plaintiff is unemployed, so a Monday morning should be an acceptable time.

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

later than Friday, August 9, 2019," and that "[b]oth parties *must cooperate* in the scheduling of the examination(s), particularly in light of the upcoming close of discovery," [ECF No. 89] at 2 (emphases added), Plaintiff's counsel have raised (1) their intention to file objections to the Order Following Discovery Hearing with Judge Graham and (2) their belief that that intention relieves them of the obligation to comply with this Court's duly entered discovery order.[10] In other words, they contend that compliance with the order is required *only after* they have filed objections, the undersigned has filed a response, they have filed a reply, and Judge Graham has affirmed the order.

No authority permits this. It is a "basic proposition that all orders and judgments of court must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Maness v. Meyers*, 419 U.S. 449, 458 (1975); *see also United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[A]n order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." (cleaned up)). In this Circuit, control of discovery in a civil case is committed to the sound discretion of the district court. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). A district court may designate a magistrate to hear and determine any non-dispositive pretrial matter pending before the court, *see* 28 U.S.C. § 636(b)(1)(A), including

---

[10]   The original version of this motion stated that Plaintiff's counsel "raised several nonspecific objections regarding the form of the examination itself. At the hearing, one of Plaintiff's attorneys repeatedly claimed that she had not been given 'the protocol,' and in email correspondence, the other of Plaintiff's attorneys scolded the undersigned for not 'having provided the substance of the order that is likely to prompt the most discussion, i.e., the "manner, conditions, and scope of the examination.'" . . . Yet after the undersigned sent the extent of what Dr. Brannon's office made available regarding the form of the examination, Plaintiff's counsel was silent on it. No 'discussion' was 'prompt[ed].'"

As explained *supra*, Plaintiff's counsel sent an email containing objections as Officer Rodriguez was preparing to file the motion. But their earlier statement in response to receiving the Forensic Psychological Evaluation Details—"we will comply with our obligations as we understand them in the time frame we deem appropriate," Ex. 4, at 1—certainly gave no indication that any objections would be forthcoming.

The original version of this motion also stated that Plaintiff's counsel "have refused to cooperate." Plaintiff's counsel's email reflects that there is no longer a refusal to cooperate, but they now raise various other objections and continue to refuse to comply with this Court's order unless Judge Graham affirms it.

discovery matters, *see Maynard v. Bd. of Regents*, 342 F.3d 1281, 1286 (11th Cir. 2003); Fed. R. Civ. P. 72(a); S.D. Fla. Mag. R. 1(c). It therefore follows that when a magistrate judge enters an order on a non-dispositive discovery matter, the parties are bound to comply, absent a stay, until the order is reversed. *See* Fed. R. Civ. P. 37(b)(2)(A); *see also Maness*, 419 U.S. at 459 ("Counsel may object to a ruling. . . . But, once the court has ruled, counsel and others involved in the action must abide by the ruling and comply with the court's orders. While claims of error may be preserved in whatever way the applicable rules provide, counsel should neither engage the court in extended discussion once the ruling is made, nor advise a client not to comply."); *Sacher v. United States*, 343 U.S. 1, 9 (1952) ("[I]f the ruling is adverse, it is not counsel's right to resist . . .—his right is only respectfully to preserve his point for appeal.").

No party is at liberty to disobey a discovery order, whatever the purported justification. *See United States v. Fernandez*, 780 F.2d 1573, 1575 n.4 (11th Cir. 1986). Courts do not take kindly to the position that orders issued by magistrate judges on non-dispositive matters are mere recommendations, with compliance being required if, and only if, the orders are affirmed by a district judge:

> Defendants argue that, since they had filed objections to this Court's Order, and those objections were pending in front of the District Judge, Defendants were relieved from the obligation of producing documents to Plaintiff until after the District Judge reviewed this Court's Order. This argument is not persuasive. "Even though a party may object to a magistrate judge's order on a non-dispositive matter, the order is nonetheless a final order absent reversal by the district court. As a result, an objection to such final order does not stay the order or relieve the party of the obligation to comply with the order."

*Pulsepoint, Inc. v. 7657030 Canada Inc.*, No. 13-61448, 2013 WL 12158383, at *3 (S.D. Fla. Dec. 16, 2013) (Matthewman, M.J.) (quoting *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013)); *see also Saint Vil v. Perimeter Mortg. Funding Corp.*, No. 14-1428, 2016 WL 10567193, at *5 (N.D. Ga. Dec. 15, 2016) ("Although plaintiffs have opposed the requirements of the March 17, 2016, Order, by filing the Rule 72 Objection, this action did not stay the Order or excuse plaintiffs from complying with the Order . . . ."); *Hill v. Tran*, No. 16-

