## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-cv-24889-DLG

GUSTAVO ABELLA,

      Plaintiff,

v.

TOWN OF MIAMI LAKES, et al.,

      Defendant.

_____

### PLAINTIFF, GUSTAVO ABELLA'S OBJECTIONS AND RESPONSES TO JUAN RODRIGUEZ'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Rules 26.1, Plaintiff, Gustavo Abella hereby files his Response to Juan Rodriguez's First Set of Interrogatories to Plaintiff Gustavo Abella, served May 31, 2019.

Abella's responses to these Interrogatories are based on information presently known to Abella through reasonable due diligence. Discovery is ongoing and Abella reserves the right to supplement, modify, or amend its objections and responses at any time, without undertaking any obligation beyond those imposed by the applicable Federal and Local Rules of Civil Procedure.

### Objections and Clarifications to Defendant's Objections and Instructions

The following Objections and Clarifications as to Defendant's Definitions and Instructions (the "General Objections") pertain to and are incorporated by reference into Abella's response to each Interrogatory.

1.      Abella objects to Instruction B as Abella is an individual bringing a single-count civil rights claim against a single Miami-Dade Police Department law enforcement officer. Neither

the Federal Rules of Civil Procedure nor any applicable law require Abella to seek information responsive to these Interrogatories from those individuals described in Instruction B. Moreover, to the extent that this Instruction requires Abella to provide information obtained from his attorneys, accountants, or other similarly situated professionals, Abella objects on the basis of the privileges applicable to such information.

2.       Abella objects to Instruction D to the extent that it requires the provision of any information not required by the Federal Rules of Civil Procuedure, Southern District of Florida Local Rules, and any orders of this Court.

3.       Abella objects to Instruction E as beyond the scope of the applicable claims and defenses in this lawsuit. Plaintiff filed his initial complaint on November 11, 2018, asserting claims pursuant to 42 USC § 1983 against Miami-Dade County, the Town of Miami Lakes, Miami Lakes Mayor Michael Pizzi. Miami Lakes Manager Alex Rey, and Miami-Dade Police Department Officer Juan Rodriguez. Plaintiff filed his First Amended Complaint February 11, 2019. The various defendants each moved to dismiss this pleading.

On April 29, 2019, the Honorable Judge Graham issued his Order regarding the pending motions to dismiss. *See* Order (ECF No. 59). Pursuant to this Order, Plaintiff's claims against Defendants the Town of Miami Lakes, Alex Rey, Michael Pizzi, and Miami-Dade County were dismissed in their entirety. The Court found that Plaintiff had sufficiently alleged claims against Officer Rodriguez under Section 1983, however. Specifically, the Court held that twelve individual encounters alleged by Plaintiff were "sufficient to abrogate Officer Rodriguez's qualified immunity" and denied his Partial Motion to Dismiss, sustaining Plaintiff's claims in relation to these twelve encounters, in addition to a May 17, 2016 encounter alleged by Plaintiff that Officer Rodriguez did not move against. Thus, the Relevant Time Period for discovery in this matter must

aligns with the period encompassing those claims as well as Officer Rodriguez' respective defenses. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, the Relevant Time Period in this case is between May 17, 2016 and October 4, 2018.

4.     Abella objects to the definition of "immediate family" as overly broad and unduly burdensome as it encompasses individuals Plaintiff has little or no contact with and/or are outside of his current family unit. Accordingly, Plaintiff interprets "immediate family" to include himself, his wife, and dependant adult daughter.

5.     Abella objects to the definition "describe in detail" as overly broad, unduly burdensome, and disproportionate to the needs of this case, which comprises a single claim against a single defendant. Plaintiff's provided definition seeks detailed narrative descriptions of each "act, instance, occurrence, or communication" related to a specific discovery request, including the "date, location, and identity of each and every person present or involved, and the identity of each and every communication and each and every document which relates to the act, instance, occurrence or communications." Accordingly, Plaintiff interprets "describe in detail" to require Plaintiff to provide sufficient information for Officer Rodriguez to understand the pertinent facts and circumstances of such acts, occurrences, or communications for purposes of adequately preparing his defenses.

6.     Abella objects to the definition of "all documents" as beyond the scope of Plaintiff's obligations under the Federal Rules of Civil Procedure and Local Rules. Moreover, this definition would include documents not subject to production pursuant to the attorney-client privilege and work product doctrines. Accordingly, Plaintiff interprets "all documents" to include those documents known to Plaintiff at the time of service of these Responses within his possession, custody, or control.

7.      Abella objects to the definitions of "pertain to," "pertaining to," "relate to," "relating to," and "relating to" as requiring the production of information outside of Plaintiff's obligations under the Federal Rules of Civil Procedure and Local Rules. Accordingly, Plaintiff interprets these terms in accordance with their standard everyday definitions.

8.      Abella objects to the definition of "state the basis" as requiring the production of information outside of Plaintiff's obligations under the Federal Rules of Civil Procedure and Local Rules. Proving "each and every fact . . . that you think relates to the claim, contention, allegation, or response" would require a near infinite amount of information relating to the discovery request to which such definition is implied. Moreover, the various legal theories under which Plaintiff intends to travel are the work product of his counsel and are not subject to discovery. Accordingly, Plaintiff interprets "state the basis" to require Plaintiff to provide sufficient information for Officer Rodriguez to understand the pertinent facts and circumstances of relevant to any such discovery request in which this term appears, within the context of the claims and defenses at issue in this lawsuit.

**<u>Interrogatory Responses and Objections</u>**

**<u>INTERROGATORY NO. 1:</u>**      Provide your full name, including any aliases, nicknames, or other names which you are or have been known by, your date of birth, social security number, and drives license and/or Florida identification number.

**<u>RESPONSE:</u>**

Plaintiff objects to this Interrogatory to the extent it requires the production of Personally Identifiable Information ("PII") in the absence of a productive order requiring the confidentiality of such information and adequate security to maintain the confidentiality of same. In accordance with this objection, Plaintiff will provide a sufficient portion of the requested PII so that defendant may confirm Plaintiff's identify, governmental records related to Plaintiff, or ownership of property.

Name: Gustavo Adolfo Abella; Gus Abella

DOB:  07/29/1956
SS:    XXX-XX-1526
DL:    XXXX-281-56-269-0

**INTERROGATORY NO. 2:**          List all addresses where you have resided over the

past 10 years, together with the approximate dates you lived at each address.