0102, 2016 WL 11028264, at *1 (S.D. Ala. Nov. 15, 2016) ("The Plaintiff has not moved for a stay of the undersigned's orders pending appeal to the District Judge, and the undersigned is not of the opinion that an objection to a magistrate judge's disposition of a non-dispositive pretrial motion automatically operates as a stay of such an order."); Charles Alan Wright & Arthur Miller et al., 12 *Federal Practice and Procedure* § 3069 (3d ed.) ("[A] timely objection does not automatically render the magistrate judge's ruling invalid until the district court acts on the objection."); *cf.* *Rance v. Jenn*, No. 06-61002, 2007 WL 9701591, at *3 (S.D. Fla. July 19, 2007) (Marra, J.) ("Plaintiff is proceeding *pro se* and likely did not know that the mere appeal of, or filing of objections to, the Magistrate Judge's Orders did not automatically stay his obligation to comply . . . .").[11]

     The Plaintiff and his counsel are one step removed from the parties in those cases, as they have not staked their position in a court filing. Puzzlingly, they believe that merely expressing—in an email to opposing counsel, no less—an ***intention*** to file objections to this Court's order in the future relieves them of the present obligation to comply. Their position "contradicts

---

[11] Courts outside this Circuit are in accord:

> It is elementary, in fact so basic that without it courts would cease to function, that disagreement with an order of the court does not relieve a party from complying with the order's directives unless a stay is granted or the order is reversed or vacated. In fact, even in situations where the order is later proven to be incorrect, or even unconstitutional, a person can properly be held in contempt for violating the order. . . . ***This argument, when as here it is, advanced by a member of the bar . . . is nothing short of frivolous.***

*Loftus v. Se. Pa. Transp. Auth.*, 8 F. Supp. 2d 464, 469 (E.D. Pa. 1998) (emphasis added), *aff'd*, 187 F.3d 626 (3d Cir. 1999); *see also, e.g.*, *Parker v. Amazon.com.indc LLC*, No. 17-4404, 2018 WL 5306874, at *5 (S.D. Ind. Oct. 26, 2018) ("This is a common theme in Ms. Parker's filings – that because she has filed an objection to the Magistrate Judge's Order, the effects of that Order should be stayed. But filing an objection to an order does not automatically stay deadlines set forth in the order."); *Brady v. Grendene USA, Inc.*, No. 12-0604, 2015 WL 11216707, at *4 n.4 (S.D. Cal. Oct. 19, 2015) ("[F]iling an Objection or an Application to Stay a Discovery Order does not obviate the requirement to comply with the Court Order unless and until the Court grants the Stay or rules on the Objection."); *Plant v. Merrifield Town Ctr. Ltd. P'ship*, 711 F. Supp. 2d 576, 585 (E.D. Va. 2010) ("[B]ecause plaintiffs' objections did not operate to stay the magistrate judge's binding orders, plaintiffs were obligated to file timely responses to the discovery requests, which they failed to do."); *White v. Burt Enter.*, 200 F.R.D. 641, 642 (D. Colo. 2000) ("[I]f an objection operates as a stay of the order, not only is the losing litigant given an artificial incentive to object, but the magistrate's decision making ability is eroded."); *Kimbrell v. ADIA, S.A.*, 834 F. Supp. 1313, 1317 (D. Kan. 1993) ("Decisions by a magistrate judge on nondispositive motions are intended to be effective unless overturned by the district judge, just as decisions of a district judge are intended to be effective unless overturned by a circuit court. . . . Decisions by a district judge are not considered ineffective, advisory, or non-final simply because they may be reviewed, even on interlocutory appeal, by the circuit court. Similarly, we believe decisions by a magistrate judge should not be considered ineffective, advisory, or nonfinal simply because they may be reviewed by the district court."); *Nat'l Excess Ins. Co. v. Civerolo, Hansen & Wolf, P.A.*, 139 F.R.D. 404, 404 (D.N.M. 1991) ("Discovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and speedy resolution of pre-trial disputes. . . . Ill-considered 'strategic' objections to a magistrate judge's orders threatens to undermine these goals . . . .").

12

judicial authority and has no basis in the Magistrate's Act, the Federal Rules of Civil Procedure or the Local Rules." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. 1989); *see also id.* ("[A]llowing the automatic stay of magistrate's orders would not only encourage the filing of frivolous appeals, but would grind the magistrate system to a halt."). Not only does this foot-dragging and raising of objections and conditions continue to impede Officer Rodriguez's attempts to conduct discovery in this case, but also it now directly contravenes a valid order of this Court.[12]

### III. Officer Rodriguez Is Entitled to Reasonable Expenses, Including Fees, Incurred in Preparing This Motion Seeking Relief from Counsel's Failure to Comply with the Court's Order.