**RESPONSE:**

7400 Miami Lakes Drive
Apartment D108
Miami Lakes, FL 33014

**INTERROGATORY NO. 3:**          State if you are or have ever been married, the name

of your current and/or former spouse(s), and the name of ages of your children, if any, and identify

any legal dependents of yours.

**RESPONSE:**

Plaintiff objects to this Interrogatory as the names of his former spouses are outside the
scope of the claims and defenses in this lawsuit, and thus this portion of the request is both
irrelevant, unduly burdensome, and disproportionate to the needs of this case. In light of the
forgoing objection, Plaintiff responses as follows:

Miriam Raquel Abella (wife)
Carmen Abella, 21 (daughter)

**SUPPLEMENTAL RESPONSE:**

Plaintiff's daughter's first name is Victoria, not Carmen.

**INTERROGATORY NO. 4:**          Provide the name; home address; home, work, or

cellular telephone number; place of employment; work address; and job title of any person who

has, claims to have, or whom you (including your agents or attorneys) believe may have knowledge

or information pertaining to any fact alleged in the pleadings filed in this action, or any fact

underlying the subject matter of this action. For each person, state the specific nature and substance

of the knowledge or information the person may have. Include in your answer whether the witness was an eyewitness to the events described in the Amended Complaint or to the damages you are claiming in this lawsuit.

**RESPONSE:**

1.  Gustavo Abella
    7400 Miami Lakes Drive, Apt. D-108
    Miami Lakes, FL 33014
    (305) 305-6622

Mr. Abella has information relating to the claims in this lawsuit, including the various encounters with Officer Rodriguez, the impact of these encounters on his exercise of First Amendment Rights, and the damages caused thereby. Mr. Abella was an eyewitness to the events alleged in the First Amended Complaint.

2.  Miriam R. Abella
    7400 Miami Lakes Drive, Apt. D-108
    Miami Lakes, FL 33014
    (305) 305-6622

Mrs. Abella has information relating to the claims in this lawsuit, including her husbands various encounters with Officer Rodriguez, the impact of these encounters on Plaintiff's exercise of his First Amendment Rights, and the physical, emotional, and mental strain that Officer Rodriguez harassment and retaliatory conduct has caused on the Abella family. Mrs. Abella was an eyewitness to several of the events alleged in the First Amended Complaint.

3.  Thomas J. Calvey
    c/o Howard Levine, Esq.
    1560 Lenox Ave., #307
    Miami Beach, FL 33139

Mr. Calvey is likely to have information regarding the targeted and retaliatory nature of Officer Rodriguez' actions with respect to Mr. Abella and his family. Plaintiff is unaware as to whether Mr. Calvey was an eyewitness to any of the events alleged in the First Amended Complaint.

4.  Xiomara Murillo
    Miami Dade County Human Resources
    111 N.W. 1st Street, #2010
    Miami, FL 33128
    (305) 375-2222
    Cell Phone (786) 355-5264

Ms. Murillo is likely to have information regarding the complaints and related information made and provided by Mr. Abella to the Town of Miami Lakes with respect to the targeted and retaliatory actions committed by Officer Rodriguez against Mr. Abella and his family. Plaintiff is unaware as to whether Ms. Murillo was an eyewitness to any of the events alleged in the First Amended Complaint.

    5.   Frank C. Bocanegra
         Public Defender Office
         1320 N.W. 14th Street
         Miami, FL 33125

Mr. Bocanegra is likely to have information regarding the targeted and retaliatory nature of Officer Rodriguez' actions with respect to Mr. Abella and his family and any investigations undertaken with respect to these actions following complaints by Mr. Abella and his wife. Plaintiff is unaware as to whether Mr. Bocanegra was an eyewitness to any of the events alleged in the First Amended Complaint.

    6.   Miami Dade Commission on Ethics & Public Trust
         19 W. Flagler, Suite 820
         Miami, FL 33130

The Miami-Dade Commission on Ethics & Public Trust is likely to have information regarding the targeted and retaliatory nature of Officer Rodriguez' actions with respect to Mr. Abella and his family and any investigations undertaken with respect to these actions following complaints by Mr. Abella and his wife.

    7.   Kennedy Rosario
         Moonstone Investigations, LLC
         6988 S.W. 47th Street
         Miami, FL 33135
         (305) 503-6330
         Former Investigator at Miami Dade

Mr. Rosario is likely to have information regarding the targeted and retaliatory nature of Officer Rodriguez' actions with respect to Mr. Abella and his family and any investigations undertaken with respect to these actions following complaints by Mr. Abella and his wife. Mr. Rosario is unlikely to have been an eyewitness to any of the events alleged in the First Amended Complaint.

    8.   Alex Rey
         c/o Eric P. Hockman/Eric S. Kay
         Weiss Serota Helfman Cole & Berman, P.L.
         2525 Ponce de Leon Blvd., Suite 700
         Coral Gables, FL 33134
         (305) 854-0800
         Former Town of Miami Lake Manager

Mr. Rey is likely to have information regarding the targeted and retaliatory nature of Officer Rodriguez' actions with respect to Mr. Abella and his family and any investigations undertaken with respect to these actions following complaints by Mr. Abella and his wife. Plaintiff is unaware as to whether Mr. Rey was an eyewitness to any of the events alleged in the First Amended Complaint.

**INTERROGATORY NO. 5:**       Describe in detail the thirteen Encounters between Officer Rodriguez and you and/or your immediate family that are the subject of this case. For each Encounter, describe in detail the actions taken by Officer Rodriguez, including the dates(s), time(s), location(s), and over what period of time those actions took place; and describe in detail any actions that you or your immediate family took in response to any action taken by Officer Rodriguez, in self-defense or otherwise.

**RESPONSE:**

Plaintiff objects to this Interrogatory as unduly burdensome. Plaintiff has described the thirteen Encounters with Officer Rodriguez in sufficient detail within the First Amended Complaint. Accordingly, Plaintiff directs Officer Rodriguez to paragraphs 14 through 48 of that document.

**SUPPLEMENTAL RESPONSE:**

See **Appendix A** attached hereto.