Rule 37(b)(2) provides, "If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2). The rule goes on to state that "the court **must** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added); *see also Kartagener v. Carnival Corp.*, 380 F. Supp. 3d 1290, 1297 (S.D. Fla. 2019). As a result of Plaintiff's and his counsel's refusal to comply with the Court's order unless it is affirmed, the undersigned was forced to spend time researching and drafting this motion—time that otherwise would have been spent preparing for the Plaintiff's August 14th deposition. Officer Rodriguez is entitled to recoup the reasonable expenses he incurred under Rule 37(b)(2)(C), including attorney's fees.

The exceptions in the rule that would allow the Plaintiff and his counsel to avoid the payment of reasonable expenses, including fees, are not applicable.

---

[12] The original version of this motion stated that Plaintiff's counsel "do not intend to 'confer regarding the details' of the Rule 35 examinations; they do not intend to participate in preparing and submitting proposed orders to the Court; and they do not intend to 'cooperate in the scheduling of the examination(s), *particularly in light of the upcoming close of discovery* in six-and-a-half weeks.'" The last-minute email from Plaintiff's counsel does indicate at least a bare minimum of participation. But the host of objections, combined with their persistent intent to condition compliance on Judge Graham affirming this Court's order, necessitates Court intervention at this juncture.

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151

*First*, the conduct is not substantially justified. "[A]n individual's discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). There is no genuine dispute here. Plaintiff's counsel baldly stated, without authority, that they would not comply with this Court's order to confer and cooperate because of their forthcoming objections and then told the undersigned to provide them authority to the contrary. Yet "[o]pposing counsel is not responsible for doing the plaintiff's legal research for him," *Covington v. United States*, 8 F.3d 26 (9th Cir. 1993), and had Plaintiff's counsel undertaken any degree of research into this issue, they would have readily discovered that their position was groundless.[13]

*Second*, no other circumstances would make an award of reasonable expenses unjust. The Plaintiff's status as an *in forma pauperis* litigant is not a qualifying circumstance:

> Once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders. If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant. Courts can assess costs and monetary sanctions against IFP litigants.

*Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (cleaned up); *see also Harris v. Forsyth*, 742 F.2d 1277, 1278 (11th Cir. 1984) ("We therefore hold that a court has discretion to award costs against indigents as in other cases." (cleaned up)).

## CONCLUSION

---

[13]   Indeed, Plaintiff's counsel's invocation of Fed. R. Civ. P. 59, a rule that governs motions for new trial and motions to alter or amend judgment, as the vehicle through which they plan to file objections, *see* Ex. 1, at 3 ("I am similarly unclear why I would 'join a call to the [Magistrate] judge's chambers to resolve' an issue that we intend to bring before Judge Graham via formal objection pursuant to Rule 59."); *id.* at 1 ("Mr. Abella objects to this examination in its entirety and that he intends to file a formal objection to the Magistrate's Order within the time limits established under Fed. R. Civ. P. 59(a)."), rather than Fed. R. Civ. P. 72, the rule that *governs magistrate judges' pretrial orders* and objections thereto, betrays a surprising lack of research and, frankly, lack of familiarity with the Federal Rules of Civil Procedure.

14

Officer Rodriguez respectfully requests that the Court immediately enter an order under Fed. R. Civ. P. 35 requiring the Plaintiff to submit to an independent mental examination by Dr. Brannon to evaluate his psychological status and assess what emotional/psychological damage, if any, resulted from the incidents alleged in the Amended Complaint. A proposed order to this effect accompanies this motion.

Additionally, Officer Rodriguez requests that the Court enter an order, pursuant to Fed. R. Civ. P. 37(b)(2)(C), requiring the Plaintiff and his counsel to pay the reasonable expenses, including attorney's fees, incurred in preparing and drafting this motion, or any other relief the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

In compliance with Local Rule 7.1(a)(3), the undersigned counsel certifies that they have conferred with opposing counsel in a good faith effort to resolve the issues raised in the motion but have been unable to do so.

Dated: August 7, 2019.

Respectfully submitted,
ABIGAIL PRICE-WILLIAMS
MIAMI-DADE COUNTY ATTORNEY
Stephen P. Clark Center
111 N.W. First Street, Suite 2810
Miami, Florida 33128
(305) 375-5151

By:  */s/ Zach Vosseler*
Zach Vosseler
Florida Bar No. 1008856
zach@miamidade.gov
Bernard Pastor
Florida Bar No. 46852
pastor@miamidade.gov
Assistant County Attorneys

*Counsel for Defendant Juan Rodriguez*

**CERTIFICATE OF SERVICE**

I certify that on this 7th day of August, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that a true and correct copy of the foregoing was served this day on all counsel of record via CM/ECF.

*/s/ Zach Vosseler*
Zach Vosseler
Assistant County Attorney

OFFICE OF THE COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TEL. (305) 375-5151