**INTERROGATORY NO. 6:**       Describe in detail each and every encounter, episode, or interaction that you or your immediate family have had with a police officer or police official in the Town of Miami Lakes. For each such encounter, episode, or interaction, identify: the date it occurred; the reason for it; the officer or official's name and the jurisdiction for which he or she worked; whether you or your immediate family, received any tickets or citations, or were subject to any arrests or prosecutions; and the disposition of any such tickets, citations, arrests, or prosecutions.

**RESPONSE:**

Plaintiff objects to this Interrogatory as irrelevant, unduly burdensome, and disproportionate to the needs of this case. Pursuant to the Court's April 29, 2019 Order, Plaintiff's claims are limited to the thirteen encounters with Officer Rodriguez as described in the First Amended Complaint. Moreover, Plaintiff and his family are supporters of the Miami-Dade Police Department and frequently interact with many members of the law enforcement officers assigned to the Town of Miami Lakes. Accordingly, in additional to being patently irrelevant, this Interrogatory is unbounded in scope and therefore does not conform to the requirements of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 7:**        Have you ever been arrested before? If so, identify each instance by date, crime charged, location of arrest, and the disposition of the charges.

**RESPONSE:**

| Date | Charge | Location | Disposition |
|------|--------|----------|-------------|
| 6/16/1978 | BARBITURATE/POSN/INT RESIST ARR W/O VIOL | Miami-Dade | Dismissed |
| 12/01/1982 | GRAND THEFT 2ND DEG CONCEALED F/A /CARRY | Miami-Dade | No Action |
| 09/13/1983 | DEADLY MISSILE/THROW ASSAULT/AGGRAVATED FIREARM/USE COMT FEL | Miami-Dade | No Action |
| 01/27/1993 | MUNICIPAL ORD VIOL RESIST ARR W/O VIOL | Miami-Dade | Dismissed |
| 07/06/2018 | TRES PROP/AFTER WARN RESIST OFF W/O VIOL | Miami-Dade | Ongoing |

**INTERROGATORY NO. 8:**        Describe in detail every grievance or complaint you or your immediate family have filed, either formally or informally, with the Miami-Dade Police Department, Miami-Dade County, the Town of Miami Lakes, the State of Florida, any entity or agent thereof, or any other government entity or agent thereof relating to Officer Rodriguez. For each grievance or complaint, provide the substance of the grievance or complaint; the date filed; the method through which it was filed; any response you received from the entity (or agents thereof) to which you grieved or complained; any action you took as a result of any response you received; and the ultimate disposition of the grievance or complaint (substantiated, unsubstantiated, or otherwise).

**RESPONSE:**

Plaintiff objects to this Interrogatory as irrelevant, unduly burdensome, and disproportionate to the needs of this case. Pursuant to the Court's April 29, 2019 Order, Plaintiff's claims are limited to the thirteen encounters with Officer Rodriguez as described in the First Amended Complaint. Whether Plaintiff has filed a complaint or grievance with respect to any Officer other than Juan Rodriguez has no bearing on the parties claims and defenses in this lawsuit.

With respect to any complaints or grievances filed with respect to Officer Rodriguez, Plaintiff will make available all relevant documents within his possession, custody, or control pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 9:** Describe in detail every grievance or complaint you or your immediate family have filed, either formally or informally, with any government entity or agent thereof pertaining to any other police officer or government official. For each grievance or complaint, provide the substance of the grievance or complaint; the name of the police officer or government official; the name of the entity with which the grievance or complaint was filed; the date filed; the method through which it was filed; any response you received from the entity to which you grieved or complained; any action you took as a result of any response you received; and the ultimate disposition of the grievance or complaint (substantiated, un-substantiated, or something else).

**RESPONSE:**

Plaintiff objects to this Interrogatory as irrelevant, unduly burdensome, and disproportionate to the needs of this case. Pursuant to the Court's April 29, 2019 Order, Plaintiff's claims are limited to the thirteen encounters with Officer Rodriguez as described in the First Amended Complaint. Whether Plaintiff has filed a complaint or grievance with respect to any Officer other than Juan Rodriguez has no bearing on the parties claims and defenses in this lawsuit.

With respect to any complaints or grievances filed with respect to Officer Rodriguez, Plaintiff will make available all relevant documents within his possession, custody, or control pursuant to Fed. R. Civ. P. 33(d).

**SUPPLEMENTAL RESPONSE:**

See **Appendix B** attached hereto.

**INTERROGATORY NO. 10:**       Describe in detail any injuries, problems, medical diagnoses, or conditions (physical or mental) that you have had since January 1, 2007.

**RESPONSE:**

Plaintiff objects to this Interrogatory as irrelevant, outside the Relevant Time Period, and disproportionate to the needs of this case. With respect to injuries that Plaintiff asserts were caused by Officer Rodriguez' harassment and retaliation, Plaintiff states that he was seen at the Memorial West Emergency Room sometime in mid-2017 for chest pains induced by stress caused by Officer Rodriguez' near-constant harassment. Plaintiff has requested the relevant medical records related to this event and will supplement these interrogatories upon receiving them.

**SUPPLEMENTAL RESPONSE:**

Plaintiff has ongoing chest pains exacerbated by stress. He has gone to the hospital on at least two occasions. On 1/14/2016, he received an AE Stress Echocardiogram w/ Contrast exam and again on 2/08/18 he went to Jackson Florida for chest pain. Additionally, pursuant to Fed. R. Civ. P. 33(d), see other medical records provided.

Plaintiff has not been diagnosed or treated for any mental health conditions, injury or problem as does not have health insurance and believes he cannot afford such services.

**INTERROGATORY NO. 11:**       List all medications that have been prescribed to you since January 1, 2007, including the name of the medication, the full name and business address of the physician who prescribed the medication, the full name and business address of the pharmacies or hospital from which you obtained the medications, the time period during which you were instructed to take the medications, and the reasons that the medications were prescribed.

**RESPONSE:**

Plaintiff objects to this Interrogatory as irrelevant and therefore unduly burdensome as well as violative of Plaintiff's Constitutional right to privacy. Plaintiff's operative claims allege that Officer Rodriguez violated 42 USC § 1983 through his retaliation and harassment against Plaintiff and his family. Whether or not Plaintiff has been prescribed medications and the nature of any such prescriptions has no bearing to any claims or defenses in this lawsuit.

**SUPPLEMENTAL RESPONSE:**

Plaintiff has not been prescribed nor has he taken any medication due to a mental condition from May 2011 through December 2018. As for his heart health, pursuant to Fed. Civ. P. 33(d),

see other medical records provided. A number of prescriptions were provided to Plaintiff due to the hospital visits detailed in response to Interrogatory #10, however, it is unclear which prescribed medicines apply specifically his heart condition and Plaintiff cannot recall the ailment each medication was prescribed to treat.

**INTERROGATORY NO. 12:** Do you contend that you suffered physical injuries as a result of the events alleged in your Amended Complaint? If so, describe each physical injury for which you are claiming you suffered damages that you attribute to Officer Rodriguez, specifying the part of your body that was injured, the nature of the injury, the person or persons who caused the injury, the specific acts that caused the injury, and, as to any injuries you contend are permanent, specifying the nature of the permanent injuries and the effects on you that you claim are permanent.

**RESPONSE:**

See response to Interrogatory No. 10, *supra*.

**INTERROGATORY NO. 13:** Do you contend that you have suffered mental, emotional or psychological harm as a result of the events alleged in your Amended Complaint? If so, and with regard to harm attributable to Officer Rodriguez, describe the specific nature of the psychological harm.

**RESPONSE:**

As a result of the Encounters alleged in the First Amended Complaint, Plaintiff has suffered great fear, emotional distress, mental anguish, mental pain, and suffering. This strain has negatively impacted Plaintiff's relationships with his wife, daughter, and relatives. Furthermore, Officer Rodriguez' harassment has caused Plaintiff to fear the police and other governmental authority figures, causing him to hesitate or refrain from reporting various misconduct, crimes committed against him, his family, and his friends and neighbors. In addition, these injuries make it difficult for Plaintiff to sustain employment and to actively participate in the day-to-day activities that he previously enjoyed.

**INTERROGATORY NO. 14:**        State the basis for the statements you made in  your Application to Proceed in District Court Without Prepaying Fees of Costs [ECT No. 3] that you "have been under a lot of pressure and stress by that Defendant's" and that you "have not been able to function properly") all errors [*sic*]).

**RESPONSE:**

See response to Interrogatory No. 13, *supra*.

**INTERROGATORY NO. 15:**        Have you ever visited, been diagnosed by, or been treated by a mental health professional, such as a psychiatrist, psychologist, therapist, or mental health facility? If so, list the names, addresses, and telephone numbers of each mental health professional and facility, the dates of treatment, and any diagnoses provided.

**RESPONSE:**

The constant harassment by Officer Juan Rodriguez has prevented Plaintiff from seeking psychological care, as Officer Rodriguez has used his position within the community and on various online fora to insinuate that Plaintiff is "crazy" or otherwise suffers from psychological disorders. Plaintiff fears that if he seeks the care of a mental health professional, Officer Rodriguez will use this information to further denigrate Plaintiff in the minds of Plaintiff's peers and neighbors, thereby inflicting greater emotional and psychological stress.

**INTERROGATORY NO. 16:**        List the names, telephone numbers, business street addresses (not post office box numbers) of each physician, psychologist, therapist, nurse, or other medical professional who has treated or examined you, and each medical facility where you have received any treatment or examination for any injury or condition sustained as a result of the events described in your Amended Complaint; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

**RESPONSE:**

As a result of Officer Rodriguez' harassment, Plaintiff has been unable to sustain employment. Accordingly, Plaintiff is and has been without health insurance during the Relevant

Time Period. Accordingly, Plaintiff is only able to seek medical care on an emergent basis and has left various medical conditions untreated. The most recent medical condition to reach such a state was the chest pain described in Response to Interrogatory No. 10, *supra*. Plaintiff has requested the relevant medical records related to this event and will supplement these interrogatories upon receiving them.

**INTERROGATORY NO. 17:** State the basis for your claim of punitive damages against Officer Rodriguez, including the specific reasons you contend that you ae entitled to such damages and any case authority that supports your claim for punitive damages against him under the circumstances and facts alleged in this case.

**RESPONSE:**

Plaintiff objects to this Interrogatory to the extent that it seeks the disclosure of Plaintiff's counsel's privilege work product.

Subject to the foregoing objection, Plaintiff states that he is entitled to punitive damages because Officer Rodriguez' has acted maliciously and wantonly in violating Plaintiff's federally protected First Amendment rights. Officer Rodriguez settled a lawsuit involving Plaintiff with near-identical Section 1983 claims on June 20, 2014. Despite his awareness that his conduct was violative of Plaintiff's First Amendment rights, Officer Rodriguez has persisted in the same conduct that resulted in the 2014 settlement, demonstrating that his conduct is either intentional or callously dismissive of the harms caused by his actions. Accordingly, in order to adequately punish Officer Rodriguez and prevent him from committing similar actions in the future, an award of punitive damages is appropriate in this case.

**INTERROGATORY NO. 18:** Identify each and every judicial proceeding with which you have been involved, including civil, criminal, family/domestic, and bankruptcy actions, and for each, identify: the style of the case; your status as plaintiff, defendant, or witness; the case number; jurisdiction; judge; a general description of the subject matter of the case; your involvement in the case; and the disposition of the case, if any, including any monetary compensation received by you or any party to any civil or family/domestic case; any judgments imposed on you or any party with whom you are, or were, affiliated in any civil or family/domestic

case; or any convictions, sentences, or injunctions imposed on you or any party with whom you are, or were, affiliated in any criminal or family/domestic case.

**RESPONSE:**

Plaintiff objects to this Interrogatory as irrelevant and disproportionate to the needs of this case. Plaintiff's operative claims allege that Officer Rodriguez violated 42 USC § 1983 through his retaliation and harassment against Plaintiff and his family. Whether or not Plaintiff has had been involved in prior civil or criminal judicial proceedings is immaterial to either parties claims or defenses, and the only logical inference to be drawn from this Interrogatory is that Defendant intends to use any such information in a fashion violative of the Federal Rules of Evidence.

Subject to the foregoing objection, Plaintiff states that he previously filed a lawsuit pursuant to 42 USC § 1983 against several of the same Defendants previously named in this lawsuit, including Officer Rodriguez. That case was filed in the District Court for the Southern District of Florida and was styled *Abella v. Simon*, Case No. 11-cv-20152. Officer Rodriguez ultimately settled the claims asserted against him for a cash payment of $20,500.

**INTERROGATORY NO. 19:**    Do you have any social media accounts (including but not limited to Facebook, Twitter, Instagram, YouTube, Reddit, LinkedIn, 4chan, Tumblr, Google+, MySpace, Flickr, Pinterest)? If so, please indicate which accounts you have, the date on which the account was created and whether you have ever deleted any data from any account for any reason.

**RESPONSE:**

- Twitter: @abella_gus
- Facebook: Gus Abella, Justice4meNu
- YouTube: Justice4meNu

At this time, Plaintiff is unaware of the date on which each account was created and cannot recall whether any data has ever been deleted from these accounts.

**SUPPLEMENTAL RESPONSE:**

Plaintiff has confirmed that he does not have a Facebook account profile for Justice4meNu, and that his only Facebook profile is Gus Abella. Plaintiff only created an account profile named Justice4meNu on YouTube.

**INTERROGATORY NO. 20:**   List the names, business addresses, telephone numbers, and rates of pay for all employers for whom you have worked in the past 10 years (including self-employment), the dates you worked for each employer, your position, and the name(s) of each of your supervisor(s).

**RESPONSE:**

Plaintiff objects to this Interrogatory to the extent is seeks information outside of the Relevant Time Period. In light of the foregoing objection, Plaintiff states that he owned and operated the following business:

Orange Driving School, LLC
7400 Miami Lakes Drive, Apt. D108
Miami Lakes, FL 33014
Self-employed with variable rate of pay. Plaintiff would typically receive $350 per student package completed.
Dates worked: 2013-2018

**SUPPLEMENTAL RESPONSE:**

**Orange Driving School, LLC**

7400 Miami Lakes Drive, Apt. D108
Miami Lakes, FL 33014

Self-employed with variable rate of pay. Plaintiff would typically receive $350 per student package completed.

Dates worked: 2011-2018

**Blanco Driving School**
Dates worked: on an as needed basis between 2012 and 2013.

Address in 2012: 5600 S.W. 135TH Ave., #110, Miami, FL 33183
Address in 2013: 7400 Miami Lakes Dr., Apt. D-108, Miami Lakes, FL 33014

Position in 2012: Driving Instructor
Position in 2013: Vice President/Driving Instructor

Rates of pay would vary, but the following amounts are Plaintiff's yearly gross receipts.
In 2012, gross income: 12,200.00
In 2013, gross income: 12,620.00

Name of supervisor: Rodrigo Arias

**INTERROGATORY NO. 21:**      Itemize your monthly income and expenses, including outstanding debts and debt payments. For all outstanding debts you have of $500 or more, include the nature of the debt, the date the debt was accrued, the amount outstanding, and the name and address of the creditor.

**RESPONSE:**

Plaintiff objects to this Interrogatory as irrelevant, harassive, and disproportionate to the needs of this case. Plaintiff's operative claims allege that Officer Rodriguez violated 42 USC § 1983 through his retaliation and harassment against Plaintiff and his family. Plaintiff's monthly income and expenses, as well as his outstanding debts and debt payments are not material to the parties' claims or defenses in this lawsuit, nor does it relate to the damages available to Plaintiff should Officer Rodriguez be found liable for his continued violation of Plaintiff's First Amendment Rights.

**INTERROGATORY NO. 22:**      State whether you or your immediate family have applied for any federal, state or local government benefits (e.g., disability, unemployment, supplemental nutrition assistance, Medicare, Medicaid, Social Security Disability ("SSD") and/or Supplemental Security In-come ("SSI") benefits etc.), including the status of your application (i.e., whether it was accepted or rejected) and the monetary value of the benefits received on a monthly basis. If applicable, please state your Medicare Health Insurance Claim Number (HICN) and any other applicable claim or matter reference number(s), as well as the corresponding entitlement date(s). Please include in your answer, the nature/type of benefits received (i.e., Medicare Part A, Medicare Part B, Medicare Part C, Medicare Part D, Medicaid, SSD, SSI, etc.); the cause, basis or reason for each/any of those benefits; the date(s) each/any of those benefits were received; the amount received for each/any of those benefits, per date; and your current status as a Medicare, Medicaid, Social Security Disability, and/or Supplemental Security Income recipient, and/or recipient of any other government benefit of any kind.

**RESPONSE:**

Plaintiff objects to this Interrogatory as irrelevant, harassive, and disproportionate to the needs of this case. Plaintiff's operative claims allege that Officer Rodriguez violated 42 USC § 1983 through his retaliation and harassment against Plaintiff and his family. Whether or not Plaintiff and members of his family have applied for or receive government assistance has no bearing on the parties' claims or defenses in this lawsuit, nor does it relate to the damages available to Plaintiff should Officer Rodriguez be found liable for his continued violation of Plaintiff's First Amendment Rights.

Subject to the foregoing objections, Plaintiff states that he currently receives Social Security Early Retirement Benefits in the amount of $685 per month.

**INTERROGATORY NO. 23:**     With respect to any Request for Admission that you have denied, state the complete factual basis for your denial, including the identity of any individuals (witnesses by name, address, and telephone number) or documents upon which your denial is based.

**RESPONSE:**

*See* Plaintiff's Responses to Officer Rodriguez' Requests for Admission.

**INTERROGATORY NO. 24:**     Identify all documents you relied upon to answer these Interrogatories, specifically identifying which documents pertain to which Interrogatories.

**RESPONSE:**

Plaintiff has reviewed his tax returns from 2014-2018 in order to respond to Interrogatories 20 and 22.

Dated: August 9, 2019.                              Respectfully submitted,

/s/ Eric S. Boos
Eric S. Boos
Florida Bar No.: 0107673

eboos@shb.com
**SHOOK, HARDY & BACON L.L.P.**
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305.358.5171

Anne-Solenne Rolland
Florida Bar No. 99631
arolland@leelawfirm.com
**LEE,   HERNANDEZ,   LANDRUM   &
CARLSON,   APC**
100 Biscayne Boulevard, Suite 605
Miami, Florida 33132
Telephone: (305) 377-2323

*Counsel for Plaintiff Gustavo Abella*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of August, 2019, I caused the foregoing to be electronically served all counsel of record via email as indicated by the Service List below.

*/s/ Eric S. Boos*
Eric S. Boos

## SERVICE LIST

Zachary Edward Vosseler
**Miami-Dade County Attorney's Office**
111 N.W. 1st Street, Suite 2810
Miami, FL 33128
(305) 375-5151
Email: zach@miamidade.gov

*Counsel for Defendant Miami-Dade County
and Officer Juan F. Rodriguez*

# Appendix A

**Supplemental Response to Interrogatory No. 5:**

1. **May 17, 2016:**

   a) On May 17, 2016 at 3:30 p.m., DEFENDANT OFFICER RODRIGUEZ appeared outside MR. ABELLA's residence and followed MR. ABELLA as he was exiting his Condominium Complex, located at 7400 Miami Lakes Dr. At the time, Mr. Abella was exhibiting and displaying a political sign on his vehicle that read:  "Town of Miami Lakes TOWN MANAGER ALEX REY is Corrupt.  You TUBE: Justice 4 MEnU".

   Rodriguez followed Abella for a few blocks on Miami Lakes Drive going East. There was no communication at that time.

   b) The same day, May 17, 2016 at 5:00 p.m., as MR. ABELLA was parked across the street of his residence displaying the political sign on his vehicle for the community to read the sign that read "Town of Miami Lakes TOWN MANAGER ALEX REY is Corrupt. You Tube: Justice4MEnU" DEFENDANT OFFICER RODRIGUEZ drove by  and slowed down and told MR. ABELLA to remove the political sign off his car or he would be given a citation.  Also, DEFENDANT OFFICER RODRIGUEZ told MR. ABELLA to stop the flyer complaint or end up being arrested.

   c) The same day May 17, 2016 at 5:25 p.m. OFFICER  RODRIGUEZ, while in his police car, out of retaliation for MR. ABELLA exercising his First Amendment rights returned with numerous other police officers.  3 patrol cars came and one of the officers came to Abella's car and stated that he received a phone call that Abella was parked on the sidewalk and should move his vehicle.  Abella was inside the car.  The patrol cars parked about 20 feet away inside the shopping center near Abella's car.  Rodriguez and the other officer stayed by their patrol cars.

   d) The same day May 17, 2016 at 6:50 p.m., as MR. ABELLA exited his home in his vehicle and went across the street to "Mc Donald's" OFFICER  RODRIGUEZ told MR. ABELLA that not only would he issue a Citation to MR. ABELLA if he did not remove the political sign but would have MR. ABELLA arrested.  As MR. ABELLA took out his phone DEFENDANT OFFICER RODRIGUEZ sped off.

**2. June 8, 2016:**

I am traveling southbound on N.W. 57th Avenue and as I am approaching N.W. 159 Street I noticed that Officer Rodriguez is to my right driving behind me, in his official vehicle No. 3405A, and by the time I get my cell to record, he continues to drive by my side on the west side of Opa Locka Airport. I was going to make a right up ahead on N.W. 154 Street to go home and to avoid him I continued to go straight.

Point of Reference. I live at 7400 Miami Lakes Dr. (same as N.W. 154 Street)

**3.   June 29, 2016**

As I am exiting my condominium complex through the west exit on Miami Lakes Dr. (same as N.W. 154 Street) and trying to make a left on Miami Lakes Dr., going West, I noticed a police car that was standing about 50 ft. west on the intersection and as I am ready to make the left the police car accelerated and blocked the intersection and then noticed it was Officer Rodriguez in his official car No. 3405A.  This official car is the one assigned to him.  It took around 5 minutes.  There was no exchange of words between myself and Rodriguez at the time.

**4.   September 13, 2016**

On September 13, 2016 at 2:44 p.m., as I was leaving my home located at 7400 Miami Lakes Dr. (same as N.W.  154 Street), through Miami Lakeway South, Defendant Rodriguez appeared outside my residence and followed me in his police vehicle all the way to my bank, CHASE BANK, 14045 N.W.  67th Ave., Miami Lakes, FL 33014.  Rodriguez followed me in his police vehicle for around a 1 ½ mile.  This took approximately around 5-8 minutes.

**5.   September 15, 2016:**

On September 15, 2016 at 2:44 as I left my home located at 7400 Miami Lakes Dr., going West on Miami Lakes Dr. to the entrance ramp to the Palmetto Expressway heading South. I noticed by the N.W. 77 Ave. and Miami Lakes Drive that Defendnat Rodriguez was following me.   Rodriguez followed Abella for around 7 minutes.

**6.  Encounter 5 (sometime between September and October 2016):**

On September 16, 2016 Abella read an article in the Miami Laker Community Newspaper about the candidates' profile who were running for the Town of Miami Lakes Council, and a candidate, Mrs. Elizabeth Delgado, stated to MR. ABELLA that she was an Assistant State Attorney and as an Assistant Attorney General, she decided herself to protect the people of Florida by insuring "our" Constitution was followed and that the public was protected from violent criminals.

MR. ABELLA contacted Mrs. Elizabeth Delgado and shared with her how he and his family are being punished by a Town of Miami Lakes official for voicing his constitutional rights and engaging in a conduct protected by the First Amendment. MR. ABELLA, in hopes for better honest Government for Miami Lakes asked Mrs. Delgado if he could volunteer to help her in her campaign and she said yes.  ABELLA was given T-Shirts and political magnetic signs and ABELLA placed them on his car.

ABELLA would leave his home with the political signs in support of Mrs. Delgado on his car Rodriguez would appear at different times following Abella throughout Miami Lakes harassing and intimidating ABELLA making hand gestures at Abella.  Abella knew it was Rodriguez because of the patrol car.  Rodriguez followed Abella for around 5-7 blocks.  Not conversation and/or shouting took place.

On October 27, 2016 at 10:00 a.m. MR. ABELLA went to help Mrs. Delgado for early voting at Precinct #352, located at Community Center at 15151 N.W. 82 Ave., Miami Lakes, FL 33016. Several Town of Miami Lakes Officials approached MR. ABELLA and advised him not to support Mrs. Delgado and ABELLA ignored them. Among the people was then candidate now Councilmember Luis Collazo.

On October 27, 2016 at 11:00 a.m. Mrs. Delgado received a phone call and in a rush went to tell ABELLA that she has just received a phone call from a very trusted source that the TOWN MANAGER ALEX REY was in his way to this Precinct # 352 to have him arrested.  Mrs. Delgado looked very nervous, pale and shaking.  She looked fearful that something big was going to happen.  Mrs. Delgado stated to MR. ABELLA that it would be better for him to leave.

On October 27, 2016 at 11:20 a.m. TOWN MANAGER ALEX REY arrived at Precinct # 352, Community Center located at 15151 N.W. 82 Ave., and circled the area where  MR. ABELLA had been standing since earlier holding the political signs for Mrs. Delgado, realizing and knowing what the TOWN MANAGER ALEX REY was up to Mrs. Delgado came quickly, she was very nervous and in fear; she then told ABELLA that she did not want to see him getting arrested and advised him to please leave and ABELLA immediately, out of fear of unjustly being arrested had no choice but to leave.

**7.  December 6, 2016:**

On December 6, 2016 at 2:10 p.m. as ABELLA left his residence at 7400 Miami Lakes Dr. and is going West on Miami Lakes Dr. in the left lane when Abella noticed Rodriguez driving first in back of Abella's vehicle and then Rodriguez changing lanes to the right and trying to catch up to Abella shouting at ABELLA almost causing a terrible automobile accident when he stopped suddenly close to Miami Lakes Dr. and 77 Ct. Abella knew it was Rodriguez because he had the driver's window down and he was shouting at Abella while driving.  Rodriguez followed Abella for about 3 minutes, from the N.W. 7400 to 77 Ct. in Miami Lakes Dr.

**8. January 10, 2018:**

On January 10, 2018 at 9:22 a.m. as MR. ABELLA was leaving his residence located at 7400 Miami Lakes Dr. throughout Miami Lakeway South, for around 4-5 minutes and approximately 1 mile, when RODRIGUEZ appeared in his patrol car No. 3405A on Miami Lakes Dr. and followed and harassed ABELLA to the bank, CHASE BANK located at 14045 N.W. 67 Ave., Miami Lakes, FL 33014, making hand gestures while driving on Miami Lakes Dr.

**9.  January 11, 2018:**

On January 11, 2018 at 8:30 a.m. as MR. ABELLA was leaving his residence located at 7400 Miami Lakes Dr., he noticed RODRIGUEZ appeared and followed MR. ABELLA until MR. ABELLA exited Miami Lakes.  Rodriguez was in his patrol car No. 3405A and followed Abella for around.

**10. February 6, 2018:**

On February 6, 2018 at 9:30 a.m. Abella was leaving his condo complex on Miami Lakes Drive going West and noticed that Rodriguez was behind his vehicle.  Rodriguez was in his patrol car No. 3405A and followed Abella to the bank CHASE located at 14045 NW 67 Ave., Miami Lakes, FL 33014.  Abella was making a left on Lake Patricia Dr. to go to the Drive Thru and Rodriguez made the following left to go inside north entrance of the shopping center and starts circling around the parking lot.  Rodriguez drove toward the front of the Drive Thru where Abella was to make sure that Abella could see him.  Rodriguez is just harassing, stalking and intimidating Abella.  Rodriguez leaves thru the south side of the parking lot.

From the time that Rodriguez starts following Abella to the time he leaves the parking lot where Abella's bank is located 10 minutes has passed approximately.

**11. March 1, 2018:**

On March 1, 2018 at 4:38 p.m. RODRIGUEZ followed ABELLA until MR. ABELLA pulled into his home.

**12. March 7, 2018:**

On March 7, 2018 at 4:12 p.m. Abella's daughter is exiting the condominium complex located at 7400 Miami Lakes Dr. going East to make a U-Turn on Miami Lakes Dr. by McDonald's to go West in the same Miami Lakes Dr. (same as N.W. 154th Street) to get on the Palmetto Expressway on N.W. 77 Ave. to go to Fort Lauderdale. Rodriguez is in his patrol car No. 3405A.

Abella noticed that he had a police car following on the back left side and as the police car drove parallel to Abella he noticed it was Rodriguez. Rodriguez followed, harassed, and intimidated not just Abella but also his daughter making hand gestures toward them. Rodriguez has the passenger side window rolled down and is recording with his cell phone toward Abella and his daughter. Abella's daughter is the one driving the vehicle and Rodriguez did not stop his intimidation, harassing and stalking in consideration with Abella's daughter. Rodriguez followed them for 3 1/2 blocks more or less.

There was no conversation and/or shouting, just hand gestures and Rodriguez videotaping and/or taking pictures.

**13. October 4, 2018:**

On October 4, 2018 at 8:25 p.m. as MR. ABELLA exited his residence located at 7400 noticed that a police car was coming from West to East on Miami Lakes Dr.  Abella goes East and now has the police car on the left side and then Rodriguez passed Abella and noticed that it was Rodriguez in his patrol car No. 3405A.  Rodriguez followed Abella for 5 blocks.  Abella was followed for around 2 minutes.

# Appendix B

**Supplemental Response to Interrogatory No. 9:**

1. February 12, 2016 @ 9:38 a.m. Abella's wife sent an email to PCB, gaperez@mdpd; jdpatterson; alex rey RE: Miami Lakes Police Officer Juan f. Rodriguez Badge # 4504.

   Abella's wife states in her email that Rodriguez has been harassing and intimidating her husband, Gustavo Abella, for the second time this week. Officer Juan F. Rodriguez is acting in his capacity as a Miami Lakes Police Officer while harassing, being in a marked Miami Lakes police car, carrying a gun and a badge.

   This email is officially documenting Miami Lakes Police Officer Juan F. Rodriguez's new campaign for harassment and intimidation against her husband. She sked that they do not let this situation continue and stop Rodriguez now before it gets even worst as it happened with the Federal Case # 11-20152-cv-Altonaga/Simonton.

   Abella's wife does not recall ever getting a response from this complaint.

2. On October 5th, 2016, while the Abella family attended an event regarding Climate Change at New World Symphony in Miami Beach, Abella had the opportunity to speak for a good amount of time with Miami Dade County Mayor, Carlos Gimenez, requesting him to please investigate Officer Rodriguez for all the wrong doing he has done to Abella and his family. Mayor Gimenez seemed concerned and requested to Abella to go to his office after the elections and he did.

   Abella went a couple of times and spoke with Mayor Gimenez's secretary and they said they would get back to him and until this day Abella has not received any response.

3. Oct. 26th, 2016. Abella sent an email to MDPD Director, Juan J. Perez RE: Town of Miami Lakes Manager Alex Rey Criminal cover up.

   Abella states that he has plenty of evidence and that will prove that Alex Rey and Rodriguez have obstructed, fabricated and falsified police reports; they have threatened, harassed, abused the position and official misconduct, have committed perjury, intimidation, retaliation and violation of rights by Alex Rey and Juan Rodriguez.

   Asking Alex Rey and Juan f. Rodriguez to do a polygraph.

   On October 26th, 2016 @ 12:44, Abella sent an email to MDPD Director Juan J. Perez RE: Town of Miami Lakes Manager Alex Rey Criminal Cover up.

   Abella does not recall if anybody answered him.

4. On November 7th, 2016 @ 11:31 p.m. RE: MDPD Director Juan J. Perez view the Evidence. Abella sent an email to Juan J. Perez, MDPD, requesting to review all the

evidence that will prove that Rodriguez and Alex Rey and a few others from the Town of Miami Lakes Government continue to commit a crime against Abella and his family.

5. January 17, 2016 @ 8:03 p.m.  RE: How much more fucken abuse should I take 2007-2018.   Abella sent an email to MDPD Director Juan J. Perez, Miami Dade State's Attorney's Office and PCB stating that since 2007 Abella has gone to Internal Affairs over and over with what Rodriguez criminally continues to do to Abella and his family and they have stated that they find nothing wrong and ends up being a contact report.

6. On January 25th, 2018 Abella went to U.S. Senator Marco Rubio's office at El Doral and filed out a form against Rodriguez and they stated to him that they will send it to the proper department.

   On May 2018 Abella received a letter dated May 21st, 2018 stating that by communication dated February 8th, 2018, Marco Rubio forwarded Abella's correspondence to the DOJ, which was subsequently referred to the FBI for reply.  The complaint was in reference to the abuse by public officials.

   Also, the letter states that their records show that their Miami Field Office reviewed Abella's complaint and did not identify any violation.

7. March 11th, 2018 @ 8:11 p.m.  Email sent to MDPD Sgt. Guillermo Delgado and copy to Director Juan J. Perez RE:  Miami Dade Police continues Cover Up 2007-2018 For the Record.

   Abella thanks Delgado for contacting him in reference to 1 out of many complaints that have been filed against Rodriguez.  Also stating that Director of the MDPD, Juan J. Perez, has had full knowledge of everything Rodriguez has been doing to him and his family and continues to brush it off.

8. September 14th, 2018 @ 9:30 a.m.  Abella sent an email to MDPD Director, Town of Miami Lakes Mayor and Councilmembers, FBI, and the media RE: Town of Miami Lakes Police Juan F. Rodriguez and Manager Alex Rey are Criminals.

   Email states that with an unobstructed criminal investigation it will clearly prove that Miami Dade Police Officer Juan F. Rodriguez, and Town Manager Alex Rey, Nancy Simon, have unlawfully committed at taxpayer's expense against Abella and his family.

9. September 21st, 2018 @ 1:39 p.m. Abella sent an email to MDPD Director Juan J. Perez with copy to the MIAMI FBI RE: FACT. Abella details how Rodriguez went as a star witness in the restraining order that Alex Rey filed against Abella.

10. September 24th, 2018 @ 11:47 a.m. Abella sent an email to MDPD Director RE This is not a case for Internal Affairs, This is Criminal. Abella sent the email stating that all complaints made against Rodriguez take so long at Internal Affairs and they get buried as contact reports. He also states that he is going to prove with all the evidence he has that Rodriguez has criminally committed against him and his family.

11. From June 2016 – August 11th, 2016 @ 2:34 p.m. Abella was in contact with the office of the U.S. Congressman Mario Diaz Balart (FL-25) through emails complaining about the misconduct committed by Officers and City Officials in Miami, FL. Abella went in person to complain.

On August 2016, Abella received a letter from U.S. Congressman Mario Diaz Balart stating that he received a response from the U.S. Department of Justice. The Letter from the U.S. Dept. of Justice states that they take allegations of criminal conduct very seriously. They recommended that if Abella has evidence of a violation of federal criminal law, he should provide it to the FBI, the FBI is the investigative arm of the Department.

Abella did as the DOJ recommended and went to the FBI office located in Miramar with plenty of evidence. As he got there and showed the Security Guard the letter from the U.S. Congressman and from the DOJ the Security Guard proceeded to make a phone call and when he hung up he stated to Abella that "If he did not leave they will charge him for trespassing." Immediately Abella contacted U.S. Congressman Ballart's office and spoke to Gisselle Reynolds, Director of Constituent Services, so she can listen to what the Security Guard was telling him. Ms. Reynolds told Abella to go across the street and she will call some friends that were FBI Special Agents at this office so they could help him. Abella did as Ms. Reynolds told him and waited around 45 minutes and got a phone call from Ms. Reynolds telling him to go back to the FBI office that they were going to listen to him. Abella was seen by a FBI Agent, he listened to Abella and took notes and when Abella wanted to handed him the evidence the FBI Agent stated to Abella that he will get back to him. The meeting was done and over right there.

**STATE OF FLORIDA**

**COUNTY OF MIAMI-DADE** } SS

Before me, the undersigned authority, personally appeared _Gustavo Abella_, who swears and deposes that he has read the Answers to Interrogatories and that same are true and correct to the best of his knowledge and belief.

_Gustavo Abella_
GUSTAVO ABELLA

Sworn to and subscribed before me at _Miami Lakes_, Miami-Dade County, Florida, this _09th_ day of _August_, 2019, by _Gustavo Abella_.

___ Who is personally known to me

✓ Who produced identification: _FL Driver License_
Type of identification

_Adriana C Perez_
Signature of Notary Public
State of Florida at Large

_Adriana C Perez_
Print, type, or stamp name of Notary Public

My Commission Expires: _04-07-2020_



ADRIANA C. PEREZ
Notary Public - State of Florida
Commission # FF980353
My Comm. Expires Apr 7, 2020